MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DMITRY BORODAENKO and ABHIJIT MEHTA, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 4:22-cv-07226-HSG<br><br>**DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      April 20, 2023<br>Time:      2:00 p.m.<br>Judge:    Hon. Haywood S. Gilliam, Jr. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 20, 2023, at 2:00 p.m. or as soon thereafter as may be heard in Courtroom 2 on the 4th Floor of the United States Courthouse, located at 1301 Clay Street, Oakland, California 94612, Defendant Twitter, Inc. ("Twitter"), will, and hereby does, move this Court pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(f) for an order dismissing and/or striking the First Amended Complaint for failure to state a claim upon which relief can be granted and/or including redundant, immaterial, impertinent, or scandalous matter, based on the following grounds:

1.     Plaintiffs' first and second causes of action for discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. and the California Fair Employment and Housing Act, Gov. Code § 12940 fail to state a claim because Plaintiffs do not allege that they exhausted their administrative remedies pursuant to 42 U.S.C. § 2000e-5(f)(1) and California Government Code § 12960.

2.     Plaintiffs' first and second causes of action for discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. and the California Fair Employment and Housing Act, Gov. Code § 12940 fail to state a claim because Plaintiffs do not allege facts sufficient to support a plausible disparate treatment claim.

3.     Plaintiffs' first and second causes of action for discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. and the California Fair Employment and Housing Act, Gov. Code § 12940 fail to state a claim because Plaintiffs do not allege facts sufficient to support a plausible disparate impact claim.

4.     Plaintiffs' third and fourth causes of action for violation of the Family Medical Leave Act and the California Family Rights Act fail to state a claim because Plaintiff Borodaenko does not have standing to prosecute these claims because he does not allege that he took or planned to take FMLA or CFRA leave and Plaintiff Mehta cannot prosecute these claims because he must be compelled to individual arbitration only as to all of his claims against Twitter.[1]

5.     Plaintiffs' fifth cause of action for relief pursuant to the Declaratory Judgment Act,

---

[1] Twitter has concurrently filed a separate motion to compel arbitration as to Plaintiff Mehta.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-CV-07226

1   28 U.S.C. §§ 2201-02 fails to state a claim because there is no viable "case or controversy"

2   between the parties.

3         6.      Plaintiffs' putative class claims fail to state a claim on a class action basis and

4   should be dismissed and/or stricken because Borodaenko cannot serve as a class representative

5   where he did not suffer the same injury as class members.

6         7.      Plaintiffs' putative class claims fail to state any claim on a class action basis and

7   should be dismissed and/or stricken because Plaintiffs does not set forth allegations that plausibly

8   support that Borodaenko is similarly situated to the putative classes that he purports to represent

9   and can establish the requisite elements of F.R.C.P. Rule 23.

10        8.      Plaintiffs' putative class claims fail to state any claim on a class action basis and

11  should be dismissed and/or stricken because Plaintiffs do not set forth allegations that define an

12  ascertainable class.

13        9.      Plaintiffs' putative class claims fail to state a claim on a class action basis and

14  should be dismissed and/or stricken because Plaintiffs fail to allege facts demonstrating that

15  Borodaenko's alleged disability discrimination claims are common or typical of the putative

16  class.

17        The Motion to Dismiss and Motion to Strike are based on this Notice of Motion, the

18  Memorandum of Points and Authorities, the pleadings on file herein and such arguments and

19  admissible evidence as may be presented at the time of hearing.

20  Dated: December 21, 2022                MORGAN, LEWIS & BOCKIUS LLP

21

22                                    By   */s/ Eric Meckley*

23                                        Eric Meckley

24                                        Brian D. Berry
                                          Ashlee N. Cherry

25                                        Kassia Stephenson
                                          Attorneys for Defendant

26                                        TWITTER, INC.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-CV-07226

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................... 1

II.    RELEVANT FACTUAL BACKGROUND ................................................................... 3

    A.     Plaintiff Dmitry Borodaenko's Claims. ............................................................ 3

    B.     Plaintiff Abhijit Mehta's Claims. ...................................................................... 4

    C.     Procedural History ............................................................................................. 4

III.   LEGAL STANDARD .................................................................................................... 5

    A.     Legal Standard for Motion to Dismiss Under Rule 12(b)(6). ............................ 5

    B.     Legal Standard for Motion to Strike Under Rule 12(f) ...................................... 5

IV.    ARGUMENT ................................................................................................................. 6

    A.     Plaintiffs Fail to State a Claim for Discrimination Under the ADA or
        FEHA. ................................................................................................................. 6

        1.     Plaintiffs Fail to Allege that They Have Exhausted Their
            Administrative Remedies, a Jurisdictional Prerequisite to Seeking
            Relief in this Court. ................................................................................ 6

        2.     The FAC Fails to Plead Facts Sufficient to Support a Plausible
            Disparate Treatment Claim. .................................................................... 8

        3.     The FAC Fails to Plead Facts Sufficient to Support a Plausible
            Disparate Impact Claim .......................................................................... 10

    B.     Plaintiff Borodaenko Lacks Standing to Prosecute FMLA or CFRA
        Claims. ............................................................................................................... 11

    C.     Plaintiffs' Fifth Claim for Relief Under to the Declaratory Judgment Act
        Should Be Dismissed. ....................................................................................... 13

    D.     Plaintiffs' Putative Class Action Claims Should Be Dismissed or Stricken ........ 14

        1.     Borodaenko Cannot Serve as a Class Representative Because He
            Did Not Suffer the Same Injury as Putative Class Members. ................... 14

        2.     Borodaenko Fails to Plead Facts That Plausibly Suggest He is
            Similarly Situated to Every Disabled Employee at Twitter. ..................... 15

        3.     Plaintiffs' Putative Class Action Claims Should be Dismissed or
            Stricken Because No Ascertainable Class Has Been Pled. ....................... 16

        4.     Plaintiffs' Putative Disability Discrimination Class Action Claims
            Should be Dismissed or Stricken Because Plaintiffs' Allegations are
            Not Common or Typical of the Putative Class. ....................................... 18

V.     CONCLUSION .............................................................................................................. 20

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-CV-07226

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Adobe Systems, Inc. Privacy Litigation*,
66 F.Supp.3d 1197 ............................................................................................... 13

*Aetna Life Ins. Co. v. Haworth*,
300 U.S. 227 (1937) ............................................................................................. 13

*Am. Fed'n of State, Cty., & Mun. Emps., AFL-CIO (AFSCME) v. State of Wash.*,
770 F.2d 1401 (9th Cir. 1985) ............................................................................... 9

*Apple Inc. v. VoIP-Pal.com, Inc.*,
506 F.Supp.3d 947 (N.D. Cal. 2020) .................................................................. 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................... 5, 9, 15

*Ayala v. Frito Lay, Inc.*,
263 F. Supp. 3d 891 (E.D. Cal. 2017) ................................................................. 10

*Baker v. City of San Diego*,
463 F. Supp. 3d 1091 (S.D. Cal. 2020) ............................................................... 11

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1988) ................................................................................. 5

*Bates v. United Parcel Service, Inc.*,
511 F.3d 974 (9th Cir. 2007) ............................................................................... 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................... 5, 9, 15

*Brazil v. Dell Inc.*,
585 F.Supp.2d 1158 (N.D. Cal. 2008) ................................................................ 17

*Bush v. Vaco Tech. Servs., LLC*,
No. 17-CV-05605-BLF, 2018 WL 2047807 (N.D. Cal. May 2, 2018) ........... 15, 16

*Bush v. Vaco Tech. Servs., LLC*,
No. 17-CV-05605-BLF, 2019 WL 3290654 (N.D. Cal. July 22, 2019) ............... 16

