MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DMITRY BORODAENKO and ABHIJIT MEHTA, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>      vs.<br><br>TWITTER, INC.,<br><br>                    Defendant. | Case No. 4:22-cv-07226-HSG<br><br>**DEFENDANT TWITTER, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:    April 20, 2023<br>Time:   2:00 p.m.<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................... 1
II. ARGUMENT ........................................................................................................................... 2
    A. Plaintiffs' ADA and FEHA Claims Must Be Dismissed. ................................... 2
        1. Borodaenko Concededly Failed to Exhaust Administrative Remedies. ................................................................................................ 2
        2. The FAC Fails to Plausibly Plead a Disparate Impact Claim. ................... 5
        3. The FAC Fails to Plausibly Plead a Disparate Treatment Claim. .............. 6
    B. Plaintiffs' FMLA and CFRA Claims Must Be Dismissed. ................................. 7
        1. Plaintiffs Failed to Substantively Oppose Dismissal of These Claims. ........................................................................................................ 7
        2. Plaintiffs' Request to Substitute a New Plaintiff With Standing to Prosecute The FMLA and CFRA Claims Should Be Rejected. ................. 7
    C. Plaintiffs Concede that the Claim for Relief Under the Declaratory Judgment Act Should Be Dismissed. ................................................................... 9
    D. The Court Should Strike Plaintiffs' Class Claims Under Rule 12(f). .................. 9
III. CONCLUSION ..................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Aguilar v. Boulder Brands, Inc.*
  No. 3:12-CV-01862-BTM, 2014 WL 4352169 (S.D. Cal. Sept. 2, 2014) ............................... 8

*Ardente, Inc. v. Shanley*
  No. C 07-4479 MHP, 2010 WL 546485 (N.D. Cal. Feb. 10, 2010) ......................................... 7

*Arnold v. Sessions*
  No. 4:18-CV-00553-KAW, 2018 WL 6728008 (N.D. Cal. Dec. 21, 2018) ............................. 5

*Bates v. Leprino Foods Co.*
  No. 220CV00700AWIBAM, 2022 WL 3371584 (E.D. Cal. Aug. 16, 2022) ......................... 8

*Bernor v. Takeda Pharms. Am., Inc.*
  No. LACV1204856VAPJPRX, 2018 WL 588563 (C.D. Cal. Jan. 25, 2018) ......................... 8

*Bush v. Vaco Tech. Servs., LLC*
  No. 17-CV-05605-BLF, 2018 WL 2047807 (N.D. Cal. May 2, 2018) ................................. 11

*Carrillo v. Citimortgage, Inc.*
  No. CV 09-2404 AHM 2009 WL 4723616 (C.D. Cal. 2009) .................................................. 7

*Chavez v. Wal-Mart Stores, Inc.*
  No. CV136429GHKPJWX, 2014 WL 12591252 (C.D. Cal. June 2, 2014) ......................... 10

*Cornet et al. v. Twitter, Inc.*
  Case No. 3:22-cv-06857-JD, ECF Nos. 7, 40 ........................................................... 1, 3, 4, 6, 9

*East Tex. Motor Freight System, Inc. v. Rodriguez*
  431 U.S. 395 (1977) ............................................................................................................... 10

*Ellis v. Costco Wholesale Corp.*
  657 F.3d 970 (9th Cir. 2011) ................................................................................................. 13

*Fort Bend County, Texas v. Davis*,
  139 S. Ct. 1853 (2019) ............................................................................................................. 3

*General Telephone Co. of Southwest v. Falcon*
  457 U.S. 147 (1982) ................................................................................................................. 9

*Gray v. Golden Gate Nat. Recreational Area*
  279 F.R.D. 501 (N.D. Cal. 2011) ..................................................................................... 12, 13

*Guevara v. The Ritz-Carlton Hotel Company, LLC*
  No. 221CV09792ODWMARX, 2023 WL 1448004 (C.D. Cal. Feb. 1, 2023) ....................... 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

ii

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

*Hadley v. Kellogg Sales Co.*
    243 F.Supp.3d 1074 (N.D. Cal. 2017) .................................................................................. 7

*Henderson v. J.M. Smucker Co.*,
    No. CV-10-4524-GHK-VBK, 2011 WL 1050637 (C.D. Cal. Mar. 17, 2011) ...................... 11

*Jue v. Costco Wholesale Corp.*
    No. C 10–00033–WHA, 2010 WL 889284 (N.D. Cal. Mar. 11, 2010) ................................. 11

*Karpe v. Chao*
    416 F. Supp. 3d 1021 (S.D. Cal. 2019) .................................................................................. 5

*Lebron-Rios v. United States Marshal Service*
    341 F. 3d 7 (1st Cir. 2003) ..................................................................................................... 3

*Liu v. Uber Techs. Inc.*
    551 F. Supp. 3d 988 (N.D. Cal. 2021) ................................................................................... 5

*O'Donnell v. U.S. Bancorp Equip. Fin., Inc.*
    No. C10-0941 TEH, 2010 WL 2198203 (N.D. Cal. May 28, 2010) ..................................... 6

*Parlor v. Pernod Richard USA, LLC*
    No. 821CV01865JLSDFM, 2022 WL 17222231 (C.D. Cal. Aug. 11, 2022) ......................... 3

