MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DMITRY BORODAENKO and ABHIJIT MEHTA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 4:22-cv-07226-HSG<br><br>**DEFENDANT TWITTER, INC.'S OBJECTION AND REQUEST TO STRIKE PLAINTIFFS' SUR-REPLY TO MOTION TO DISMISS**<br><br>Date:    April 20, 2023<br>Time:   2:00 p.m.<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S OBJECTION TO PLAINTIFFS'
SUR-REPLY TO MOTION TO DISMISS
CASE NO. 4:22-cv-07226-HSG

## OBJECTION TO AND REQUEST TO STRIKE PLAINTIFFS' SUR-REPLY TO MOTION TO DISMISS

Plaintiffs Dmitry Borodaenko and Abhijit Mehta (collectively, "Plaintiffs") filed unilaterally, without this Court's permission and prior approval, a sur-reply to Defendant Twitter, Inc.'s ("Twitter") Reply to Motion to Dismiss ("Sur-Reply").  *See* Dkt. Nos. 24 and 25. Plaintiffs did not seek (let alone obtain) leave of Court to file this unpermitted Sur-Reply.  *See Alaska Wildlife Alliance v. Jensen*, 108 F.3d 1065, n. 5 (9th Cir. 1997) (noting the proper procedure to address issues related to reply brief is to move to file a sur-reply).  As a result, Plaintiffs' Sur-Reply is procedurally improper.  *See Lowenberg v. Illinois Mut. Life Ins. Co.*, No. 21-CV-09739-HSG, 2022 WL 3925298, at *1, n. 1 (N.D. Cal. Aug. 30, 2022) (sustaining defendant's objection to plaintiff's "procedurally improper sur-reply without the Court's permission" and ordering the clerk to strike the sur-reply); *Harold v. Wells Fargo Bank, N.A.*, No. 19-CV-08020-JST, 2020 WL 3867203, at *1, n. 2 (N.D. Cal. May 29, 2020) (noting the Court would not consider the plaintiffs' two sur-replies filed "without leave of court" and citing to Civil L.R. 7-3(d), which provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval"); *Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2016 WL 7178559, at *1, n. 1 (N.D. Cal. Dec. 9, 2016) ("Plaintiff's sur-reply was procedurally improper: Plaintiff has no right to file a sur-reply under the Local Rules or the Federal Rules of Civil Procedure, or the Court's Standing Order and Plaintiff did not obtain leave of court to file a sur-reply.").

Plaintiffs' Sur-Reply does not fall within any of the permitted exceptions to filing supplemental material after a reply has been filed.  *See* N.D. Cal. Civ. L.R. 7-3(d).  Specifically, the only two exceptions to filing supplemental material after a reply has been filed is (1) an objection to evidence submitted on reply; and (2) in order to bring to the Court's attention "a relevant judicial opinion published after the date the opposition or reply was filed." *See* N.D. Cal. Civ. L.R. 7-3(d)(1)-(2).  Plaintiffs' Sur-Reply falls within neither exception recognized by the Court's Local Rules.  First, the Sur-Reply is not an objection to any evidence submitted by Twitter in its Reply.  *See*, *e.g.*, Sur-Reply.  Plaintiffs' Sur-Reply does not assert any objections, nor could it given that Twitter did not submit any additional/new evidence in connection with its Reply.  *See*

Dkt. No. 23. As a result, there is nothing to "object" to. Second, Plaintiffs' Sur-Reply does not identify or refence a judicial opinion that was issued after the date of the opposition (January 20, 2023) or the reply (February 7, 2023). *See* Sur-Reply. Accordingly, there is no exception to consider Plaintiffs' Sur-Reply.

      Finally, Plaintiffs may contend that they wanted to submit the Notices of Right to Sue issued by the EEOC and California Civil Rights Division. However, Plaintiffs did not do just that (which, for the reasons explained *supra*, would nonetheless be inappropriate); instead, they used their impermissible Sur-Reply to make additional substantive arguments regarding the Motion to Dismiss including with case citations. Their attempt to "sandbag" Twitter should not be rewarded, and Twitter respectfully requests the Court sustain Twitter's objection and strike Plaintiffs' Sur-Reply in its entirety.

Dated: March 3, 2023

MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Eric Meckley*
    Eric Meckley
    Brian D. Berry
    Ashlee N. Cherry
    Kassia Stephenson

    Attorneys for Defendant
    TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S OBJECTION TO PLAINTIFFS'
SUR-REPLY TO MOTION TO DISMISS
CASE NO. 4:22-cv-07226-HSG