MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DMITRY BORODAENKO, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TWITTER, INC., <br><br> Defendant. | Case No. 3:22-cv-07226-AMO <br><br> Assigned to: Hon. Araceli Martinez-Olguin <br><br> **DEFENDANT TWITTER, INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO RELATE CASES** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT'S OPPOSITION TO
MOTION TO RELATE CASES
CASE NO. 3:22-cv-07226-AMO

Plaintiff Dmitry Borodaneko's Motion to Relate Cases is a transparent exercise in judge shopping. Over the last five (5) months, the lawyers representing Plaintiff Dmitry Borodaenko in this disability discrimination action repeatedly have told the courts in this District that this action is **not** related to the sex-discrimination action (*Strifling v. Twitter Inc.*, Case No. 22-cv-07739-JST) or the age-discrimination action (*Zeman v. Twitter, Inc.*, Case No. 3:23-cv-01786) that the same lawyers are prosecuting against Twitter in this District. *See* Request for Judicial Notice ("RJN"), Ex. 1 (civil cover sheet in *Strifling* that does not identify *Borodaneko* as a related case), Ex. 2 (same re: second civil cover sheet in *Strifling*), Ex. 3 (civil cover sheet in *Zeman* that does not identify *Borodaneko* as a related case).

Based on Plaintiffs' counsel's prior representations, the Court did not have occasion at the outset of litigation to assess the relationship between the cases and to consider whether judicial re-assignment would be proper. So, why did Plaintiff file an untimely Motion to Relate Cases now? It is not because his lawyers have changed their minds about whether the cases are related. Rather, it is because his lawyers were disappointed when (i) on May 5, 2023, Judge Gilliam issued an order in this action granting Twitter's Motion to Compel one plaintiff into arbitration and granting Twitter's Motion to Dismiss the remaining plaintiff's claims (RJN, Ex. 4), and (ii) on May 8, 2023, the next court day, Judge Tigar granted Twitter's Motion to Dismiss the *Strifling* matter (RJN, Ex. 5). So, when this matter was reassigned away from Judge Gilliam two days later, on May 10, 2023, Plaintiff's lawyers saw a judge-shopping opportunity and seized on it by filing this administrative motion. The Court should not reward this transparent gamesmanship. *See, e.g., Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 2009 WL 3458704, at *2 (N.D. Cal. Oct. 23, 2009) (explaining that a party's attempt to transfer its case "soon after receiving an adverse ruling" has "the appearance of judge shopping, which . . . weighs heavily against relating the cases," and that "judicial economy is better served" by not re-assigning the case where a judge "ha[d] already issued a lengthy order" dismissing the Complaint after devoting "significant time and energy."); *Storrer v. Paul Revere Life Ins.*, 2008 WL 667402, at *1 (N.D. Cal. March 6, 2008) (rejecting a motion to relate cases "because of the attendant risks of judge-shopping"); *see also Hodges v. Solar*, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) (cases not related even

though they concerned substantially the same transaction and events because "the legal claims, named defendants, and procedural posture are different", so there is no risk of "an unduly burdensome duplication of labor and expense or conflicting results").

This Court should not shoulder the burden of getting up to speed on *Strifling* and *Zeman* at Plaintiff's counsel's behest. In *Strifling,* Judge Tigar has already analyzed the issues in that case, studied the parties' extensive briefing, and prepared a detailed, 16-page order on the many defects in the *Strifling* complaint. RJN, Ex. 5. Similarly, Judge Ilston, who is presiding over *Zeman*, is currently evaluating Twitter's Motion to Dismiss the complaint in that case. *See* RJN, Ex. 6 (*Zeman* docket sheet). Re-assigning these cases now would create the very inefficiencies that Local Rule 3-12 is meant to avoid.

Last, but certainly not least, *Zeman* and *Strifling* do not satisfy the standard for "related cases" with *Borodaenko* for the following reasons:

### 1. *Strifling* and *Zeman* Do Not Concern Substantially the Same Parties as This Action.

*Strifling* is a putative sex-discrimination class action brought on behalf of certain former female employees of Twitter. RJN, Ex. 4. Plaintiff Borodaenko is a man -- he is *not* a putative class member in *Strifling*. Similarly, Plaintiff has not asserted that either of the named plaintiffs in *Strifling* are disabled, so there is no reason to believe they are members of the putative class in this action.