*Califano v. Yamasaki*,
442 U.S. 682 (1979) ............................................................................................. 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-CV-07226

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Crane v. Chevron U.S.A. Inc.*,
No. 119CV000805DADJLT, 2020 WL 1046835 (E.D. Cal. Mar. 4, 2020) ......................... 13

*Daniel F. v. Blue Shield of California*,
305 F.R.D. 115 (N.D. Cal.2014) ................................................................................... 17

*Dinh Nguy v. County of Yolo*,
No. 2:14-CV-229-MCE-EFB, 2014 WL 4446829 (E.D. Cal. Sept. 9, 2014) ........................ 13

*Dudley v. Dep't of Transp.*,
90 Cal. App. 4th 255 (Cal. Ct. App. 2001) .................................................................... 12

*East Tex. Motor Freight System, Inc. v. Rodriguez*,
431 U.S. 395 (1977) ......................................................................................................... 14

*EEOC v. Farmer Bros. Co.*,
31 F.3d 891 (9th Cir. 1994) ............................................................................................. 6

*Enoh v. Hewlett Packard Enter. Co.*,
2018 WL 3377547 (N.D. Cal. July 11, 2018) ............................................................... 11

*Escriba v. Foster Poultry Farms, Inc.*,
743 F.3d 1236 (9th Cir. 2014) ........................................................................................ 12

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517
(1994) ............................................................................................................................... 5

*Freyd v. University of Oregon*,
990 F.3d 1211 (9th Cir. 2021) ........................................................................................ 10

*Gillespie v. Cracker Barrel Old Country Store Inc.*,
No. CV-21-00940-PHX-DJH, 2021 WL 5280568 (D. Ariz. Nov. 12, 2021),
reconsideration denied, No. CV-21-00940-PHX-DJH, 2022 WL 194532 (D.
Ariz. Jan. 21, 2022) ........................................................................................................ 12

*Gray v. Golden Gate Nat. Recreational Area*,
279 F.R.D. 501 (N.D. Cal. 2011) ........................................................................... 17, 19

*Guz v. Bechtel Nat. Inc.*,
24 Cal. 4th 317 (2000) ..................................................................................................... 8

*Harris v. City of Orange*,
682 F.3d 1126 (9th Cir. 2012) .......................................................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-CV-07226

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page(s)**

3    *Hazen Paper Co. v. Biggins*,
         507 U.S. 604 (1993) ....................................................................................................... 8
4

     *Holloway v. Best Buy Co.*,
5        No. C–05–5056 PJH, 2009 WL 1533668 ...................................................................... 6

6    *Hovsepian v. Apple, Inc.*,
         2009 WL 5069144 (N.D. Ca. Dec. 17, 2009) ............................................................... 6
7

8    *Ileto v. Glock, Inc.*,
         349 F.3d 1191 (9th Cir. 2003) ....................................................................................... 5
9

10   *Int'l Bhd. of Teamsters v. United States*,
         431 U.S. 324 (1977) ..................................................................................................... 10

11   *Johnmohammadi v. Bloomingdale's, Inc.*,
         755 F.3d 1072 (9th Cir. 2014) ..................................................................................... 12
12

13   *Johnson v. City of Loma Linda*,
         24 Cal.4th 61 (2000) ...................................................................................................... 6
14

15   *Jones v. Lewis*,
         2020 WL 6149693 (N.D. Cal. Oct. 20, 2020) .............................................................. 10
16

     *Jue v. Costco Wholesale Corp.*,
17       No. C 10–00033–WHA, 2010 WL 889284 (N.D. Cal. Mar. 11, 2010) ........................ 15

18   *Jumaane v. City of Los Angeles*,
         241 Cal. App. 4th 1390 (2015) .................................................................................... 10
19

20   *LeDuc v. Kentucky Central Life Ins. Co.*,
         814 F. Supp. 820 (N.D. Cal. 1992) ................................................................................ 5
21

22   *Lee v. Delta Air Lines Inc.*,
         No. CV208754CBMJEMX, 2021 WL 5990162 (C.D. Cal. June 2, 2021) .............. 12, 13

23   *Liu v. Uber Technologies Inc.*,
         551 F.Supp.3d 988 (N.D. Cal. 2021) ....................................................................... 10, 11
24

25   *Lujan v. Defenders of Wildlife*,
         504 U.S. 555 (1992) ..................................................................................................... 11

26   *Mahler v. Jud. Council of Cal.*,
         67 Cal. App. 5th 82 (2021) ....................................................................................... 10, 11
27

28

iv

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-CV-07226

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ........................................................................................ 13, 14

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*,
436 F. Supp. 2d 1095 (C.D. Cal. 2006) ................................................................ 5

*Miller v. United Airlines, Inc.*,
174 Cal.App.3d 878 (1985)................................................................................... 7

*Minor v. Fedex Office & Print Services, Inc.*,
182 F.Supp.3d 966 (2016)................................................................................. 6, 7

*Minor v. Fedex Office & Print Services, Inc.*,
78 F.Supp.3d 1021 (2015)................................................................................... 6

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009)............................................................................... 9

*Personnel Adm'r of Massachusetts v. Feeney*,
442 U.S. 256 (1979), aff'd, 678 F.3d 1075 (9th Cir. 2012) ................................ 9

*Rhodes v. Adams & Assocs., Inc.*,
817 F. App'x. 508 (9th Cir. 2020) ...................................................................... 8

*Rivera v. United States Postal Service*,
830 F.2d 1037 (9th Cir.1987), cert. denied, 486 U.S. 1009, 108 S.Ct. 1737, 100
L.Ed.2d 200 (1988) ............................................................................................. 8

*Senne v. Kansas City Royals Baseball Corp.*,
315 F.R.D. 523 (N.D. Cal. 2016) ...................................................................... 17

*Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc.*,
771 F.3d 632 (9th Cir. 2014)............................................................................. 13

*Sieney-Vinstein v. A.H. Robins, Co.*,
697 F.2d 880 (9th Cir. 1983).............................................................................. 5

*Sokol v. New United Mfg., Inc.*,
No. C 97-4211-SI, 1999 WL 1136683 (N.D. Cal. Sept. 20, 1999)................. 19, 20

*Spencer v. Beavex, Inc.*,
No. 05–CV–1501WQH, 2006 WL 6500597 (S.D. Cal. Dec. 15, 2006)............... 17

*Stearns v. Select Comfort Retail Corp.*,
763 F.Supp.2d 1128 (N.D. Cal. 2010) ............................................................. 17

v

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-CV-07226

| | |
|---|---|
| 1 | **TABLE OF AUTHORITIES** |
| | (continued) |
| 2 | **Page(s)** |

3

*Stockwell v. City & Cty. of San Francisco,*
4
    749 F.3d 1107 (9th Cir. 2014) .................................................................................... 8

5
*Texas Dept. of Housing & Community Affairs v. Inclusive Communities Project,*
    *Inc.,*
6
    576 U.S. 519 (2015) ................................................................................................... 10

7
*Tolbert v. U.S.,*
    916 F.2d 245 (5th Cir. 1990) ...................................................................................... 7
8

9
*Trazo v. Nestle USA, Inc.,*
    2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) ............................................................. 6

10
*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) ................................................................................................... 19
11

12
*Warren v. Fox Family Worldwide, Inc.,*
    328 F.3d 1136 (9th Cir. 2003) .................................................................................... 5

13
*Washington v. Lowe's HIW Inc.,*
14
    75 F.Supp.3d 1240 (2014) .......................................................................................... 7

15
*Wilson v. Cable News Network, Inc.,*
    7 Cal. 5th 871 (2019) ................................................................................................. 8
16