*Phillips v. Ford Motor Company*
    435 F.3d 785 (7th Cir. 2006) .................................................................................................. 8

*Rhoades v. Progressive Cas. Ins. Co., Inc.*
    No. 2:10-CV-0763-GEB-KJN, 2011 WL 397657 (E.D. Cal. Feb. 3, 2011) .......................... 11

*Rivera v. United States Postal Service*
    830 F.2d 1037 (9th Cir. 1987), cert. denied, 486 U.S. 1009 (1988) ....................................... 4

*Rockmond Dunbar v. The Walt Disney Co., et al.*
    No. CV 22-1075-DMG (JCX), 2022 WL 18357775 (C.D. Cal. July 25, 2022) ..................... 5

*Sanders v. Apple Inc.*
    672 F.Supp.2d 978 (N.D. Cal. 2009) ................................................................................ 9, 12

*Sciacca v. Apple, Inc.*
    362 F.Supp.3d 787 (N.D. Cal. 2019) ...................................................................................... 7

*Seifi v. Mercedes-Benz USA, LLC*
    No. C12-5493 TEH, 2013 WL 2285339 (N.D. Cal. May 23, 2013) .................................... 11

*Skilstaf, Inc. v. CVS Caremark Corp.*
    No. C 09-02514 SI, 2010 WL 199717 (N.D. Cal. Dec. 22, 2008) ..................................... 8, 9

*Sokol v. New United Mfg., Inc.*
    No. C 97-4211-SI, 1999 WL 1136683 (N.D. Cal. Sept. 20, 1999) ....................................... 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

iii

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

*Spencer v. Beavex, Inc.*
  No. 05–CV–1501WQH, 2006 WL 6500597 (S.D. Cal. Dec. 15, 2006) ................................ 12

*Stearns v. Select Comfort Retail Corp.*
  763 F.Supp.2d 1128 (N.D. Cal. 2010) ............................................................................. 12

*Stickrath v. Globalstar, Inc.*
  No. C07-1941 TEH, 2008 WL 5384760 (N.D. Cal. Dec. 22, 2008) ..................................... 8

*Strifling et al. v. Twitter, Inc.*
  Case No. 3:22-cv-07739, ECF No. 1 .................................................................................. 6

*Tietsworth v. Sears*
  720 F.Supp.2d 1123 (N.D. Cal. 2010) ............................................................................. 12

*Tolbert v. U.S.*
  916 F.2d 245 (5th Cir. 1990) ............................................................................................. 4

*TopDevz, LLC v. LinkedIn Corp.*
  No. 20-cv-08324-SVK, 2021 WL 3373914 (N.D. Cal. Aug. 3, 2021) ................................ 12

*Velazquez v. GMAC Mortg. Corp.*
  No. CV 08-05444DDPPLAX, 2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) ...................... 9

*Villamizar v. Senior Care Pharmacy Services, Inc.*
  No. 214CV01737TLNKJN, 2022 WL 755218 (E.D. Cal. Feb. 7, 2022) ............................... 2

*Wiener v. The Dannon Co.*
  255 F.R.D. 658 (C.D. Cal. 2009) ....................................................................................... 8

*Williams v. American Airlines, Inc.*
  No. 19-CV-08434-JSC, 2020 WL 1330388 (N.D. Cal. Mar. 23, 2020), *aff'd*, 846 F. App'x 560 (9th Cir. 2021) ............................................................................................................... 2

*Winns v. DeJoy*
  No. 21-CV-04264-VKD, 2022 WL 16557614 (N.D. Cal. Oct. 31, 2022) ............................. 3

*Zamora v. Penske Truck Leasing Co., L.P.*
  No. 220CV02503ODWMRWX, 2021 WL 809403 (C.D. Cal. 2021) .................................. 11

**CALIFORNIA CASES**

*Johnson v. City of Loma Linda*,
  24 Cal. 4th 61 (2000) ........................................................................................................ 2

*Prince v. CLS Transportation, Inc.*
  118 Cal. App. 4th 1320 (2004) ........................................................................................ 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

iv

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

**CALIFORNIA STATUTES**

California Fair Employment and Housing Act ............................................................................... 1

Declaratory Judgment Act.................................................................................................... 1, 2, 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

v

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

## I. INTRODUCTION

Plaintiff Borodaenko concedes filing this civil lawsuit without first exhausting his administrative remedies and receiving a right-to-sue notice from the EEOC or DFEH, a prerequisite to filing a claim under the Americans with Disabilities Act ("ADA") and/or California Fair Employment and Housing Act ("FEHA"). He argues the Court should "excuse" this well-established statutory requirement because he supposedly "needed" to rush to file this lawsuit to seek "emergency relief" to enjoin Twitter from distributing a severance and release agreement to employees impacted by Twitter's lawful reduction in force. His argument is entirely specious because (1) at no time did Bordaenko ever actually seek any emergency injunctive relief, and (2) his counsel already had sought the exact same relief one week earlier in an earlier-filed, separate lawsuit pending in the Northern District (*see Cornet, et al. v. Twitter, Inc.*, ECF No. 7). Borodaenko's ADA and FEHA claims must be dismissed based on his admitted failure to exhaust his administrative remedies and receive notices of right to sue.