*Zeman* is a putative age-discrimination collective and class action brought on behalf of certain former employees of Twitter who were age 50 or older at the time of their termination. RJN, Ex. 7. Plaintiff Borodaenko is 44 years old (and he does not contend that he was age 50 or older at the time of his termination), so he is *not* a putative class member in *Zeman*. Similarly, Borodaenko does not contend that the named plaintiff in *Zeman* is disabled, so there is no reason to believe that Zeman is a member of the putative class in this action.

As a result, the parties in these actions are not substantially the same, and the Civil Local Rule 3-12(a)(1) criteria are not satisfied.

///

### 2. *Strifling* and *Zeman* Do Not Concern Substantially the Same Transactions or Events as This Action.

Beyond observing superficial similarities, Plaintiff does not even try to explain (let alone demonstrate for the Court) how or why these cases supposedly involve substantially the same transactions or events. *See Hynix Semiconductor v. Rambus, Inc.*, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) (cases not related under the first prong even though they may involve "some of the same" property and events because they did not involve "substantially the same" property or events that made up the "substantial whole of the case"). That is because these cases involve completely different transactions and events. The sex-discrimination claim in *Strifling* and the age-discrimination claim in *Zeman* involve allegations that the large reduction-in-force ("RIF") that Twitter implemented on November 4, 2022 disfavored those protected groups. In contrast, Plaintiff Borodaenko's claims in this action do not relate to the RIF *at all*. Rather, Plaintiff alleges that Twitter's post-RIF, return-to-office policy on November 9, 2022, was discriminatory toward its disabled employees and further alleges that disabled Twitter employees "felt forced to resign" when Twitter later implemented a post-RIF policy that required them to "work long hours at high intensity." ECF No. 8 (FAC ¶¶ 8, 9). In arguing that the cases are related, Plaintiff simply ignores Judge Tigar's holding that the plaintiffs in *Strifling* cannot assert a claim arising from post-RIF policies because they were not subject to it. *See* RJN, Ex. 5 (Order Granting Motion to Dismiss in *Strifling* at p. 7, n.5 & p. 12, n. 9). In addition, the impact of a return-to-office policy on disabled employees and the reason(s) why Plaintiff or any other employee "felt forced to resign" due to their disabilities plainly do *not* involve Twitter's decision to affirmatively lay off a separate group of employees in the RIF, which is the set of events and transactions at issue in *Strifling* and *Zeman*. Thus, the Civil Local Rule 3-12(a)(1) criteria are not satisfied.

### 3. *Strifling* and *Zeman* Do Not Present a Risk of Unduly Burdensome Duplication of Labor and Expense or Conflicting Results with this Action.

Because the *Borodaenko* action involves different parties, who assert different claims, arising from different events, under different substantive laws, in comparison to *Strifling* and *Zeman*, the risk of "unduly burdensome duplication of labor and expense" is minimal to non-existent. Quite simply, there is no overlap whatsoever. In contrast, the Court should consider the

likely duplication of effort that will occur if *Strifling* and *Zeman* are re-assigned at this stage in their proceedings.

Because the claims in *Borodaenko* do not overlap at all with *Strifling* and *Zeman*, there is no risk of conflicting results. As a result, the Civil Local Rule 3-12(a)(2) criteria are not satisfied.

In order for a case to qualify as "related" under Civil Local Rule 3-12(a), it must satisfy both the sub-part (a)(1) *and* (a)(2) criteria. The failure to satisfy one sub-part prevents a finding that the cases are related. Here, Plaintiff cannot satisfy the requirements of either sub-part.

* * *

In conclusion, Plaintiffs' counsel filed Civil Case Cover Sheets many months ago in *Strifling* and *Zeman* attesting to the fact that there were *no other related cases*. They waited five (5) months after filing the *Strifling* complaint before first asserting that it was related to *Borodaenko*. In considering the present Motion, the Court should accept Plaintiffs' counsel's representations – *made prior to the recent adverse rulings and re-assignment order* -- to three separate judges in this District that these matters are not related. Plaintiff Borodaenko has failed to demonstrate that all of the criteria under Civil Local Rule 3-12(a) are satisfied.

The Court should deny the Motion.

Dated: May 19, 2023                                       MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Brian Berry
Eric Meckley
Brian D. Berry
Ashlee N. Cherry
Kassia Stephenson

Attorneys for Defendant
TWITTER, INC.

DB2/ 45778379.1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

DEFENDANT'S OPPOSITION TO
MOTION TO RELATE CASES
CASE NO. 3:22-cv-07226-AMO