17
*Wilson-Combs v. Cal. Dept. of Consumer Affairs,*
    No. cv–07–2097 WBS, 2008 WL 227850 (E.D.Cal.2008) ....................................... 6
18

19
*Wood v. City of San Diego,*
    2010 WL 2382335 (S.D. Cal. June 10, 2010) ........................................................... 9

20
*Wood v. City of San Diego,*
    678 F.3d 1075 (9th Cir. 2012) .................................................................................... 9
21

22
*Xavier v. Philip Morris USA Inc.,*
    787 F.Supp.2d 1075 (N.D.Cal.2011) ........................................................................ 17
23

24
*Zamora v. Penske Truck Leasing Co., L.P.,*
    No. 220CV02503ODWMRWX, 2021 WL 809403 (C.D. Cal. 2021) ............................. 15, 16

25
**Statutes**

26
42 U.S.C. § 2000e-5(f)(1) ................................................................................................. 6

27
42 U.S.C. §§ 12111(8) & 12112(b)(5)(A) ....................................................................... 20

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-CV-07226

1

2

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

3

Americans with Disabilities Act ............................................................................... *passim*

4

Cal. Gov. Code § 12960 ............................................................................................. 6

5

Cal. Gov. Code § 12961 ............................................................................................. 6

6

Cal. Lab. Code § 1400 ............................................................................................... 8

7

California Family Rights Act ..................................................................................... 2, 4

8

Declaratory Judgment Act ......................................................................................... 2, 4, 13

9

FEHA .................................................................................................................... *passim*

10

FMLA .................................................................................................................... *passim*

11

**Court Rules**

12

Fed. R. Civ. P. 23(a) and 23(b) ................................................................................. 6

13

Federal Rules of Civil Procedure 12(b)(6) ................................................................. 2, 5, 9, 10

14

Rule 8 .................................................................................................................... 15

15

Rule 12(f) ................................................................................................................ 5, 6

16

Rule 23(a)(2) ........................................................................................................... 19

17

Rule 23(a)(3) ........................................................................................................... 19

18

Rules 23(c)(1)(A) and 23(d)(1)(D) ............................................................................ 6

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-CV-07226

## I.    INTRODUCTION

Plaintiff Dmitry Borodaenko is a former employee of Twitter.  Abhijit Mehta is a current employee of Twitter who was notified that he would be laid off in January 2023. Although the First Amended Complaint is entirely unclear, it appears Plaintiffs seek to represent, on a class action basis, an unascertainable mish-mosh of Twitter employees who were terminated *or constructively* terminated because they "felt" forced to resign, and who are disabled *or* had taken a family or medical leave *or* "planned" to take a family or medical leave.

Plaintiffs' FAC suffers from numerous defects.  Plaintiffs' claims for disability discrimination in violation of the Americans with Disabilities Act ("ADA") and Fair Employment and Housing Act ("FEHA") are specific and limited to Borodaenko; Mehta does not allege that he is disabled.  These claims fail because Borodaenko did not properly exhaust his administrative requirements—a jurisdictional prerequisite to seeking relief in this Court.  In addition, Borodaenko fails to allege facts to plausibly state a claim for relief under a theory of either disparate treatment or disparate impact discrimination based on disability.  Such claims must be dismissed.

Plaintiffs' claims for violation of the Family and Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA") are specific to Mehta;, Borodaenko does not allege that he took or planned to take an FMLA or CFRA leave.  Mehta cannot maintain his claims before this Court because he is subject to a valid and enforceable arbitration agreement.  (This is the subject of a separate motion to compel arbitration that Twitter is filing concurrently with this motion.)  The FMLA and CFRA claims must be dismissed because Borodaenko has no standing and cannot prosecute claims based on alleged injuries from which he did not suffer.  To hold otherwise would run afoul of basic standing and Article III requirements.

Because Plaintiffs' ADA, FEHA, FMLA, and CFRA claims fail, their claim for relief pursuant to the Declaratory Judgment Act necessarily fails as well.  The Declaratory Judgment Act does not confer any substantive rights to Plaintiffs.  Rather, it is a procedural mechanism that requires an underlying justiciable controversy.  Because Plaintiffs cannot allege any viable claims for relief, there is no justiciable controversy to serve as the predicate for a Declaratory Judgment

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

1   Claim.

2           Plaintiffs' putative class claims also must be dismissed or, alternatively, stricken.  The

3   FAC does not contain any facts sufficient to plausibly suggest that Borodaenko is similarly

4   situated to other purportedly disabled employees at Twitter.  His disability discrimination claims

5   are unique and specific to Borodaenko's alleged experience at the company – specifically, he was

6   fired by Twitter, yet apparently seeks to represent "disabled" employees who "felt that, because

7   of their disability, they will not be able to meet this new heightened standard of performance and

8   productivity. Thus, many disabled employees have felt forced to resign." FAC ¶ 9.

9           Borodaenko also cannot plausibly demonstrate that he is similarly situated and could

10  represent employees who took or intended to take a family or medical leave because there are no

11  facts alleging that Borodaenko ever took or intended to take such a leave. He lacks typicality.

12  Plaintiffs' putative class claims also fail because the FAC does not allege an ascertainable class

13  definition.  Borodaenko seeks to represent employees who are "disabled", or took a family or

14  medical leave, or planned to take a family or medical leave and "whose jobs have been affected

15  by the company's layoffs, terminations, and heightened demands on the workforce."  FAC ¶ 17.

16  Determining who these employees are would require hundreds, or maybe thousands, of

17  individualized assessments to determine membership in such an amorphous and unascertainable

18  class.  Similarly, Borodaenko fails to allege facts demonstrating that the putative disability

19  discrimination class claims have common issues of law or fact, or that his claims are typical of

20  the putative class.  These claims require fact-specific, highly individualized inquiries to determine

21  whether an employee is "disabled" and whether they have been "affected by" Twitter's return-to-

22  work policy, layoffs, and/or its work environment.  These individualized inquiries render

23  Plaintiffs' claims unsuitable for class litigation.

24          The Court should grant the Motion and dismiss the claims for discrimination in violation

25  of the ADA, discrimination in violation of FEHA, violation of the FMLA, violation of the CFRA,

26  and for relief pursuant to the Declaratory Judgment Act pursuant to Federal Rules of Civil

27  Procedure 12(b)(6).  The Court also should dismiss or strike Plaintiffs' class claims.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

## II.   RELEVANT FACTUAL BACKGROUND

### A.   Plaintiff Dmitry Borodaenko's Claims.

Plaintiff Dmitry Borodaenko is a former Engineering Manager that worked at Twitter from June 2021 until November 2022.  FAC, ¶¶ 15 and 33.  Borodaenko alleges that he was a remote employee and worked remotely throughout the duration of his employment with Twitter. *Id.*, ¶ 33.

Borodaenko alleges that on November 9, 2022, Elon Musk, who recently acquired Twitter, notified Twitter employees that, with limited exceptions, all employees were expected to return to Twitter's offices immediately.  *Id.*, ¶ 28.  He alleges this contradicted statements made by Twitter's prior management, who allegedly told employees they would be permitted to work remotely for some period following the acquisition.  *Id.*, ¶ 26.  Borodaenko alleges that he is in remission from cancer and vulnerable to Covid-19 and "disabled".  *Id.*, ¶¶ 34 and 36.  Borodaenko alleges that he cannot work from an office.  *Id.*, ¶ 34.