In addition to Borodaenko's failure to comply with the statutory prerequisites prior to filing suit, the Court should dismiss his ADA and FEHA claims because the First Amended Complaint ("FAC") fails to allege facts to plausibly state a claim under either a disparate treatment or disparate impact theory of disability discrimination based on the *Twombly/Iqbal* standard.

The Court should dismiss the FMLA and CFRA claims in the FAC because Borodaenko admittedly never exercised any rights under FMLA or CFRA and his former co-plaintiff Abhijit Mehta has conceded that he cannot serve as a plaintiff and is pursuing his claims in arbitration (*see* ECF No. 20). No Article III case or controversy exists as to the FMLA or CFRA claims. Borodaenko argues that the Court should permit substitution of another plaintiff who has standing to assert FMLA and CFRA claims. However, Plaintiff has not identified any supposedly suitable substitute plaintiff and, given the absence of any Article III case or controversy, no basis exists to grant such relief pre-certification. As a result, the FMLA and CFRA claims should be dismissed.

Plaintiff concedes the claim for relief under the Declaratory Judgment Act was "effectively adjudicated" in *Cornet, et al. v. Twitter, Inc.* This claim is thus moot, no Article III

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

case or controversy exists, and it should be dismissed.

Plaintiff's putative class action allegations and claims should be stricken as they are not plausible under the *Twombly/Iqbal* standard. The only substantive (*i.e.*, non-conclusory) factual allegations in the FAC relate entirely to Borodaenko's specific individualized circumstances; the FAC lacks sufficient factual allegations to make plausible the claims that (a) Borodaenko is similarly situated to other purportedly "disabled" Twitter employees, (b) his claims are common or typical of any putative class member, or (c) the proposed class definition could be ascertainable given the hundreds, if not thousands, of individualized assessments necessary to determine membership in the proposed class of "disabled" persons. Of course, Borodaenko cannot maintain class claims under the FMLA and CFRA because he never exercised any rights under these statutes.

The Court should grant Twitter's Motion and dismiss the claims for discrimination in violation of the ADA, discrimination in violation of FEHA, violation of the FMLA, violation of the CFRA, and for relief pursuant to the Declaratory Judgment Act pursuant to Rule 12(b)(6). The Court also should strike Plaintiffs' class claims under Rule 12(f).

## II.     ARGUMENT

### A.     Plaintiffs' ADA and FEHA Claims Must Be Dismissed.

#### 1.     Borodaenko Concededly Failed to Exhaust Administrative Remedies.

Borodaenko admits that he has not received a right-to-sue notice (Opp., 8:3-5), a concession that mandates dismissal.[1] With respect to his California FEHA claims, courts consistently find administrative exhaustion as "a jurisdictional prerequisite to resort to the courts." *Williams v. American Airlines, Inc.*, No. 19-CV-08434-JSC, 2020 WL 1330388, at *5 (N.D. Cal. Mar. 23, 2020), *aff'd*, 846 F. App'x 560 (9th Cir. 2021) (quoting *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000)); *Villamizar v. Senior Care Pharmacy Services, Inc.*, No. 214CV01737TLNKJN, 2022 WL 755218, at *4 (E.D. Cal. Feb. 7, 2022) ("[E]xhaustion of the

---

[1] Borodaenko argues that he filed a Charge of Discrimination with the EEOC on November 17, 2022. That is not true – the facsimile transmittal sheet clearly shows that Borodaenko did not submit his Charge of Discrimination to the EEOC until Friday, November 18, 2022— *two days after* he filed the original Complaint on November 16. *See* Opp., 7:25-28 and Exhibit A (ECF No. 21-1, page 2).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

administrative remedy is a jurisdictional prerequisite to resort to the courts…"). For a federal court to exercise jurisdiction over FEHA claims, a plaintiff "must affirmatively plead exhaustion in [his] complaint, or [he] must attach the relevant administrative papers to [his] complaint." *Parlor v. Pernod Richard USA, LLC*, No. 821CV01865JLSDFM, 2022 WL 17222231, at *2 (C.D. Cal. Aug. 11, 2022). Where, as is the case here, a plaintiff fails to do so, dismissal of the FEHA claim is warranted. *Id.* at *3. With respect to his federal ADA claims, while courts have clarified that exhaustion of administrative remedies is "non-jurisdictional," proper exhaustion nonetheless remains *mandatory*. *Winns v. DeJoy*, No. 21-CV-04264-VKD, 2022 WL 16557614, at *9 (N.D. Cal. Oct. 31, 2022) (citing *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1853, 1851 (2019)). Exhaustion of administrative remedies "is a mandatory claim-processing rule, and a court must enforce [it] if a party properly raises it." *Guevara v. The Ritz-Carlton Hotel Company, LLC*, No. 221CV09792ODWMARX, 2023 WL 1448004, at *3 (C.D. Cal. Feb. 1, 2023) (citing *Fort Bend County*, 139 S. Ct. at 1849-1851). A court may dismiss an ADA claim where a plaintiff files suit *without first* exhausting his administrative remedies. *See, e.g., Guevara*, 2023 WL 1448004, at *3; *Lebron-Rios v. United States Marshal Service*, 341 F. 3d 7, 12 (1st Cir. 2003).