Borodaenko alleges that following Musk's announcement that employees were expected to return to the office, Borodaenko informed his manager that he was "definitely not working from [the] office until the pandemic is over."  *Id.*, ¶ 36.  Borodaenko alleges that he was fired on November 15, 2022, shortly after sending this message to his manager.  *Id.*, ¶¶ 38-39.  Based solely on his own personal experience, Borodaenko alleges that Twitter's return-to-work directive is discriminatory toward all employees who are "disabled", regardless of their disability, their particular restrictions, or the particular accommodations they require.  *See, e.g., Id.*, ¶ 32 and pp. 11-12.

Borodaenko alleges that following Musk's acquisition of Twitter, the company's culture became more demanding.  *See, e.g., Id.*, ¶ 41.  Borodaenko alleges that following the acquisition, his workload increased (though he fails to allege any specific facts regarding how his workload increased), and also alleges that his direct reports increased from approximately 10 to 16.  *Id.*, ¶ 44.  Borodaenko alleges that, *after he was fired from Twitter*, Musk sent an "ultimatum" to employees (not Borodaenko, because he had been fired) on November 16, 2022 asking them to commit to "working long hours at high intensity."  *Id.*, ¶ 45.  Borodaenko alleges that Twitter's

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

1    November 16, 2022 correspondence to employees was discriminatory as to "disabled" employees.

2    *See, e.g., Id.*, ¶¶ 46-48 and pp. 11-12.  He alleges that disabled employees "felt that, because of

3    their disability, they will not be able to meet this new heightened standard of performance and

4    productivity. Thus, many disabled employees have felt forced to resign." FAC ¶ 9.

5          **B.       Plaintiff Abhijit Mehta's Claims.**

6          Plaintiff Abhijit Mehta is a Senior Engineering Manager that worked at Twitter from

7    December 2017 until November 2022.  *Id.*, ¶¶ 16 and 50.  Mehta alleges that at some unspecified

8    point, he received approval to take a family leave from December 28, 2022 to May 16, 2023.  *Id.*,

9    ¶ 50.  Mehta alleges that on November 4, 2022, he was informed that he was being laid off from

10   Twitter.  *Id.*, ¶ 51.  Mehta alleges that Twitter's layoffs disproportionately impacted employees

11   who were taking, or planned to take, family or medical leave.  *Id.*, ¶ 52.  Mehta alleges that "most

12   employees who were on leave were no longer employed by the company following Musk's

13   ultimatum."  *Id.*

14         Mehta signed a valid and enforceable arbitration agreement with a class action waiver that

15   requires him to submit all disputes related to his employment with Twitter to binding arbitration;

16   Twitter is concurrently filing a motion to compel Mehta to arbitrate his claims on an individual

17   basis only.

18         **C.       Procedural History**

19         On November 16, 2022, Plaintiff Dmitry Borodaenko filed a complaint alleging putative

20   class claims for discrimination in violation of the ADA, discrimination in violation of FEHA, and

21   the Declaratory Judgment Act.  ECF No. 1.  On December 7, 2022, Borodaenko filed the

22   operative FAC adding Mehta as a plaintiff and alleging additional putative class claims for

23   violation of the FMLA and CFRA.  ECF No. 8.  Plaintiffs bring their claims individually and on

24   behalf of a putative class of "all similarly situated Twitter employees across the United States

25   who are either disabled or have taken, or planned soon to take, a family or medical leave, and

26   whose jobs have been affected by the company's layoffs, terminations, and heightened demands

27   on the workforce."  FAC ¶ 17.

28

4

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

1    ## III.   LEGAL STANDARD

2    ### A.   Legal Standard for Motion to Dismiss Under Rule 12(b)(6).

3    A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

4    the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Dismissal under

5    Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence

6    of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*,

7    901 F.2d 696, 699 (9th Cir. 1988).  "To survive a motion to dismiss, a complaint must contain

8    sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

9    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing and quoting *Bell Atl. Corp. v. Twombly*, 550

10   U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

11   that allows the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements

13   of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  And the court

14   need not accept as true "legal conclusions merely because they are cast in the form of factual

15   allegations."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)

16   (quotations and citation omitted).

17   ### B.   Legal Standard for Motion to Strike Under Rule 12(f)

18   Rule 12(f) permits a court to strike from a pleading "any redundant, immaterial,

19   impertinent, or scandalous matter."  Fed. R. Civ. P. 12 (f).  Under Rule 12(f), a defendant may

20   move to strike language seeking relief that is not recoverable as a matter of law.  *Estate of*

21   *Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006).  The

22   function of a motion to strike is to avoid the expenditure of time and money that might arise from

23   litigating spurious issues by dispensing with those issues prior to trial.  *Sieney-Vinstein v. A.H.*

24   *Robins, Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

25   1527 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994).  A motion to strike may

26   be granted where "it is clear that the matter to be stricken could have no possible bearing on the

27   subject matter of the litigation."  *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830

28   (N.D. Cal. 1992).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

Putative class action allegations may be stricken by the Court.  *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Ca. Dec. 17, 2009) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained").  "For [a plaintiff's] class action allegations to survive [a motion to strike], the complaint must make a *prima facie* showing that Fed. R. Civ. P. 23(a) and 23(b) can be satisfied." *Trazo v. Nestle USA, Inc.,* 2013 WL 4083218, at *11 (N.D. Cal. Aug. 9, 2013).

IV.    **ARGUMENT**

A.    **Plaintiffs Fail to State a Claim for Discrimination Under the ADA or FEHA.**

1.    **Plaintiffs Fail to Allege that They Have Exhausted Their Administrative Remedies, a Jurisdictional Prerequisite to Seeking Relief in this Court.**

Prior to filing a lawsuit alleging violations of the ADA or FEHA, a plaintiff must first exhaust their administrative remedies by filing an administrative complaint with the appropriate administrative agency and obtaining a right-to-sue notice.  42 U.S.C. § 2000e-5(f)(1); Cal. Gov. Code § 12960; *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) ("To establish federal subject matter jurisdiction, [plaintiff] was required to exhaust her EEOC administrative remedies before seeking federal adjudication of her claims"); *Harris v. City of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012) ("A plaintiff asserting claims of discrimination pursuant to the FEHA must exhaust the statute's administrative remedies before filing a lawsuit.").  This requirement applies equally to individual and class action claims.  Cal. Gov. Code § 12961; *Holloway v. Best Buy Co.*, No. C–05–5056 PJH, 2009 WL 1533668, at *4, 8. "Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts, not a matter of judicial discretion." *Wilson-Combs v. Cal. Dept. of Consumer Affairs*, No. cv–07–2097 WBS, 2008 WL 227850 (E.D.Cal.2008) (quoting *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 70 (2000)); *see also Minor v. Fedex Office & Print Services, Inc.*, 182 F.Supp.3d 966, 982 (2016) ("The Court lacks subject matter jurisdiction over unexhausted ADA claims"); *see also Minor v. Fedex Office & Print Services, Inc.*, 78 F.Supp.3d 1021, 1030 (2015) citing *Miller v. United Airlines, Inc.*, 174 Cal.App.3d 878, 890 (1985) ("The Court lacks jurisdiction over unexhausted FEHA causes of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

action").  Where a plaintiff fails to exhaust his administrative remedies, dismissal is appropriate. *Minor*, 182 F.Supp.3d at 987 (granting individual defendants' motion to dismiss where the plaintiff failed to allege that he exhausted his administrative requirements and therefore failed to state a claim under the ADA or FEHA); *Washington v. Lowe's HIW Inc.*, 75 F.Supp.3d 1240, 1248 (2014) ("Plaintiff's FEHA claims must be dismissed as to the Individual Defendants . . . because Plaintiff failed to exhaust administrative remedies as to those defendants").