Borodaenko's request that the Court "excuse" his failure to comply with statutory prerequisites to suit because he wanted to "seek immediate court intervention in order to prevent Twitter from seeking and obtaining releases of discrimination claims from employees who were laid off, without them knowing of their rights or the pendency of this case" is unwarranted and specious. Opp., 10:21-24. On November 9, 2022—*seven (7) days before* Borodaenko filed his original Complaint—plaintiffs in *Cornet v. Twitter, Inc.* (Northern District Case No. 3:22-cv-06857-JD) ("*Cornet*"), who are represented by *the same counsel of record*, filed an Emergency Motion for a Protective Order (the "Emergency Motion") requesting that the Court require Twitter to provide notice of the *Cornet* lawsuit in any severance and release agreements distributed to employees laid off as part of Twitter's reduction in force. *See Cornet,* ECF No. 7. On November 16, 2022, Twitter agreed not to seek *any* general releases pending the adjudication of *Cornet*'s Emergency Motion. *See Cornet* ECF No. 14. Borodaenko nonetheless still filed his

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

Complaint that same day. The *Cornet* court granted the Emergency Motion on December 14, 2022. *Cornet* ECF No. 42. Borodaenko clearly did not "need" to file his Complaint on November 16 in order to seek emergency injunctive relief because (1) his counsel *already* had filed such an "emergency motion" one week prior in *Cornet*, and (2) Twitter *already* had agreed not to distribute severance/release agreements pending resolution of the issue by the *Cornet* court. Borodaenko's supposed "urgency" for filing this lawsuit without properly exhausting his administrative remedies is an artifice, and no legitimate basis exists to excuse his failure to comply with long-standing and well-established administrative exhaustion requirements.

Plaintiffs also argue that "the Court should permit Plaintiffs' discrimination claims under the ADA and FEHA to proceed, rather than dismissing" them because "Borodaenko is likely to have received his right to sue notice before further substantive proceedings in this case." Opp., 8:5-8. The Court should reject this argument for several reasons. First, the belated issuance of a right-to-sue notice does not cure Plaintiff's failure to comply with the requirement in the first instance. *Tolbert v. U.S.*, 916 F.2d 245, 249 (5th Cir. 1990); *Rivera v. United States Postal Service*, 830 F.2d 1037, 1039 (9th Cir. 1987), cert. denied, 486 U.S. 1009 (1988). Plaintiff tries to distinguish *Tolbert* and *Rivera* by arguing that neither case involved any "urgency or pressing need" to file suit prior to exhausting administrative remedies, but as the undisputed chronology of events described *supra* makes clear, no urgency or pressing need exists here, so *Tolbert* and *Rivera* should control the Court's resolution of this issue in favor of Twitter. Second, the Court should give little weight to the out-of-state authorities cited by Plaintiff because they are not binding on this Court and, in any event, distinguishable because in each case where a court declined to dismiss the lawsuit, the plaintiff had received a right-to-sue notice before the hearing on the motion to dismiss. Here, in contrast, Borodaenko has not received a right to sue notice from either the EEOC or DFEH. Opp., 8:3-5. The Court should not grant Plaintiff a reprieve from dismissal of his ADA and FEHA claims based on Plaintiff's speculative arguments about what he believes is "likely". There is no dispute that Plaintiff was required to exhaust his administrative remedies prior to filing this lawsuit and he failed to do so. His employment was terminated on November 15, 2022 (*see* FAC ¶39) – yet he chose to file this lawsuit *literally one*

*day later*, on November 16, 2022, perhaps setting a record for the quickest lawsuit ever filed over an employment termination. There is simply no legitimate, legal justification that would "excuse" his rush to file in court without complying with the statutory prerequisites to suit.

### 2. The FAC Fails to Plausibly Plead a Disparate Impact Claim.

As articulated in Twitter's Motion, the substantive factual allegations in the FAC relate entirely to Borodaenko's unique, individualized circumstances while, in contrast, the allegations regarding other supposedly "disabled" employees and Twitter's alleged "policies" are entirely conclusory and not sufficient to plausibly plead a disparate impact disability discrimination claim. *See* Mot. at 10-11. Borodaenko misleadingly attempts to diminish the burden upon a plaintiff when pleading a disparate impact discrimination claim. "Although a plaintiff need not provide comprehensive statistical evidence at the pleading stage, he still must allege specific facts from which a reasonable inference can be drawn that an employment practice broadly impacts a certain group in an adverse manner—not merely a single person." *Rockmond Dunbar v. The Walt Disney Co., et al.*, No. CV 22-1075-DMG (JCX), 2022 WL 18357775, at *2 (C.D. Cal. July 25, 2022); *see Liu v. Uber Techs. Inc.*, 551 F. Supp. 3d 988, 991 (N.D. Cal. 2021) ("Ultimately, all that [plaintiff] has alleged so far is that he himself was terminated, and the Court cannot draw an inference of disparity from a single data point."); *Arnold v. Sessions*, No. 4:18-CV-00553-KAW, 2018 WL 6728008, at *9 (N.D. Cal. Dec. 21, 2018) ("Plaintiff fails to allege any facts establishing women, or even another woman ... were subject to 'a significantly adverse or disproportionate impact' as a result of the [policy].").