Here, the FAC is devoid of any allegations whatsoever regarding Plaintiffs' compliance with the ADA and FEHA's administrative exhaustion requirements, which is not surprising because Plaintiffs "jumped the gun" by rushing to file this lawsuit and never filed any administrative charges.  Plaintiffs' failure renders their lawsuit defective and failing to state a claim, as they cannot prosecute an action pursuant to the ADA or FEHA without first exhausting their administrative remedies.  The Court must dismiss these ADA and FEHA claims.

Plaintiffs cannot cure their failure to exhaust their administrative remedies by belatedly filing the requisite administrative complaints now, after now having filed this suit.  *Tolbert v. U.S.*, 916 F.2d 245 (5th Cir. 1990) is instructive.  In *Tolbert*, the plaintiff filed an appeal with the EEOC and subsequently filed a lawsuit in federal court 10 days later, prior to the EEOC issuing a decision on the appeal and prior to the expiration of the 180-day deadline for the EEOC to issue a decision.  *Id.* at 247.  The defendants filed a motion for summary judgment arguing, in part, that the plaintiff had failed to exhaust her administrative remedies.  *Id.*  The EEOC issued its decision on the plaintiff's appeal prior to the hearing on defendants' motion.  *Id.*  The court nonetheless held that "the defect was not cured" "when the EEOC issued its decision before [the plaintiff's] claim was dismissed by the district court."  *Id.* at 249.  The court stated:

> To hold otherwise would allow a plaintiff to file an action and begin civil proceedings—discovery, motions to dismiss and for summary judgment, and so on—before completing the course of administrative review. A plaintiff could thereby largely circumvent the rule that she must exhaust her administrative remedies.

*Id.*

The court further held that "[s]uch a strict construction . . . is necessary if the aims of the exhaustion requirement are to be served."  *Id.*; *see also Rivera v. United States Postal Service*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

830 F.2d 1037, 1039 (9th Cir. 1987), cert. denied, 486 U.S. 1009 (1988) (holding that an employee "was not free to file in the district court until the EEOC ruled" on his appeal despite the employee withdrawing his appeal prior to its adjudication and filing suit after his withdrawal). As a result, Plaintiffs' claims should be dismissed without leave to amend, as any attempt to belatedly comply with the administrative exhaustion requirements would run contrary to rule and policy underlying such requirements.

### 2.    The FAC Fails to Plead Facts Sufficient to Support a Plausible Disparate Treatment Claim.

"[T]he crux of a disparate treatment case is the subjective *motivation* for an adverse employment decision." *Stockwell v. City & Cty. of San Francisco*, 749 F.3d 1107, 1115, n.4 (9th Cir. 2014) (emphasis in original); *see also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (Liability in a disparate-treatment case "depends on whether the protected trait … actually motivated the employer's decision").  To state a claim for discrimination under the ADA, a plaintiff must plausibly allege that: (1) he is "disabled" pursuant to the ADA; (2) he is a qualified individual, able to perform the essential functions of the job, with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. Similarly, to state a claim for discrimination under FEHA, "a plaintiff must plausibly allege that he (1) was a member of a protected class; (2) was performing competently; (3) suffered an adverse employment action; and (4) circumstances suggesting a discriminatory motive." *Rhodes v. Adams & Assocs., Inc.*, 817 F. App'x. 508, 509 (9th Cir. 2020) (quoting *Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 885 (2019)); *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000).

Plaintiffs assert in the FAC that Twitter's return-to-work directive, shift in work culture, and mass layoffs have affected *all* of Twitter's employees, not just the disabled employees:

- "On the evening of November 9, 2022, Musk announced that **all** employees were expected to begin reporting to Twitter offices immediately." FAC, ¶ 28 (emphasis).

- "[Twitter] also immediately began a mass layoff that has affected **more than half of Twitter's workforce**." FAC, ¶ 31 (emphasis).

- "On November 16, 2022, Musk sent the following email to **remaining Twitter employees**" stating that "working long hours at high intensity" was the new expectation. FAC, ¶ 45 (emphasis).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

1       Nevertheless, and despite their allegations that the changes at Twitter impacted the entire

2  workforce, Plaintiffs assert without any factual support that "Twitter, through the rigid

3  enforcement of its return to office policy, as well as its unreasonable physical demands on

4  employees since Elon Musk's purchase of the company, has discriminated against Plaintiff

5  Borodaenko and other disabled Twitter employees" in violation of both the ADA and FEHA. *See*

6  FAC, pp. 11-12. Such "naked assertions" without "further factual enhancement" do not figure

7  into the Court's analysis under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (internal quotes omitted).

8  Thus, the Court must dismiss the disparate treatment claim for this reason alone. *Id.*; *see also*

9  *Twombly*, 550 U.S. at 570; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

10       Setting aside the FAC's *Twombly/Iqbal* deficiencies, however, Plaintiffs' disparate

11  treatment claim fails because they do not allege any facts demonstrating that Twitter intended to

12  discriminate against its disabled employees when implementing its return-to-work directive, mass

13  layoffs, and the changes to its work culture. *Am. Fed'n of State, Cty., & Mun. Emps., AFL-CIO*

14  *(AFSCME) v. State of Wash.*, 770 F.2d 1401, 1405 (9th Cir. 1985) ("[i]t is insufficient for a

15  plaintiff alleging discrimination under the disparate treatment theory to show the employer was

16  merely aware of the adverse consequences the policy would have on a protected group"); *Wood v.*

17  *City of San Diego*, 2010 WL 2382335, at *6 (S.D. Cal. June 10, 2010) (a plaintiff "must establish

18  that the defendant implemented the policy 'because of, not merely in spite of,' its adverse effects

19  on the protected group") (quoting *Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256,

20  279 (1979), aff'd, 678 F.3d 1075 (9th Cir. 2012)). Because the FAC contains *zero allegations*

21  suggesting that animus against its disabled employees motivated Twitter to implement the return-

22  to-work directive, the changes to its work culture or its mass layoff, the Court must dismiss

23  Plaintiffs' disparate treatment claim. *See, e.g., Wood v. City of San Diego,* 678 F.3d 1075, 1081-

24  82 (9th Cir. 2012) (affirming dismissal because "[w]here, as here, a plaintiff is challenging a

25  facially neutral policy, there must be a specific allegation of discriminatory intent. We agree with

26  the district court that [plaintiff]'s disparate treatment claim must be dismissed under Rule

27  12(b)(6)."); *Jones v. Lewis*, 2020 WL 6149693, at *3 (N.D. Cal. Oct. 20, 2020) (dismissing

28  disparate treatment claim based on a facially neutral policy because the complaint lacked "a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

1   specific allegation of discriminatory intent"); *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 907

2   (E.D. Cal. 2017) (granting dismissal of FEHA disability discrimination claim where the plaintiff

3   failed to "allege facts in her FAC that support defendant's intent to discriminate on the basis of

4   disability").

5           **3.     The FAC Fails to Plead Facts Sufficient to Support a Plausible
                      Disparate Impact Claim.**
6

7           Disparate impact claims "involve employment practices that are facially neutral in their

8   treatment of different groups but that in fact fall more harshly on one group than another." *Int'l*

9   *Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 (1977).  To allege a *prima facie* disparate

10  impact claim, "a plaintiff must allege (1) a significant disparity with respect to employment for

11  the protected group, (2) the existence of a specific employment practice or set of practices, and

12  (3) a causal relationship between the identified practice and the disparity." *Liu v. Uber*

13  *Technologies Inc.*, 551 F.Supp.3d 988, 990 (N.D. Cal. 2021) (citing *Freyd v. University of*

14  *Oregon*, 990 F.3d 1211, 1224 (9th Cir. 2021); see also *Mahler v. Jud. Council of Cal.*, 67 Cal.