Here, Borodaenko failed to plead substantive factual allegations that would reasonably and plausibly show that Twitter's policies resulted in a disparate impact on "disabled" employees. At a minimum, the pleading stage requires a plaintiff to allege facts that indicate "a right to relief above the speculative level." *Karpe v. Chao*, 416 F. Supp. 3d 1021, 1029 (S.D. Cal. 2019). Here, the FAC includes nothing but speculative and conclusory assertions as to employees other than Borodaenko. Borodaenko's proposed approach – *i.e.*, have the Court bypass and ignore this critical pleading requirement and jump ahead to discovery stage – is entirely improper. As the court explained in *Liu*, 551 F. Supp. 3d at 991:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

"[T]he answer is not—as [plaintiff] seemingly contends—to plow ahead to discovery before successfully pleading the first element of a disparate impact claim. The answer is that [plaintiff] must make a more sophisticated effort at the front end to develop a plausible factual basis in support of his assertion […]. He has not yet done this legwork (or if he has, he has not described it in the complaint). Ultimately, all that [plaintiff] has alleged so far is that he himself was terminated, and the Court cannot draw an inference of disparity from a single data point."

The Court should grant Twitter's motion to dismiss Borodaenko's disparate impact claim.

### 3.     The FAC Fails to Plausibly Plead a Disparate Treatment Claim.

The FAC lacks non-conclusory, substantive factual allegations that would plausibly show Twitter had an animus towards disabled employees that motivated it to implement a return-to-work directive and lay off thousands of employees in a worldwide reduction in force.  The arguments in the Opposition regarding the disparate treatment claim are undercut by the other pending lawsuits filed against Twitter by Borodaenko's counsel alleging *different* supposed motivations for the layoffs of employees.  *See Cornet et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, ECF No. 40 (alleging promissory estoppel claim based on alleged announcement "that employees may no longer work remotely (with a few exceptions)" on behalf of "all affected Twitter employees across the United States who have lost their jobs as a result of Twitter's mass layoffs"); *Strifling et al. v. Twitter, Inc.*, Case No. 3:22-cv-07739, ECF No. 1 (alleging that Twitter's layoffs and policies disproportionately impacted women, including its policies requiring employees to work out of physical offices and longer hours).  In addition to claims in these other lawsuits, the FAC itself alleges that Twitter's supposed policies affected *all Twitter employees*, not specifically disabled employees, which makes Borodaenko's disparate treatment claim implausible, as such claim specifically requires discriminatory intent. Mot. at 8:22-28.  The FAC contains only conclusory allegations that Twitter "discriminated against Plaintiff Borodaenko and other disabled Twitter employees" in violation of the ADA and FEHA.  FAC, pp. 11-12.  As this Court is aware, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *O'Donnell v. U.S. Bancorp Equip. Fin., Inc.*, No. C10-0941 TEH, 2010 WL 2198203, at *2 (N.D. Cal. May 28, 2010).  Because the FAC is devoid of factual allegations plausibly indicating that Twitter's policies were intended to discriminate against disabled

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

employees, the Court should dismiss Borodaenko's disparate treatment claim.

### B. Plaintiffs' FMLA and CFRA Claims Must Be Dismissed.

#### 1. Plaintiffs Failed to Substantively Oppose Dismissal of These Claims.

"[A] district court may find a cause of action waived where a plaintiff fails to defend the cause of action in opposition to a motion to dismiss." *Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1100 (N.D. Cal. 2017) (citations omitted); *see also Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence"); *Carrillo v. Citimortgage, Inc.* No. CV 09-2404 AHM (CWx), 2009 WL 4723616, at *2 (C.D. Cal. Dec. 2, 2009) ("Plaintiffs fail to address the preemption argument in their opposition effectively conceding the point"). Where a plaintiff effectively waives a claim, dismissal with prejudice is warranted. *Hadley*, 243 F.Supp.3d at 1100; *Sciacca v. Apple, Inc.*, 362 F.Supp.3d 787, 801-802 (N.D. Cal. 2019).

Here, Twitter's Motion argued that the FMLA and CFRA claims must be dismissed because: (1) those claims are specific to Plaintiff Mehta and he was bound by an arbitration agreement; and (2) Borodaenko admittedly cannot allege that he suffered an injury under the FMLA or CFRA because the FAC does not contain any allegations that Borodaenko exercised any rights under the FMLA or CFRA. *See* Mot., 11:19-13:6. As to the first argument, Plaintiffs have conceded that Mehta's claims must proceed individually in arbitration. *See* ECF No. 20. As to the second argument, Borodaenko failed to address it at all, let alone substantively oppose it. His silence constitutes waiver and therefore dismissal with prejudice is warranted.