15  App. 5th 82, 113 (2021) (citing *Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1404-05

16  (2015)) (under FEHA, "a plaintiff must allege . . . usually through statistical disparities, that

17  facially neutral employment practices adopted without a deliberately discriminatory motive

18  nevertheless have significant adverse effects on protected groups that they are in operation . . .

19  functionally equivalent to intentional discrimination").   A disparate impact claim carries a

20  "robust causality requirement," which ensures an observed disparity "does not, without more,

21  establish a prima facie case of disparate impact." *Texas Dept. of Housing & Community Affairs v.*

22  *Inclusive Communities Project, Inc.*, 576 U.S. 519, 542 (2015).  To avoid dismissal, a complaint

23  "must allege facts or statistical evidence demonstrating a causal connection between the

24  challenged policy and a significant disparate impact on the allegedly protected group." *Mahler*,

25  67 Cal. App. 5th at 114.

26          Plaintiffs' alleged disparate impact disability discrimination claim fails for at least the

27  following two reasons:  First, Plaintiffs fail to allege facts that plausibly allege a significant

28  disparity exists in the first instance.  Rather, Plaintiffs conclude that there is a disparity based on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

Borodaenko's singular alleged experience being fired after sending an email to his supervisor, however, "the Court cannot draw an inference of disparity from a single data point." *Liu*, 551 F.Supp.3d at 991 (dismissing a disparate impact claim where "the complaint essentially skips over … plausibly alleging that a disparity actually exists"). Second, Plaintiffs fail to allege facts to satisfy the critical causation element. Plaintiffs rely upon factually unsupported conclusions rather than data or anecdotal evidence in their attempt to allege causation. *See, e.g.,* FAC, ¶ 32 ("Twitter's new requirement that employees report to physical offices, as well as rampant terminations and layoffs, have affected disabled employees"); *see also* FAC, ¶ 46 ("This further ultimatum from Musk that working at Twitter will require 'working long hours at high intensity,' in which 'only exceptional performance' will be acceptable, is highly discriminatory against disabled employees"). Such conclusory pleading is insufficient, and the Court should dismiss the disparate impact disability discrimination claim. *See, e.g., Baker v. City of San Diego*, 463 F. Supp. 3d 1091, 1103 (S.D. Cal. 2020) (dismissing disparate impact claim for failure "to establish a robust causal connection between the statistical disparity and the City's policy"); *Enoh v. Hewlett Packard Enter. Co.*, 2018 WL 3377547, at *14 (N.D. Cal. July 11, 2018) (dismissing disparate impact claim because the complaint did not "allege facts to show that the challenged policy played a role in the decision to terminate or fail to promote or hire them").

**B.     Plaintiff Borodaenko Lacks Standing to Prosecute FMLA or CFRA Claims.**

Standing requires that (1) the plaintiff suffered an injury in fact, i.e., one that is sufficiently "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) the injury is "fairly traceable" to the challenged conduct, and (3) the injury is "likely" to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (quotation marks and citations omitted). "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citations omitted).

To state an interference/retaliation claim under the FMLA, a plaintiff must allege that "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

and (5) his employer denied him FMLA benefits to which he was entitled." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014).  Similarly, to state an interference/retaliation claim under CFRA, a plaintiff must allege "(1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised [his] right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, because of [his] exercise of [his] right to CFRA leave." *Lee v. Delta Air Lines Inc.*, No. CV208754CBMJEMX, 2021 WL 5990162, at *10 (C.D. Cal. June 2, 2021), on reconsideration in part, No. CV208754CBMJEMX, 2021 WL 4497209 (C.D. Cal. Aug. 23, 2021) (citing *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261 (Cal. Ct. App. 2001)).

Here, the FAC alleges that "Plaintiff ***Abhijit Mehta*** . . . had previously informed Twitter (and received approval) to take a family leave from December 28, 2022, to May 16, 2023, as his wife is expecting a child" and that he was "informed on November 4, 2022, that he was being laid off from Twitter."  FAC, ¶¶ 50-51 (emphasis); *see also* FAC, pp. 12-14.  As set forth above, Mehta signed a valid and enforceable arbitration agreement requiring him to litigate any dispute relating to his employment with or termination from Twitter in binding arbitration. If this Court enforces Mehta's arbitration agreement and compels Mehta to arbitration (as it should), Mehta will be dismissed from this action and only Borodaenko will remain.  *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014); *Gillespie v. Cracker Barrel Old Country Store Inc.*, No. CV-21-00940-PHX-DJH, 2021 WL 5280568, at *5 (D. Ariz. Nov. 12, 2021), reconsideration denied, No. CV-21-00940-PHX-DJH, 2022 WL 194532 (D. Ariz. Jan. 21, 2022) (dismissing all named plaintiffs who are subject to arbitration from the complaint).

Borodaenko cannot prosecute FMLA and CFRA claims because the FAC fails to allege that Borodaenko took or planned to take an FMLA or CFRA leave.  Rather, Borodaenko alleges only that he was "disabled" and was fired after sending his supervisor an email refusing to return to the office.  FAC, ¶¶36-39.  Given that Borodaenko never exercised any rights under the FMLA or CFRA, he cannot establish that he suffered an injury in fact pursuant to the FMLA or CFRA. He suffered no injury and there is no "case or controversy" giving this Court Article III

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

1    jurisdiction; dismissal is therefore appropriate.  *Lee*, 2021 WL 5990162, at \*10 (dismissing claim

2    for interference with FMLA/CFRA where the complaint failed to allege facts that the plaintiff

3    was an eligible employee entitled to protection under the FMLA or CFRA); *see also Crane v.*

4    *Chevron U.S.A. Inc.*, No. 119CV000805DADJLT, 2020 WL 1046835, at \*7 (E.D. Cal. Mar. 4,

5    2020) (dismissing FMLA and CFRA interference claim upon finding the plaintiff did not "allege

6    facts demonstrating that he was entitled to leave under either act").

7        **C.**    <u>**Plaintiffs' Fifth Claim for Relief Under the Declaratory Judgment Act Should**</u>
     <u>**Be Dismissed.**</u>

8

9          The Declaratory Judgment Act is a procedural device; it does not create any substantive

10   rights.  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-241 (1937); *see also Shell Gulf of*

11   *Mexico Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) ("This

12   statute does not create new substantive rights, but merely expands the remedies available in

13   federal courts"); *see also Dinh Nguy v. County of Yolo*, No. 2:14-CV-229-MCE-EFB, 2014 WL

14   4446829, at \*8 (E.D. Cal. Sept. 9, 2014) ("Declaratory relief is a remedy, not an independent

15   cause of action").  A claim for relief pursuant to the Declaratory Judgment Act requires a dispute

16   that is: (1) "definite and concrete, touching the legal relations of parties having adverse legal

17   interests;" (2) "real and substantial;" and (3) "admit[ting] of specific relief through a decree of a

18   conclusive character, as distinguished from an opinion advising what the law would be upon a

19   hypothetical state of facts."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

20   "The central question [] is whether the facts alleged, under all the circumstances, show that there

21   is a substantial controversy, between parties having adverse legal interests, of sufficient

22   immediacy and reality to warrant the issuance of a declaratory judgment."  *In re Adobe Systems,*

23   *Inc. Privacy Litigation*, 66 F.Supp.3d 1197, 1221 (quoting *MedImmune, Inc.*, 549 U.S. at 127).

24   "[W]ithout a case or controversy, there cannot be a claim for declaratory relief."  *Apple Inc. v.*

25   *VoIP-Pal.com, Inc.*, 506 F.Supp.3d 947, 967 (N.D. Cal. 2020).