#### 2. Plaintiffs' Request to Add a New Plaintiff to Prosecute The FMLA and CFRA Claims Should Be Rejected.

Borodaenko does not dispute that he lacks standing to prosecute the FMLA and CFRA claims. He attempts to preserve the FMLA and CFRA claims by seeking leave to amend to substitute in a new lead plaintiff. Yet, he has not identified any person with purported standing to prosecute the FMLA/CFRA claims.[2] Opp., p. 17, n. 4. Plaintiffs fail to cite to any binding authority

---

[2] Plaintiff asserts he is "in the process of" identifying a proposed substitute lead plaintiff. He should have done so at the time of filing his Opposition. To the extent Plaintiff attempts to "sandbag" Twitter with such information prior to the hearing on this motion, Twitter requests that the Court

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

to support the notion that, pre-certification, granting leave to amend is proper where the current named plaintiff lacks standing to prosecute the claims alleged and where no substitute plaintiff currently exists.[3] *See Bates v. Leprino Foods Co.*, No. 220CV00700AWIBAM, 2022 WL 3371584, at *2 (E.D. Cal. Aug. 16, 2022) (a specific substitute plaintiff was identified and the named plaintiff's were not withdrawn for lack of standing); *Aguilar v. Boulder Brands, Inc.*, No. 3:12-CV-01862-BTM, 2014 WL 4352169, at *9 (S.D. Cal. Sept. 2, 2014) (a specific substitute plaintiff was identified and the court noted there was "still a very real case or controversy sufficient to support federal jurisdiction"). Courts should not allow amendment where no substitute plaintiff has been identified. "Ordinarily, the substitution of class representatives is permitted only after a class has already been certified."[4] *Skilstaf, Inc. v. CVS Caremark Corp.*, 2010 WL 199717, at *6. "This is because, when the named plaintiff's claim is dismissed at the pleading stage, there is no longer an Article III 'case or controversy' between the parties, and the action must be dismissed." *Id.* Here, Plaintiffs concede that Borodaenko does not have standing to prosecute the FMLA or CFRA claims. Accordingly, there is no live "case or controversy" to be decided and the Court should dismiss such claims. *See Bernor*, 2018 WL 588563, at *6-7 (dismissing the complaint without leave to amend and finding that the "[p]laintiffs, who admit they lack standing . . . cannot cure the absence of subject matter jurisdiction through substitution of a new plaintiff").

Even if Plaintiffs identified another plaintiff, substitution would be inappropriate now, at the pre-certification stage. *Skilstaf, Inc. v. CVS Caremark Corp.*, 2010 WL 199717, at *6

---

order full briefing as to whether leave to amend is appropriate here before ruling on any requested amendment.

[3] Plaintiffs cite *Phillips v. Ford Motor Company*, 435 F.3d 785, 787 (7th Cir. 2006), but that Seventh Circuit decision has been squarely rejected by courts in the Ninth Circuit. *See Bernor v. Takeda Pharms. Am., Inc.*, No. LACV1204856VAPJPRX, 2018 WL 588563, at *6 (C.D. Cal. Jan. 25, 2018), judgment entered, No. LACV1204856VAPJPRX, 2018 WL 575319 (C.D. Cal. Jan. 25, 2018) (noting that "in light of authority to the contrary […] the Court does not find the reasoning in *Phillips* persuasive, especially because the Ninth Circuit has not adopted this approach, nor even cited *Phillips* favorably").

[4] In *Skilstaf*, the court expressly noted that *Strickrath* and *Wiener*— both of which Plaintiffs cite— had distinct facts and "d[id] not present grounds for departing from the usual rule." *Id.* The same is true here. *See Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 5384760, at *7 (N.D. Cal. Dec. 22, 2008) (allowing 28 days for the substitution of the named plaintiff where the named plaintiff's claim was found to be time-barred just prior to the class certification hearing); *Wiener v. The Dannon Co.*, 255 F.R.D. 658 (C.D. Cal. 2009) (permitting approximately two weeks for substitution of class representative after class certification hearing and issuance of order finding that all certification requirements had been met other than typicality).

(dismissing the plaintiffs' complaint without leave to amend and noting that "the Court is not persuaded that it would be appropriate to permit the substitution of another class representative at this [pre-certification] stage"); *Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444DDPPLAX, 2009 WL 2959838, at *3 (C.D. Cal. Sept. 10, 2009) (emphasizing that "[t]he reason substitution is appropriate after class certification is that 'once certified, a class acquires a legal status separate from that of the named plaintiffs,' such that the named plaintiff's loss of standing does 'not necessarily call for the simultaneous dismissal of the class action, if members of that class might still have live claims'" and finding that "this line of reasoning is inapposite […] where no class has yet been certified"). The FMLA and CFRA claims should be dismissed without leave to amend.

### C. Plaintiffs Concede that the Claim for Relief Under the Declaratory Judgment Act Should Be Dismissed.

In a footnote, Plaintiffs admit that their claim for relief under the Declaratory Judgment Act was "effectively already adjudicated" in *Cornet*. Opp., p. 5, n. 2; *see also Cornet* ECF No. 42 (Order Re Litigation Notice). Accordingly, and for the reasons set forth in Twitter's Motion, this claim should be dismissed without leave to amend.

### D. The Court Should Strike Plaintiffs' Class Claims Under Rule 12(f).

Plaintiffs argue that a Rule 12(b)(6) motion "is not an appropriate vehicle to challenge class allegations." Opp. 17:8-23. This argument misses the mark, because Twitter's Motion sought dismissal under Rule 12(b)(6) or, in the alternative, *striking under Rule 12(f)* – a fact apparent from the Notice of Motion (2:4-6; 3:3-14) and Points and Authorities (5:17-28; 14:8-20:17). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 990 (N.D. Cal. 2009) (citations omitted); *see also General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim").