26         Here, Plaintiffs request a declaratory judgment "prohibiting Twitter from soliciting

27   disabled employees, and employees who have taken or planned soon to take a family or medical

28   leave, to sign separation agreements that release their discrimination claims asserted herein,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                               13

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

1    without first informing them of their rights under these statutes, the pendency of this case filed on

2    their behalf, and Plaintiffs' counsel's contact information."  FAC ¶ 14.  Plaintiffs' request is

3    predicated upon Plaintiffs' ability to assert a viable disability discrimination claim pursuant to the

4    ADA and/or FEHA and a viable interference claim pursuant to FMLA and/or CFRA.  For the

5    reasons set forth *infra*, Plaintiffs fail to state a claim for relief pursuant to the ADA, FEHA,

6    FMLA, or CFRA.  Accordingly, Plaintiffs' request for declaratory relief necessarily fails, as there

7    is no viable "case or controversy" between the parties.

8             D.      **Plaintiffs' Putative Class Action Claims Should Be Dismissed or Stricken.**

9                     1.      **Borodaenko Cannot Serve as a Class Representative Because He Did
                              Not Suffer the Same Injury as Putative Class Members**.
10

11           The class action is "an exception to the usual rule that litigation is conducted by and on

12   behalf of the individual named parties only."  *Califano v. Yamasaki*, 442 U.S. 682, 700-701

13   (1979).  To justify such an exception, "a class representative must be part of the class and possess

14   the same interest and suffer the same injury as the class members."  *East Tex. Motor Freight*

15   *System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).  Where a named plaintiff has suffered no

16   injury as the result of an allegedly discriminatory practice, they "simply [are] not eligible to

17   represent a class of persons who did allegedly suffer injury."  *Id*. at 403-404.

18           Here, the FAC seeks class-wide relief to redress two injuries that Borodaenko never

19   suffered.  First, Borodaenko cannot represent employees who allegedly suffered harm as a result

20   of Twitter's November 16, 2022 email asking employees to commit to "working long hours at

21   high intensity" because Borodaenko already had been fired and never received this email and

22   never had to decide whether to make any such commitment. *See* FAC, ¶ 39 ("On November 15,

23   2022, Mr. Borodaenko received an email from Twitter Human Resources that stated: "Hi, We

24   regret to inform you that your employment is terminated effective immediately").

25           Second, Borodaenko cannot serve as a class representative for any FMLA and CFRA

26   claims.  As set forth *supra*, Borodaenko pleads no facts showing that he took or planned to take

27   leave pursuant to FMLA or CFRA or suffered any adverse employment action as a result.  He

28   simply cannot represent any employees who were allegedly laid off because they took or planned

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

to take FMLA or CFRA leave.

### 2. Borodaenko Fails to Plead Facts That Plausibly Suggest He is Similarly Situated to Every Disabled Employee at Twitter.

Plaintiffs must plead specific facts showing an entitlement to relief on a classwide basis for the Court to be able to determine that Plaintiffs are entitled to move forward and subject Defendant to the rigors, burdens, and costs of statewide and nationwide class action discovery. *Iqbal*, 556 U.S. at 679 (stating that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). "Class allegations must [be] supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted." *Jue v. Costco Wholesale Corp.*, No. C 10–00033–WHA, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010); *Zamora v. Penske Truck Leasing Co., L.P.*, No. 220CV02503ODWMRWX, 2021 WL 809403, at *3 (C.D. Cal. 2021) ("Plaintiffs cannot point to a fish in the surf to force Defendant on a deep-sea charter [of class discovery]"). To adequately assert class allegations in line with the rigorous *Twombly/Iqbal* standard, a plaintiff must allege facts that would plausibly suggest that members of the putative class are subjected to the same specific policies or had sufficiently similar work experiences; conclusory allegations that a defendant has a policy and practice of violating the law are insufficient. *Bush v. Vaco Tech. Servs., LLC*, No. 17-CV-05605-BLF, 2018 WL 2047807, at *7 (N.D. Cal. May 2, 2018) (dismissing class claims and holding that "[u]nder *Twombly* and *Iqbal*, [the plaintiff] must do more than conclude that Defendants have a policy and practice to violate California labor laws").

Here, Borodaenko alleges that he is immunocompromised and needed to work remotely during the pandemic. FAC, ¶¶ 33-35. Following the announcement that employees were expected to return to the office, Borodaenko alleges that he emailed his manager he was "definitely not working from [the] office until the pandemic is over" and was subsequently fired on November 15, 2022. FAC, ¶¶ 36 and 38-39. These allegations, which are uniquely specific to Borodaenko's individual circumstances, are the *only facts* that Borodaenko alleges in support of his contention that Twitter's return-to-work directive is discriminatory toward *all* disabled employees (regardless of their particular disability, work restrictions, or desired

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

1   accommodation(s)).  He alleges *zero facts* regarding other "disabled" employees' need for remote

2   work as a reasonable accommodation or Twitter's refusal to grant such accommodation.

3   Borodaenko's assertion that Twitter's return-to-work policy negatively impacted disabled

4   employees is nothing more than a purely speculative and not plausible guess.  Such conclusory

5   pleading is insufficient for purposes of alleging claims on a classwide basis.  *See Zamora*, 2021

6   WL 809403, at *3 ("Whether Plaintiff[] adequately allege[s] claims on [his] own behalf is beside

7   the point.")

8           Borodaenko's unsupported conclusion that Twitter's work environment is discriminatory

9   toward disabled employees suffers from the same fatal flaw.  Borodaenko alleges that, following

10  Musk's acquisition of Twitter, his workload increased (though he fails to specify how) and his

11  direct reports increased.  FAC, ¶ 44.  Again, these facts are uniquely specific to Borodaenko.

12  Borodaenko alleges *zero facts* about how other disabled Twitter employees have been specifically

13  impacted by Twitter's current work environment.  Borodaenko's speculative conclusions that

14  Twitter's work environment "does not allow for employees who require reasonable

15  accommodation for their disabilities" and "is clearly deterring disabled employees from feeling

16  they can continue to work at the company" are factually unsupported and fail to meet the

17  *Twombly/Iqbal* standard.  *See, e.g., Bush v. Vaco Tech. Servs.*, *LLC*, No. 17-CV-05605-BLF,

18  2019 WL 3290654, at *5 (N.D. Cal. July 22, 2019) (dismissing class claims and finding that

19  "[w]ithout a single non-conclusory, factual allegation about these potential class members,

20  Plaintiff has not plausibly alleged that any of these employees experienced the same alleged

21  violations as Plaintiff"); *Bush*, 2018 WL 2047807, at *6 (dismissing class claims because the

22  complaint was "completely devoid of any allegations tying [the plaintiff's] experience to the

23  thousands of individuals" in the putative class).