Here, the allegations in the FAC warrant striking Plaintiffs' class action allegations and claims. Critically, Borodaenko cannot maintain a class action to redress injuries that he never

Morgan, Lewis & Bockius LLP
Attorneys at Law
Silicon Valley

9

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG

suffered, and thus cannot serve as a class representative for any FMLA and CFRA claims, as he never exercised any rights under FMLA or CFRA. Nor can he represent employees who allegedly suffered harm as a result of Twitter's November 16, 2022 Fork action/Twitter 2.0 email asking employees to commit to "working long hours at high intensity", because the allegations of the FAC clearly demonstrate that the November 16, 2022 "Fork" action/Twitter 2.0 email was sent the *day after Borodaenko had been fired*. *See* FAC ¶ 39. Borodaenko never received this email and never was faced with having to decide whether to make any such commitment – because he'd already been fired by Twitter. Borodaenko argues that he can pursue class claims on behalf of the employees who voluntarily chose not to remain employed at Twitter following receipt of the "Fork" action/Twitter 2.0 email but offers no authority in support of this proposition, let alone any logical explanation how he could have suffered any injury as a result of an action (*i.e.*, Twitter's "Fork" action/Twitter 2.0 email) that occurred *after* his employment was already terminated. The law is clear that where a named plaintiff has suffered no injury, they "simply [are] not eligible to represent a class of persons who did allegedly suffer injury." *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403-404 (1977); *see also Chavez v. Wal-Mart Stores, Inc.*, No. CV136429GHKPJWX, 2014 WL 12591252, at *4-5 (C.D. Cal. June 2, 2014). The fact that Borodaenko was fired close in time to other employees who voluntarily resigned in response to the "Fork" action/Twitter 2.0 email does not change the analysis.

Plaintiffs' class allegations are not simply plausible for additional, independent reasons as well. First, Plaintiffs fail to plead that Borodaenko is similarly situated to other putative class members. As set forth more fully in Twitter's Motion, the ADA and FEHA claims are premised upon factual allegations that are uniquely specific to Borodaenko's individualized circumstances. Mot., 15:4-16:23. While the FAC alleges that Borodaenko is immunocompromised, needed to work remotely during the pandemic, and was fired following his refusal to return to the office after he sent his manager an email addressing his physical status and concerns, the FAC does not include *any* substantive factual allegations about *any other supposedly disabled employees*' alleged need to work remotely work as a reasonable accommodation for their particular disability and/or Twitter's response(s) to any such accommodation requests. *See* FAC, ¶¶ 33-35. Similarly, while the FAC

alleges that Borodaenko's workload and number of direct reports increased, the FAC does not contain *any* substantive factual allegations about how *any other supposedly disabled employees* may have been negatively impacted by Twitter's changed work environment.  See FAC, ¶ 44. Borodaenko cannot extrapolate his unique individualized experience onto all "disabled" Twitter employees (which presumes such "disabled" employees are ascertainable – a hurdle the FAC completely ignores).  Accordingly, the putative class claims cannot lie.  *Zamora v. Penske Truck Leasing Co., L.P.*, No. 220CV02503ODWMRWX, 2021 WL 809403, at *3 (C.D. Cal. 2021) ("Whether Plaintiff[] adequately allege[s] claims on [his] own behalf is beside the point"); *Bush v. Vaco Tech. Servs., LLC*, No. 17-CV-05605-BLF, 2018 WL 2047807, at *6 (N.D. Cal. May 2, 2018) (dismissing class claims because the complaint was "completely devoid of any allegations tying [the plaintiff's] experience to the thousands of individuals" in the putative class); *Jue v. Costco Wholesale Corp.*, No. C 10–00033–WHA, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010) ("Class allegations must [be] supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted").  Plaintiffs cite a smattering of cases arguing that ascertainability should not be decided at the pleadings stage, however, these cases are inapposite because none involves a putative class action alleging disability discrimination. Two cases were wage/hour class actions (*Prince v. CLS Transportation, Inc.*, 118 Cal. App. 4th 1320, 1325 (2004); *Rhoades v. Progressive Cas. Ins. Co., Inc.*, No. 2:10-CV-0763-GEB-KJN, 2011 WL 397657, at *4 (E.D. Cal. Feb. 3, 2011), and two cases were consumer class actions were, unlike here, the defects were not apparent from the face of the complaint.  See *Seifi v. Mercedes-Benz USA, LLC*, No. C12-5493 TEH, 2013 WL 2285339, at *9 (N.D. Cal. May 23, 2013) (consumer class action relating to car parts, the court held that "[t]his is not a case in which the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff[s'] claim); *Henderson v. J.M. Smucker Co.*, No. CV-10-4524-GHK-VBK, 2011 WL 1050637, at *2 (C.D. Cal. Mar. 17, 2011) (consumer class action related to food packaging, the court considered "the allegations to be sufficient at this stage").  As this Court is aware, disability discrimination claims involve a litany of *highly individualized* issues including, but not limited to, whether an employee qualifies as a person with disability, whether

they needed a reasonable accommodation, whether they communicated any accommodation request to the employer, what was the nature of all potential accommodations considered, whether the employer responded to the request, would providing an accommodation constitute an undue hardship, etc. Nothing in the FAC ties Borodaenko's individual situation to any other Twitter employees or makes plausible how he could prosecute a class action on behalf of any other employees for disability discrimination.