24          **3.      Plaintiffs' Putative Class Action Claims Should be Dismissed or
                        Stricken Because No Ascertainable Class Has Been Pled.**
25

26          "A class definition should be precise, objective, and presently ascertainable."  *Gray v.*

27  *Golden Gate Nat. Recreational Area*, 279 F.R.D. 501, 508 (N.D. Cal. 2011) (citations omitted);

28  *see also* Manual for Complex Litigation, § 21.222, p. 290 (4th ed. 2004) ("An identifiable class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

exists if its members can be ascertained by reference to objective criteria").  "[C]ourts look to whether the class definition establishes objective, rather than subjective, criteria for determining membership."  *Senne v. Kansas City Royals Baseball Corp.*, 315 F.R.D. 523, 563 (N.D. Cal. 2016) (citing *Xavier v. Philip Morris USA Inc.*, 787 F.Supp.2d 1075, 1089 (N.D.Cal.2011)).  A proposed class may fail where class membership depends on a determination of the merits of the plaintiff's claim.  *See, e.g., Brazil v. Dell Inc.*, 585 F.Supp.2d 1158, 1167 (N.D. Cal. 2008) (proposed class could not be ascertained where determining who would be a member of the class would require "the court to reach a legal determination that Dell had falsely advertised"); *see also Daniel F. v. Blue Shield of California*, 305 F.R.D. 115, 125 (N.D. Cal.2014) (a proposed class definition was "unworkable" where class membership depended on whether an individual had been wrongfully denied insurance coverage and therefore  would "essentially require resolving the merits of each individual's claim"); *see also* Manual for Complex Litigation, § 21.222, p. 290 (4th ed. 2004) ("The order defining the class should avoid … terms that depend on resolution of the merits (e.g., persons who were discriminated against)").  Class definitions may also fail if the "determination of who was a member of the class would be excessively complex, requiring a highly fact-specific and individualized inquiry."  *Spencer v. Beavex, Inc.*, No. 05–CV–1501WQH, 2006 WL 6500597, at *9 (S.D. Cal. Dec. 15, 2006) (citations omitted).  Proposed class definitions may fail where the purported class includes members who have suffered no injury and therefore lack standing to sue.  *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1152 (N.D. Cal. 2010) (class definition failed on ascertainability grounds where it included those who "used" a product, regardless of the frequency of use; the court held that those who merely used the product (rather than purchased it) "have no injury and no standing to sue").

Here, Plaintiffs assert claims "on behalf of all similarly situated Twitter employees across the United States who are either disabled or have taken, or planned soon to take, a family or medical leave, and whose jobs have been affected by the company's layoffs, terminations, and heightened demands on the workforce."  FAC, ¶ 15.  Plaintiffs' proposed class requires the Court to individually review and assess each proposed class member's individual circumstances and adjudicate the merits of their claims *prior to* determining class membership.  To ascertain whether

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

1  an employee is a member of the putative ADA/FEHA class in the FAC, the Court must decide:

2  (1) whether the employee was "disabled"; (2) whether the employee required a reasonable

3  accommodation; and (3) whether that accommodation was somehow "affected" by Twitter's

4  layoffs, terminations, and/or heightened demands on the workforce – all highly individualized,

5  fact-specific inquiries.  Similarly, to ascertain whether an employee is a member of the putative

6  FMLA/CFRA putative class, the Court must determine: (1) whether an employee had actually

7  taken a family or medical leave; (2) whether an employee had "planned to take" a family or

8  medical leave, and (3) whether the employee was "affected" by Twitter's layoffs, terminations,

9  and/or heightened demands on the workforce.  These are precisely the types of highly

10 individualized, fact-specific inquiries that render a proposed class unascertainable.

11     Plaintiffs' proposed class definition also appears to encompasses all of "disabled"

12 employees, regardless of whether these employees required an accommodation, and regardless of

13 whether that accommodation included working from home or was somehow otherwise "affected

14 by" Twitter's work environment.[2]  This problem is compounded by Plaintiffs' use of the term

15 "affected by," which is hopelessly vague.  For example, a visually impaired employee may

16 require assistive technology to help them perform their job duties, and they may have been

17 "affected" by Twitter's recent layoffs because their team decreased in size by 50%.  As defined,

18 this employee would be a putative class member even though this employee did not suffer any

19 injury pursuant to the ADA or FEHA.  Plaintiffs' proposed class definition improperly

20 encompasses employees who "have no injury and no standing to sue".

21     **4.**    **Plaintiffs' Putative Disability Discrimination Class Action Claims**
22            **Should be Dismissed or Stricken Because Plaintiffs' Allegations are Not Common or Typical of the Putative Class.**

23     Rule 23(a)(2) requires the existence of "questions of law or fact common to the class."

24 "Commonality requires the plaintiff to demonstrate that the class members have suffered the same

[2] Although Plaintiffs' proposed class definition (FAC, ¶ 17) does not specifically reference employees that are perceived as disabled, Plaintiffs refer to employees that are perceived as disabled elsewhere in the FAC. *See, e.g.,* FAC, p. 11.  Expanding Plaintiffs' proposed class definition to include those employees that are "perceived as disabled" further exacerbates the difficulties of ascertaining the proposed class – and begs the questions: perceived in what manner and by whom?

injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350 (2011) (citations omitted). "This does not mean merely that they have all suffered a violation of the same provision of law," but instead that their claims "depend upon a common contention ... of such a nature that is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. at 350. "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* (citations omitted). Relatedly, Rule 23(a)(3) further requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "Typicality and commonality requirements are similar and tend to merge." *Wal-Mart Stores, Inc.*, 564 U.S. at 349, n. 5. "[R]epresentative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Gray v. Golden Gate Nat. Recreational Area*, 279 F.R.D. 501, 509 (N.D. Cal. 2011).

Courts are cautious to certify disability discrimination claims as class actions due to the individualized determinations required by such claims. *See, e.g., Sokol v. New United Mfg., Inc.*, No. C 97-4211-SI, 1999 WL 1136683 (N.D. Cal. Sept. 20, 1999). In *Sokol*, the plaintiffs challenged several employment practices, including the defendant's "de facto policy of refusing to consider the possibility of tool and assembly line modifications as reasonable accommodations for employees with disabilities." *Id.* at *6. The court held that challenges to this policy were inappropriate for class treatment because the policy "cannot be evaluated apart from the individual circumstances of [] employees." *Id.* The court stated:

> For example, the failure to provide tool and assembly line modification does not violate the ADA where (1) NUMMI has provided a disabled employee with other reasonable modifications, (2) the employee is unable to perform the essential functions of the job even with the tool modifications or (3) the tool modification would constitute an undue hardship on NUMMI. See 42 U.S.C. §§12111(8) & 12112(b)(5)(A). The legitimacy of NUMMI's practices with respect to tool and assembly line modification will therefore vary depending on the circumstances of the individual employee.

*Id.*

Given the highly individualized inquiry necessary to evaluate the named plaintiffs' challenges to this policy, the court held that the named plaintiffs' claims were not typical of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226

claims of the proposed class.  *Id.*

The *Sokol* plaintiffs also challenged the defendant's "policy, practice and administrative method of using personnel who lack qualifications, expertise and procedures that are necessary to determine and provide appropriate reasonable accommodations for employees with disabilities." *Id.* at \*6.  The court held that it would "be unable to determine the legitimacy of the 'procedures' employed by [the defendant] under the ADA without scrutinizing the interactive accommodations process with respect to *individual* class members." *Id.* (emphasis in original).  The court noted that "the interactive process will vary widely between employees with different disabilities and job functions," and "[t]herefore certain accommodation 'procedures' improperly employed in the context of one employee might be entirely appropriate in the context of another." *Id.*

Here, Plaintiffs' lawsuit suffers from the same defects at issue in *Sokol*.  Evaluating whether Twitter's return-to-work directive is discriminatory to all disabled employees would require the Court to analyze each employee's individual circumstances and assess whether remote work was a reasonable accommodation for their disability, whether an alternative accommodation in lieu of working from home existed, and whether Twitter made an exception to its policy for the specific individual employee.  These fact-specific, individualized inquires demonstrate that Plaintiffs' claims are inappropriate for classwide resolution and should be dismissed or stricken.

## V.    CONCLUSION

The Court should dismiss Plaintiffs' substantive claims and dismiss and/or strike their putative class claims.

Dated: December 21, 2022                         MORGAN, LEWIS & BOCKIUS LLP


                                                 By  */s/ Eric Meckley*
                                                 _____
                                                 Eric Meckley
                                                 Brian D. Berry
                                                 Ashlee Cherry
                                                 Kassia Stephenson
                                                 Attorneys for Defendant
                                                 TWITTER, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case no. 4:22-cv-07226