Second, Plaintiffs fail to plead an ascertainable class. Plaintiffs allege claims on behalf of "all similarly situated Twitter employees across the United States who are either disabled or have taken, or planned soon to take, a family or medical leave, and whose jobs have been affected by the company's layoffs, terminations, and heightened demands on the workforce." FAC, ¶ 17. Plaintiffs argue that this proposed definition "suffice[s] to define the class at this stage" and that "Twitter's demand for greater specificity is unsupported by law." Opp., 20:14-15. Plaintiffs are wrong. A class definition must be precise and objective. *Gray v. Golden Gate Nat. Recreational Area*, 279 F.R.D. 501, 508 (N.D. Cal. 2011) (citations omitted). Proposed class definitions fail on ascertainability grounds where, as is the case here, they require "a highly fact-specific and individualized inquiry," or where they encompass putative class members who have suffered no injury and lack standing to sue. *See Spencer v. Beavex, Inc.*, No. 05–CV–1501WQH, 2006 WL 6500597, at *9 (S.D. Cal. Dec. 15, 2006) (citations omitted); *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1152 (N.D. Cal. 2010). Courts routinely grant motions to strike class allegations on this basis. *See, e.g., Tietsworth v. Sears*, 720 F.Supp.2d 1123, 1147 (N.D. Cal. 2010); *Sanders*, 672 F.Supp.2d at 991.[5] Here, Plaintiffs' proposed class definition suffers from multiple fatal defects. First, the Court would need to conduct individualized inquiries to determine whether a putative class member is, in fact, "disabled", whether they took a family or medical leave, and/or whether they "planned" to take a medical leave, and, perhaps most troublesome, "whose jobs have been affected by the company's layoffs, terminations, and heightened demands on the workforce." How would inclusion is this "class" that ever be determined? Not surprisingly, Plaintiff does not

---

[5] Although leave to amend was granted in *Tietsworth* and *Sanders*, such relief would not be proper here for the reasons set forth above.

answer that question. Second, the proposed definition encompasses employees that have not suffered any injury. Not all "disabled" Twitter employees required *a* reasonable accommodation at the time of Twitter's layoffs, nor did all "disabled" Twitter employees require *the* accommodation of remote work as a reasonable accommodation.[6]

Third, Plaintiffs fail to allege facts that would plausibly support a finding of commonality or typicality. Plaintiffs merely assert that "[a]s a matter of common sense, the facts and law that will establish liability for this alleged unlawful conduct will apply commonly across all putative plaintiffs" and "Plaintiffs' complaint plausibly alleges typicality." Opp., 21:11-13, 21:18. Here, Plaintiffs' proposed class definition encompasses every disabled Twitter employee *and* employees who had recently taken *or* planned to take a family or medical leave *or* "whose jobs have been affected by the company's layoffs, terminations, and heightened demands on the workforce." The Court will have to conduct highly individualized inquiries to determine whether a disabled employee was "affected by the company's layoffs, terminations, and heightened demands on the workforce" (versus whether an employee was involuntarily terminated based on performance and/or misconduct or voluntarily decided not to remain employed following receipt of the Fork/Twitter 2.0 communication). Further, the Court would be forced to evaluate each disabled employees' specific circumstances (for example, whether they actually required remote work as a reasonable accommodation or otherwise needed an accommodation to perform the essential functions of their job in Twitter's new working environment). These types of individualized inquiries clearly preclude a find of commonality among putative class members. *See, e.g., Sokol v. New United Mfg., Inc.*, No. C 97-4211-SI, 1999 WL 1136683 (N.D. Cal. Sept. 20, 1999).[7]

As to the FMLA/CFRA claims, given that Borodaenko did not exercise any rights under FMLA or CFRA, he cannot show that his claims are common or typical of the FMLA/CFRA class, nor is he an adequate representative for those claims. *Gray v. Golden Gate Nat. Recreational Area*,

---

[6] Plaintiffs' citation to *TopDevz, LLC v. LinkedIn Corp.*, No. 20-cv-08324-SVK, 2021 WL 3373914 (N.D. Cal. Aug. 3, 2021) is inapposite. The challenge to the class definition in that case was a fact-specific defect that could not be determined from the face of the complaint, but rather required "development of the record," so the court rejected it. *Id*. at *12.

[7] Although Plaintiffs correctly point out that *Sokol* was decided at the class certification stage, the decision persuasively illustrates the difficulties inherent in a class action predicated upon disability discrimination.

279 F.R.D. 501, 509 (N.D. Cal. 2011) ("[R]epresentative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical"); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) ("[a]dequate representation depends on… a sharing of interest between representatives and absentees").

For all of the foregoing reasons, the class allegations and claims in the FAC should be stricken.

### III.    CONCLUSION

The Court should dismiss the ADA, FEHA, FMLA, CFRA and Declaratory Relief claims in the First Amendment Complaint without leave to amend and should strike the putative class actions allegations and claims, and grant all relief in favor of Twitter that the Court finds appropriate.

Dated: February 7, 2023                                   MORGAN, LEWIS & BOCKIUS LLP


By       */s/ Eric Meckley*
         Eric Meckley
         Brian D. Berry
         Ashlee N. Cherry
         Kassia Stephenson

         Attorneys for Defendant
         TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

TWITTER'S REPLY IN SUPPORT OF
MOTION TO DISMISS AND/OR STRIKE
CASE NO. 4:22-cv-07226-HSG