MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
TWITTER, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DMITRY BORODAENKO, on behalf of himself and all others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>TWITTER, INC.,<br><br>  Defendant. | Case No. 3:22-cv-07226-AMO<br><br>Assigned to: Hon. Araceli Martinez-Olguin<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWITTER, INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO RELATE CASES** |

## **REQUEST FOR JUDICIAL NOTICE**

In accordance with Federal Rule of Evidence 201, Defendant Twitter, Inc. respectfully requests that this Court take judicial notice of Exhibits 1 through 6 attached to this Request for Judicial Notice in connection with Defendant's Opposition to Plaintiff's Administrative Motion to Relate Cases.

Rule 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001))).

This Court can take judicial notice of Exhibit 1 through 6 because court orders and filings are the type of documents that are properly noticed under Rule 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice "of several other pleadings, memoranda, expert reports, etc." from related litigation because they are "matters of public record"); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (recognizing district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1112-14 (C.D. Cal. 2003) (granting judicial notice of court orders and civil minutes, including the "existence and legal effect of the documents").

Accordingly, Defendant hereby requests that this Court take judicial notice of the following documents:

/ / /

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

1

DEFENDANT'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:22-cv-07226-AMO

1.    **Exhibit 1** is a true and correct copy of the Civil Cover Sheet (ECF No. 1-1) filed on December 7, 2022, in *Strifling, et al. v. Twitter, Inc.*, Case No. 22-cv-07739-JST, filed in the United States District Court for the Nothern District of California.

2.    **Exhibit 2** is a true and correct copy of the Corrected Civil Cover Sheet (ECF No. 2) filed on December 8, 2022, in *Strifling, et al. v. Twitter, Inc.*, Case No. 22-cv-07739-JST, filed in the United States District Court for the Nothern District of California.

3.    **Exhibit 3** is a true and correct copy of the Civil Cover Sheet (ECF No. 2) filed on April 13, 2023, in *Zeman v. Twitter, Inc.*, Case No. 3:23-cv-01786-SI, filed in the United States District Court for the Nothern District of California.

4.    **Exhibit 4** is a true and correct copy of the Order Granting Defendant's Motion to Compel Arbitration and to Dismiss the Complaint (ECF No. 35), filed on May 5, 2023, in *Borodaenko v. Twitter, Inc.*, Case No. 22-cv-07226-HSG, filed in the United States District Court for the Nothern District of California.

5.    **Exhibit 5** is a true and correct copy of the Order Granting Defendant's Motion to Dismiss the Complaint (ECF No. 38) filed on May 8, 2023, in *Strifling, et al. v. Twitter, Inc.*, Case No. 22-cv-07739-JST, filed in the United States District Court for the Nothern District of California.

6.    **Exhibit 6** is a true and correct copy of the docket sheet in in *Zeman v. Twitter, Inc.*, Case No. 3:23-cv-01786-SI, filed in the United States District Court for the Nothern District of California.

Dated: May 19, 2023                    MORGAN, LEWIS & BOCKIUS LLP


                                       By /s/ *Brian D. Berry*
                                       Eric Meckley
                                       Brian D. Berry
                                       Ashlee N. Cherry
                                       Kassia Stephenson

                                       Attorneys for Defendant
                                       TWITTER, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 45794329.1

2

DEFENDANT'S REQUEST FOR
JUDICIAL NOTICE
CASE NO. 3:22-cv-07226-AMO

# EXHIBIT 1

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of hemselves and all others similarly situated | Twitter, Inc. |

**(b)**   County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Shannon Liss-Riordan, Thomas Fowler
Lichten & Liss-Riordan, P.C.,
729 Boylston St. Suite 2000, Boston, MA 02116 617-994-5800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq.; Gov. Code § 12900, et seq.; 28 U.S.C. §§ 2201-02
Brief description of cause:
Plaintiffs bring this complaint against Twitter on behalf of a class for discrimination on the basis of sex in violation of Title VII and the FEHA

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  12/7/2022

SIGNATURE OF ATTORNEY OF RECORD
/s/Shannon Liss-Riordan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 3:22-cv-07226-KAW   Document 401   Filed 05/19/22   Page 62 of 43

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

EXHIBIT 2

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shannon Liss-Riordan, Thomas Fowler
Lichten & Liss-Riordan, P.C.,
729 Boylston St. Suite 2000, Boston, MA 02116 617-994-5800

## DEFENDANTS

Twitter, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| 1 | U.S. Government Plaintiff | X 3 | Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | **LABOR** | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 710 Fair Labor Standards Act | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 720 Labor/Management Relations | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 740 Railway Labor Act | 840 Trademark | 460 Deportation |
| | 350 Motor Vehicle | 371 Truth in Lending | 751 Family and Medical Leave Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 790 Other Labor Litigation | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 385 Property Damage Product Liability | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice | | **IMMIGRATION** | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | 465 Other Immigration Actions | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | X 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | **OTHER** | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 448 Education | 540 Mandamus & Other | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee— Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation–Transfer | 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq.; Gov. Code § 12900, et seq.; 28 U.S.C. §§ 2201-02

Brief description of cause:
Plaintiffs bring this complaint against Twitter on behalf of a class for discrimination on the basis of sex in violation of Title VII and the FEHA

## VII. REQUESTED IN COMPLAINT:

X CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*

X SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA-MCKINLEYVILLE

DATE  12/8/2022

SIGNATURE OF ATTORNEY OF RECORD  /s/Shannon Liss-Riordan

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II. **Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

 (1) <u>United States plaintiff</u>. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

 (2) <u>United States defendant</u>. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

 (3) <u>Federal question</u>. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

 (4) <u>Diversity of citizenship</u>. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.

 (1) <u>Original Proceedings</u>. Cases originating in the United States district courts.

 (2) <u>Removed from State Court</u>. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

 (3) <u>Remanded from Appellate Court</u>. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

 (4) <u>Reinstated or Reopened</u>. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

 (5) <u>Transferred from Another District</u>. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

 (6) <u>Multidistrict Litigation Transfer</u>. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

 (8) <u>Multidistrict Litigation Direct File</u>. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

 <u>Please note that there is no Origin Code 7</u>. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** <u>Example</u>: U.S. Civil Statute: 47 USC § 553. <u>Brief Description</u>: Unauthorized reception of cable service.

VII. **Requested in Complaint.** <u>Class Action</u>. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

 <u>Demand</u>. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

 <u>Jury Demand</u>. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX. **Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.

EXHIBIT 3

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOHN ZEMAN, on behalf of himself and all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shannon Liss-Riordan, Bradley Manewith
729 Boylston St, Suite 2000, Boston, MA 02116
Tel: (617) 994-5800

## DEFENDANTS

Twitter, Inc. and X Corp.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 710 Fair Labor Standards Act | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 720 Labor/Management Relations | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 740 Railway Labor Act | 835 Patent–Abbreviated New Drug Application | 460 Deportation |
| | 350 Motor Vehicle | 371 Truth in Lending | 751 Family and Medical Leave Act | 840 Trademark | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 790 Other Labor Litigation | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 385 Property Damage Product Liability | 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice | | | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | | | **IMMIGRATION** | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | 440 Other Civil Rights | **HABEAS CORPUS** | 465 Other Immigration Actions | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | ☒ 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | 871 IRS–Third Party 26 USC § 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 448 Education | 540 Mandamus & Other | | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation–Transfer | ☐ 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621

Brief description of cause:
Plaintiff brings this complaint against Twitter for violation of the Age Discrimination in Employment Act 29 U.S.C. § 621 et seq.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, Fed. R. Civ. P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

**(Place an "X" in One Box Only)**   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA-MCKINLEYVILLE

**DATE**   4/13/2023   **SIGNATURE OF ATTORNEY OF RECORD**   /s/Shannon Liss-Riordan

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

**II. Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

(1) United States plaintiff. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

(2) United States defendant. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

(3) Federal question. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

(4) Diversity of citizenship. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.

(1) Original Proceedings. Cases originating in the United States district courts.

(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

(3) Remanded from Appellate Court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) Transferred from Another District. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

(6) Multidistrict Litigation Transfer. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

(8) Multidistrict Litigation Direct File. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

Please note that there is no Origin Code 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**IX. Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.

EXHIBIT 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DMITRY BORODAENKO, et al.,

        Plaintiffs,

    v.

TWITTER, INC.,

        Defendant.

Case No. 22-cv-07226-HSG

**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND GRANTING MOTION TO DISMISS**

Re: Dkt. Nos. 14, 15

Pending before the Court are Defendant Twitter, Inc.'s motion to compel arbitration and motion to dismiss. Dkt. Nos. 14, 15. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion to compel arbitration and **GRANTS** the motion to dismiss.

## I.  BACKGROUND

Plaintiffs Dmitry Borodaenko and Abhijit Mehta initially filed this putative class action in November 2022, Dkt. No. 1, and amended their complaint a month later in December 2022. *See* Dkt. No. 8 ("FAC"). Plaintiffs seek to represent a class of former Twitter employees who (1) are disabled, or were either on leave or preparing to take family medical leave at the time Elon Musk purchased the company, and (2) were either terminated or constructively discharged due to Twitter's new workplace policies. *See id.* at ¶¶ 2, 17. According to the complaint, Twitter employees had historically been permitted to work remotely, but shortly after purchasing the company, Mr. Musk announced that working remotely would only be permitted "for 'exceptional' employees that Musk himself would have to approve." *See id.* at ¶¶ 5–6, 28–30. Mr. Musk also announced that employees would be expected to work longer hours and "at high intensity" moving

forward. *See id.* at ¶¶ 8, 41–43, 45–46. These new policies, Plaintiffs contend, made it impossible for many disabled employees to continue working for Twitter and many felt forced to resign as a result. *See id.* at ¶¶ 7–9, 32, 46–48. At the same time, the company also began laying off a substantial portion of its workforce. *See id.* at ¶¶ 3, 10, 31. Plaintiffs contend that these layoffs disproportionately affected employees who were on or intending to take family or medical leave. *See id.* at ¶¶ 4, 49–52.

Based on these allegations, Plaintiffs bring causes of action for discrimination in violation of (1) the Americans with Disabilities Act ("ADA"); (2) the California Fair Employment and Housing Act ("FEHA"); and for violations of (3) the Family and Medical Leave Act ("FMLA"); and (4) the California Family Rights Act ("CFRA"). Plaintiffs seek to represent a class of "all similarly situated Twitter employees across the United States who are either disabled or have taken, or planned soon to take, a family or medical leave, and whose jobs have been affected by the company's layoffs, terminations, and heightened demands on the workforce." *Id.* at ¶ 17.

Defendant moves to compel arbitration of Plaintiff Abhijit Mehta and to dismiss the FAC in its entirety. Dkt. Nos. 14, 15. Plaintiffs agree that Mr. Mehta did not opt out of Defendant's arbitration agreement and that his claims should be compelled to arbitration. *See* Dkt. No. 20. The Court accordingly **GRANTS** the motion to compel arbitration and **STAYS** the action as to Mr. Mehta's claims. The Court therefore limits its analysis below to the motion to dismiss Plaintiff Borodaenko's claims. Any references to "Plaintiff" refer to Mr. Borodaenko unless otherwise specified.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible

2

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.     DISCUSSION

### A.     ADA and FEHA Discrimination Claims

#### i.     Administrative Exhaustion

As an initial matter, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's ADA and FEHA discrimination claims because Plaintiff did not exhaust his administrative remedies before filing this case. *See* Dkt. No. 15 at 6–8. Specifically, Plaintiff did not obtain right-to-sue notices from either the U.S. Equal Employment Opportunity Commission or the California Department of Fair Employment & Housing. *Id.* However, after briefing on the motion to dismiss was complete, Plaintiff received notices from both entities. *See* Dkt. No. 25-1, Ex. A; Dkt. No. 25-2, Ex. B.

Defendant nevertheless argues that the Court should disregard these notices because Plaintiff did not seek leave to file them on the docket. *See* Dkt. No. 26. However, under the circumstances, the Court declines to elevate form over substance in this way. The Court would have granted leave to file the notices, which establish that Plaintiff has administratively exhausted his ADA and FEHA claims. *See Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1351 (9th Cir. 1984) (finding that "subsequent issuance of the 'right to sue' letters cured any jurisdictional defects"). Despite Defendant's urging, it was not "sandbagged," as it responded to Plaintiff's filing anyway. *See* Dkt. No. 26 at 2. The Court therefore **DENIES** the motion to dismiss on this basis. The parties are nevertheless cautioned that the Court expects counsel will scrupulously

comply with the Federal Rules of Civil Procedure and the Civil Local Rules moving forward.

### ii. Failure to State a Claim

More substantively, Defendant argues that Plaintiff Borodaenko has failed to state a plausible claim for disability discrimination under either the ADA or FEHA. *See* Dkt. No. 15 at 8–11. Plaintiff confirms that he intends to bring claims for both disparate treatment and disparate impact under these statutes. *See* Dkt. No. 21 at 12–16. But Defendant contends that Plaintiff does not offer sufficient factual support for these claims.[1] *See* Dkt. No. 15 at 8–11.

### a. Disparate Treatment

The parties appear to agree that the elements of a disparate treatment claim under the ADA and FEHA are largely the same. *Compare* Dkt. No. 15 at 8–10, *with* Dkt. No. 21 at 14–16. Disparate treatment occurs "where an employer has treated [a] particular person less favorably than others because of a protected trait." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (quotation omitted); *see also Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (Cal. 2000) (looking to federal law when applying FEHA and requiring that "circumstance[s] suggest[] discriminatory motive" to establish FEHA claim). "A disparate-treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job-related action." *Ricci*, 557 U.S. at 577 (quotation omitted). "A discriminatory motive may be established by the employer's informal decisionmaking or 'a formal, facially discriminatory policy,' but 'liability depends on whether the protected trait . . . actually motivated the employer's decision.'" *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)).

The Court agrees with Defendant that Plaintiff has not adequately alleged that Twitter terminated Plaintiff—or any other member of the putative class—because of a disability. Rather, the FAC states that Twitter's policies that required workers to return to work and to work "at high intensity" applied to all employees. For example, according to the FAC, "shortly after Musk

---

[1] Plaintiff points out that he need not establish a prima facie case of discrimination at the pleading stage. *See* Dkt. No. 21 at 12 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510–11 (2002)). Nevertheless, he still must allege sufficient facts to plead a plausible claim for relief. *See, e.g.*, *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1136–38 (9th Cir. 2019) (affirming dismissal of sex discrimination claim because "[a] recitation of facts without plausible connection to gender is not cured by labels and conclusory statements about sex discrimination").

United States District Court
Northern District of California

completed the purchase of Twitter, he declared that working remotely would no longer be allowed and that *all remaining employees* would need to work out of a company office . . . ." *See* FAC at ¶ 6 (emphasis added); *see also id.* at ¶ 28 ("On the evening of November 9, 2022, Musk announced that all employees were expected to begin reporting to Twitter offices immediately."). The FAC also states that "Musk declared that, in order to remain employed at Twitter, employees would have to 'work[] long hours at high intensity.'" *Id.* at ¶ 8. And "*[a]ny employees* who did not agree to this mandate would have to resign." *Id.* (emphasis added); *see also id.* at ¶ 45 (noting that Musk emailed all "remaining Twitter employees" that "working long hours at high intensity" was the new expectation).

In opposition, Plaintiff points to the timing of his own termination. After receiving the November 9 notification that employees had to return to work, Plaintiff emailed his manager that because he is a cancer survivor, he "definitely [is] not working from [the] office until the pandemic is over." *See id.* at ¶¶ 35–36. Plaintiff contends that approximately a week after sending this message to his manager, he "received an email from Twitter Human Resources that stated: 'Hi, We regret to inform you that your employment is terminated effective immediately. Your recent behavior has violated company policy.'" *Id.* at ¶¶ 38, 39. Plaintiff alleges that aside from informing his manager that he could not return to the office, he did not engage in any behavior that would violate company policy. *Id.* at ¶ 40. The FAC also alleges that "[m]any of the employees who have lost their jobs since Musk's purchase of the company are disabled," and that "many disabled employees have felt forced to resign." *See* FAC at ¶¶ 4, 9. But even accepting these allegations as true, they suggest that Plaintiff and other employees were terminated because they refused to return to the office, not because of a disability. Plaintiff has not explained how these allegations give rise to a reasonable inference that Defendant had a discriminatory motive or intent in issuing its policies or in terminating employees. *Cf. Am. Fed'n of State, Cnty., & Mun. Emps., AFL-CIO (AFSCME) v. State of Wash.*, 770 F.2d 1401, 1405 (9th Cir. 1985) ("It is insufficient for a plaintiff alleging discrimination under the disparate treatment theory to show the employer was merely aware of the adverse consequences the policy would have on a protected group. The plaintiff must show the employer chose the particular policy because of its effect on

1    members of a protected class.").  The Court therefore **GRANTS** the motion to dismiss the

2    disparate treatment claims under the ADA and FEHA.

3              **b.  Disparate Impact**

4              The parties also appear to agree that the elements of a disparate impact claim under the

5    ADA and FEHA are largely the same.  *Compare* Dkt. No. 15 at 10, *with* Dkt. No. 21 at 12.  Both

6    statutes prohibit facially neutral practices that have a significantly discriminatory impact on a

7    protected group and that are not justified by business necessity.  *See, e.g.*, *Freyd v. Univ. of*

8    *Oregon*, 990 F.3d 1211, 1224 (9th Cir. 2021); *Mahler v. Jud. Council of California*, 67 Cal. App.

9    5th 82, 112–13 (Cal. Ct. App. 2021).  "At the pleading stage, the complaint need only allege facts

10   giving rise to plausible inferences that the disparity exists and is caused by the identified practice."

11   *See Liu v. Uber Techs. Inc.*, 551 F. Supp. 3d 988, 990 (N.D. Cal. 2021) (collecting cases).

12             Plaintiff has failed to plausibly allege that a disparity actually exists here.  Plaintiff alleges

13   that "[m]any disabled employees . . . have felt that, because of their disability, they will not be

14   able to meet [Defendant's] new heightened standard of performance and productivity," and "have

15   felt forced to resign."  *See* FAC at ¶¶ 7, 9, 48.  But Plaintiff has not alleged that such individuals

16   have actually resigned or that they have done so at higher rates than their non-disabled colleagues.

17   Again, Plaintiff points only to his own circumstances of being terminated after telling his manager

18   that he could not return to the office, *see* Dkt. No. 21 at 13, but "the Court cannot draw an

19   inference of disparity from a single data point," *see Liu*, 551 F.Supp.3d at 991.  It is not enough

20   for Plaintiff to assert that "it is reasonable to infer" that Defendant's new policies "would have a

21   disparate impact on individuals with disabilities who either cannot physically report to an

22   office . . . or perform at such a level, without incurring risks to their health, and/or who require

23   reasonable accommodations to complete their work."  *See* Dkt. No. 21 at 14.  Plaintiff must

24   provide factual support for this conclusion.  The Court therefore **GRANTS** the motion to dismiss

25   the disparate impact claims under the ADA and FEHA.

26        **B.    FMLA and CFRA Claims**

27             Plaintiff does not allege that he was either on leave or intending to take leave at the time he

28   was terminated, and Defendant argues that the Court should thus dismiss the FMLA and CFRA

United States District Court
Northern District of California

claims for lack of standing. *See* Dkt. No. 15 at 11–13. The FAC only alleges that Mr. Mehta—whose claims were compelled to arbitration—"had previously informed Twitter (and received approval) to take a family leave . . . ." FAC at ¶ 50. However, "a plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *see also Haro v. Sebelius*, 747 F.3d 1099, 1108 (9th Cir. 2014) ("In a class action, standing is satisfied if at least one named plaintiff meets the requirements.") (quotations omitted). Plaintiff acknowledges that he does not have standing to bring these claims himself and intends to find another named Plaintiff to assert these claims. *See* Dkt. No. 21 at 2, 16–17. The Court therefore **GRANTS** the motion to dismiss the FMLA and CFRA claims to the extent Plaintiff Borodaenko asserts them himself. Plaintiff Mehta's FMLA and CFRA claims, however, remain stayed pending arbitration.

### C. Declaratory Judgment Act

Defendant also moves to dismiss Plaintiff's claim under the Declaratory Judgment Act for an injunction prohibiting Twitter from soliciting separation agreements from disabled employees that release their discrimination claims without first notifying them of this case. *See* Dkt. No. 15 at 13–14. Defendant argues that because the Act is just "a procedural device," and "does not create any substantive rights," this claim must fail given the dismissal of the other claims. *Id.* at 13. In response, Plaintiff appears to argue that the claim is moot anyway because in a separate case, *Cornet v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, Twitter already agreed to include notice of this case as part of its distribution of severance agreements. *See* Dkt. No. 21 at 5, n.2. Plaintiff thus acknowledges that his claim for relief was "effectively adjudicated" already. *Id.* The Court therefore **GRANTS** the motion to dismiss this claim.

### D. Class Action Allegations

Lastly, Defendant argues that the Court should dismiss or strike the class allegations. *See* Dkt. No. 15 at 14–20. Defendant argues, for example that the complaint does not sufficiently allege that Plaintiff is similarly situated to the putative class because unlike the putative class, Plaintiff did not resign because of the company's new policies, but rather was laid off. *Id.* at 14. Defendant also contends that Plaintiff's alleged need to work remotely is insufficient to establish

that all other disabled employees were similar situated.  *Id.* at 15–16.  Defendant also suggests that evaluating whether Twitter's policies were discriminatory would require individual assessments of class members' disabilities.  *Id.* at 18–20.  Nevertheless, because the Court has dismissed all the claims in this case, the Court need not reach this argument.

Still, the Court notes that a growing number of courts (including this one) generally disfavor motions to strike, finding that they "serve little useful purpose in modern federal practice, and are often wielded mainly to cause delay and inflict needless burdens on opposing parties." *See Stiner v. Brookdale Senior Living, Inc.*, 354 F. Supp. 3d 1046, 1063, n.7 (N.D. Cal. 2019) (quoting *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 3:16-CV-00599-JD, 2016 WL 8469189, at *1 (N.D. Cal. Dec. 19, 2016)).  And although district courts have authority to strike class allegations at the motion to dismiss stage, courts generally decline to do so because such motions are usually premature before the issue of class certification is before the court.  *See, e.g.*, *Smith v. Keurig Green Mountain, Inc.*, 393 F. Supp. 3d 837, 849 (N.D. Cal. 2019); *Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796, at *14–15 (N.D. Cal. May 26, 2011); *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012).

## IV.    CONCLUSION

Accordingly, the Court **GRANTS** the motion to compel arbitration and **STAYS** the action as to Plaintiff Mehta's claims.  Dkt. No. 14.  The parties shall file a status report with the Court every 120 days from the date of this order explaining the progress of the arbitration proceeding as to Plaintiff Mehta's claim, and shall notify the Court within 48 hours of the completion of arbitration.  The Court also **GRANTS** the motion to dismiss as to Plaintiff Borodaenko's claims. Dkt. No. 15.  Plaintiff may file an amended complaint within 21 days of the date of this order.

The Court further **SETS** a case management conference on June 20, 2023, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy.

United States District Court
Northern District of California

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The Court further **DIRECTS** the parties to meet and confer and submit a revised joint case management statement by June 13, 2023.  The parties should be prepared to discuss how to move this case forward efficiently.

**IT IS SO ORDERED.**

Dated:  May 5, 2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

EXHIBIT 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA BERNAL STRIFLING, et al., | Case No. 22-cv-07739-JST |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| TWITTER INC., | Re: ECF No. 20 |
| Defendant. | |

Before the Court is Twitter, Inc.'s ("Twitter") motion to dismiss. ECF No. 20. The Court will grant the motion.

## I.    BACKGROUND

For the purpose of ruling on the instant motion, the Court accepts all the following facts as true. Plaintiff Carolina Bernal Strifling is a resident of Miami, Florida and was employed by Twitter from June 2015 to November 2022. ECF No. 1 ¶ 9. Plaintiff Willow Wren Turkal is a resident of San Jose, California and was employed by Twitter from June 2021 to November 2022. *Id.* ¶ 10.

Elon Musk acquired Twitter in October 2022. *Id.* ¶ 18. Musk has been criticized for making "sexist, demeaning, and hostile comments" against women. *Id.* ¶¶ 22-25. Soon after the acquisition, Twitter initiated a Reduction-in-Force ("RIF") that affected approximately 2,621 out of its 5,134 employees, most of whom were notified of their layoff on November 4, 2022. *Id.* ¶¶ 18, 20, 29. Musk brought in a small group of managers who made the layoff decisions under his supervision. *Id.* ¶ 21. Plaintiffs were laid off during the RIF. *Id.* ¶ 46.[1]

---

[1] Plaintiffs do not explicitly state whether they themselves were laid off during the November 4, 2022 RIF, although the parties appear to accept this fact as true in their arguments. The Court will

1    Following the RIF, Musk implemented a policy that required employees to work more

2    hours and in physical offices, rather than remotely as was previously permitted ("Post-RIF

3    Policy"). *Id.* ¶ 41. On November 16, 2022, Musk sent a message to the remaining Twitter

4    employees asking whether they agreed to work under new conditions that would be "extremely

5    hardcore" and require "working long hours at high intensity." *Id.* ¶ 44. The message instructed

6    those who wished to remain employed by Twitter to respond "yes" by the following day. *Id.* As a

7    result of the "ultimatum," more employees chose to leave Twitter. *Id.* ¶ 45. Plaintiffs allege that

8    the RIF and Post-RIF Policy forced a disproportionate number of women to leave Twitter and

9    were the products of sex-based discrimination. *Id.* ¶¶ 26, 43, 45.

10    On December 7, 2022, Plaintiffs filed a complaint on behalf of themselves and other

11    female Twitter employees whose jobs were affected by the "layoffs, terminations, and constructive

12    discharges since Elon Musk acquired the company." *Id.* at 12. They bring claims under Title VII

13    of the Civil Rights Act of 1964 ("Title VII") for sex-based discrimination. Plaintiffs also seek a

14    declaratory judgement and injunction under 28 U.S.C. §§ 2201 & 2202 prohibiting Twitter from

15    seeking the release of employees' claims without providing notice of their rights and this pending

16    case. *Id.* Turkal brings an additional claim under the California Fair Employment and Housing

17    Act ("FEHA") Cal. Gov. Code § 12900, *et seq. Id.*; ECF No. 27 at 32.[2] On December 8, 2022,

18    Plaintiffs filed complaints with the Equal Employment Opportunity Commission ("EEOC"), and

19    Turkal additionally filed with the California Department of Fair Employment and Housing

20    ("DFEH"). ECF No. 27 at 18.

21    Twitter filed the instant motion on January 26, 2023, and the Court took the motion under

22    submission without a hearing on March 27, 2023. ECF No. 32.

23

24    _____

25    accept this as true for the sake of its analysis, however, Plaintiffs should allege the date that they
      were laid off if they amend their complaint.

26    [2] Plaintiffs concede that Turkal, not Strifling, is permitted to bring a FEHA claim, ECF No. 27 at
      32, however, their complaint states Twitter's actions "constitute unlawful discrimination against

27    *Plaintiffs* and other similarly situated female Twitter employees on the basis of sex in violation of
      the FEHA." ECF No. 1 at 12 (emphasis added). Because the Court is dismissing all of Plaintiffs'

28    claims, Twitter's request to dismiss Strifling's FEHA claim is moot. However, Plaintiffs should,
      on amendment, correct their complaint to reflect that Turkal alone brings a FEHA claim.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.     JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

## III.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While this standard is not "akin to a 'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). A plaintiff may "plead[] facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3*, 603 F.3d 110, 120 (2d Cir. 2010)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## IV.    DISCUSSION

### A.    Exhaustion of Administrative Remedies

To bring a claim under Title VII, a plaintiff is required to first "exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge" and obtain a right-to-sue notice before filing suit in federal court. *BKB v. Maui Police Dep't.*, 276 F.3d 1091, 1099 (9th Cir. 2002). A plaintiff who brings a claim under FEHA must do the same with the DFEH. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012). However, the Ninth Circuit recognizes equitable exceptions to the administrative exhaustion requirement "where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers of Am., AFL-CIO v. Ariz. Agric. Emp't Rels. Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1987); *see SJCBC, LLC v. Horwedel*, 201 Cal. App. 4th 339, 346 (2011). Thus, filing a timely complaint with the EEOC "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Similarly, the California Supreme Court has explained that although "[e]xhaustion of *administrative* remedies is 'a jurisdictional prerequisite to resort to the courts,'" *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000) (emphasis in original) (quoting *Abelleira v. Dist. Court of Appeal,* 17 Cal. 2d 280, 293 (1941)), "'jurisdictional prerequisite' does not mean subject matter jurisdiction in the context of exhaustion of administrative remedies." *Kim v. Konad USA Distrib., Inc.*, 226 Cal. App. 4th 1336, 1347 (2014).

Twitter argues that Plaintiffs failed to exhaust their administrative remedies because they filed charges with the EEOC and DFEH only after they filed their suit in this Court.[3] ECF No. 20 at 17-18. Twitter further contends that Plaintiffs cannot cure this error by belatedly obtaining right-to-sue notices from the EEOC and DFEH. ECF No. 28 at 19. Plaintiffs concede that they

---

[3] The Court will not consider Plaintiffs' notices at ECF No. 29 and ECF No. 30 because they were filed after Twitter's reply without leave of the Court. *See* Civil L.R. 7-4(d).

4

filed suit before filing charges with the EEOC and DFEH and receiving right-to-sue notices.  ECF No. 27 at 18.  However, they argue that the Court should permit their claims to proceed, rather than requiring them to refile after they receive the right-to-sue notices, because they filed the charges "nearly simultaneously with filing their initial complaint" and expect to receive the notices shortly.  *Id.*  They further argue that the administrative exhaustion requirement is non-jurisdictional such that the Court can and should excuse Plaintiffs from this requirement.  Plaintiffs also argue that the EEOC's and DFEH's inability to enjoin Twitter from seeking terminated employees' release of claims without proper notice would irreparably harm the putative class.  *Id.* at 20.  Twitter replies that there is no such risk of irreparable harm because it already agreed to not seek any releases of claims, without notification of the instant suit, in another pending action.  ECF No. 28 at 20.  Thus, in Twitter's view, Plaintiffs' "purported emergency" was already "dispelled."  *Id.*

The Court declines to excuse Plaintiffs' failure to exhaust their administrative remedies because they have not demonstrated that compliance with the requirement would irreparably harm the putative class.  At the time Plaintiffs filed suit, Twitter had agreed to not seek the general releases of claims until a motion for a protective order in *Cornet v. Twitter, Inc.* was to be decided.  Order Adopting Proposed Briefing Schedule, *Cornet v. Twitter., Inc*, No. 3:22-cv-06857-JD (N.D. Cal. Nov. 18, 2022), ECF No. 15.  On December 14, 2022, the court granted the plaintiff's motion and ordered Twitter to "provide notice of the pendency of [the *Cornet*] case before asking an employee to release his or her legal claims."  Order Re Litigation Notice, *Cornet v. Twitter, Inc.*, No. 3:22-cv-06857-JD (N.D. Cal. Dec. 14, 2022), ECF No. 42 at 3.  The court approved a joint proposed notice that included information, not only on the *Cornet* case, but on the instant suit as well.  Order Adopting Approving Joint Proposed Notice, *Cornet v. Twitter, Inc.*, No. 3:22-cv-06857-JD (N.D. Cal. Dec. 20, 2022), ECF No. 43-1 at 2; ECF No. 44.

However, even if Plaintiffs had exhausted their administrative remedies, the following deficiencies exist with the remaining claims.

### B.    Disparate Treatment

A plaintiff may bring a Title VII or FEHA claim on a theory of disparate treatment.

*Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).[4]  Disparate

treatment occurs "where an employer 'treat[s] [a] particular person less favorably than others

because of' a protected trait." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (quoting *Watson v.*

*Forth Worth Bank & Tr.*, 487 U.S. 977, 985-86 (1988)).  To state a disparate treatment claim, a

plaintiff must allege that "the defendant had a discriminatory intent or motive" in taking some

employment-related action against them.  *Watson*, 487 U.S. at 986.  Thus, "[i]t is insufficient for a

plaintiff alleging discrimination under the disparate treatment theory to show the employer was

merely aware of the adverse consequences the policy would have on a protected group." *Wood v.*

*City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (quoting *Am. Fed'n of State, Cnty., &*

*Mun. Emps. v. Washington*, 770 F.2d 1401, 1405 (9th Cir. 1985)).

Twitter argues that Plaintiffs fail to establish a prima facie case of intentional

discrimination either under the *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973)

("*McDonnell Douglas*") or *International Brotherhood of Teamsters v. United States*, 431 U.S. 324

(1977) ("*Teamsters*") framework.  ECF No. 20 at 19.  Plaintiffs argue that that the statistics

demonstrating that women were impacted at a "highly disproportionate rate" during the RIF and

Post-RIF Policy – coupled with "overtly sexist statements" from Musk – support their allegations

of disparate treatment under either the *McDonnell Douglas* or *Teamsters* framework.  ECF No. 27

at 23.

As an initial matter, neither *McDonnell Douglas* nor *Teamsters* framework applies at the

pleading stage.  *Austin v. Univ. of Or.*, 925 F.3d 1133, 1137 (9th Cir. 2019); *Serrano v. Cintas*

*Corp.*, 699 F.3d 884, 897-898 (6th Cir. 2012).  Both frameworks employ "burden-shifting"

analyses, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 366-67 (2011); *Young v. Buttigieg*, No.

19-cv-01411-JCS, 2021 WL 981305, at *6 (N.D. Cal. Mar. 16, 2021), that are "plainly

inapplicable" at the pleading stage.  *Young*, 2021 WL 981305, at *6.  The Supreme Court in

---

[4] The Court analyzes Plaintiffs' Title VII and FEHA claims together because "California courts have relied upon federal interpretations of Title VII to interpret analogous provisions of the California Fair Employment and Housing Act (FEHA)."  *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996).  Thus, "[d]iscrimination under FEHA and Title VII is proven using the same factors."  *Wynes v. Kaiser Permanente Hosps.*, 936 F. Supp. 2d 1171, 1192 (E.D. Cal. 2013).

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002), held that because the *McDonnell Douglas* framework is "an evidentiary standard, not a pleading requirement," "the requirements for establishing a prima facie case under *McDonnell Douglas*" do not "apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."  The Ninth Circuit in *Austin*, 925 F.3d at 1137, clarified that, rather than making a prima facie showing under either framework, a plaintiff who brings a Title VII claim must abide by the *Twombly* and *Iqbal* pleading standards.  Thus, a plaintiff must provide "sufficient, nonconclusory allegations plausibly linking" the discriminatory conduct to the fact that the plaintiff is of a protected class to state a Title VII or FEHA claim.  *Austin*, 925 F.3d at 1138; *accord Serrano* 699 F.3d at 897 ("*Swierkiewicz* compels the conclusion that a plaintiff is not required to plead whether she intends to employ the *McDonnell Douglas* or the *Teamsters* burden-shifting evidentiary framework.")

The Court finds that, although Plaintiffs are not required to make a prima facie showing under the *McDonnell Douglas* or *Teamsters* framework, they nonetheless fail to allege a plausible link between their layoff during the RIF and the fact that they are women, for two reasons.[5]

First, Plaintiffs' complaint is devoid of basic information:  they do not describe their positions prior to the RIF or allege that they were performing satisfactorily in those positions.[6]  Thus, they are unable to allege that similarly situated men were not laid off during the RIF.

---

[5] Plaintiffs also allege that the Post-RIF Policy was an act of intentional discrimination that "would clearly be expected to have (and did have) a disproportionate impact on women."  ECF No. 27 at 23.  A plaintiff must allege that "she was subject to an adverse employment action" to plead a disparate treatment claim.  *Campbell v. Haw.  Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018).  However, Plaintiffs were not subject to the Post-RIF Policy because they were no longer working at Twitter when it was enacted. Thus, the Court will not consider whether the Post-RIF Policy was an act of intentional discrimination against Plaintiffs.

[6] Plaintiffs argue that because "they were laid off, rather than terminated for cause" it is "impli[ed] that their job performance was satisfactory."  ECF No. 27 at 23 n.4.  However, when a plaintiff is laid off during an RIF, the Ninth Circuit nonetheless considers if the plaintiff has sufficiently alleged their job performance was satisfactory.  *Cf. Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1208 (9th Cir. 2008) (holding that there was a triable issue of fact whether the plaintiff, terminated as a part of an RIF, was performing his job satisfactorily).  A plaintiff must ultimately allege facts – whether that includes allegations of their job performance – to establish a plausible link between the discriminatory conduct and the fact that the plaintiff is of a protected class.  Thus, the Court addresses Plaintiffs' allegations of their job performance not because it is a required component of every pleading, but rather because Plaintiffs rely on it to speak to the plausibility of their claims.

1    *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (describing those who "have

2    similar jobs and display similar conduct" to the plaintiff as being "similarly situated").  Nor do

3    they identify the "small group of managers" who acted "under the close supervision of Musk" in

4    making the layoff decisions.  Courts have consistently relied on this information to find a plausible

5    link between the discriminatory conduct and the fact that the plaintiff is of a protected class.

6         For example, in *Hilber v. International Lining Technology*, No. C 12-00003 LB, 2012 WL

7    3542421, at *5 (N.D. Cal. Jul. 24, 2012), the court held that the plaintiff properly pleaded a claim

8    for disparate treatment because he identified his position and further alleged that he "was not told

9    of any problems with his job performance," had to "do less important and more menial tasks"

10   while "Hispanic laborers hired from Laborers Local 139 Hall got to participate in seaming

11   material and leak testing," and "was sent home early one day and was not given work on another

12   day even though other laborers did work those days."

13        Similarly, in *Williams v. Wolf*, No. 19-cv-00652-JCS, 2020 WL 1245369, at *10 (N.D.

14   Cal. Mar. 16, 2020), the court adopted "a broader view of causation" in light of the Ninth Circuit's

15   "disavowal of applying the *McDonnell Douglas* prima facie case elements to a plaintiff's

16   allegations at the pleading stage" and held that the plaintiff had sufficiently pleaded a claim for

17   disparate treatment.  The plaintiff alleged that her supervisor had stated that she would never

18   support the plaintiff's promotion because the plaintiff had filed a grievance against her supervisor,

19   "she ha[d] been singled out for criticism or discipline on a number of occasions for conduct that is

20   common in her office by non-African American employees," and "her work performance was as

21   good or better than that of her peers." *Id.*

22        Second, Plaintiffs also fail to allege that Twitter engaged in a pattern or practice of

23   discrimination.  When a plaintiff "allege[s] a systemwide pattern or practice of resistance to the

24   full enjoyment of Title VII rights, [they] ultimately ha[ve] to prove 'more than the mere

25   occurrence of isolated or accidental or sporadic discriminatory acts.'"  *Obrey v. Johnson*, 400 F.3d

26   691, 694 (9th Cir. 2005) (quoting *Teamsters*, 431 F.3d at 336); *see also Teamsters*, 400 F.3d at

27   336 ("[A] pattern or practice would be present only where the denial of rights consists of

28   something more than an isolated, sporadic incident, but is repeated, routine, or of a generalized

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1    nature.") (quoting 110 Cong. Rec. 14270 (1964)).  The Ninth Circuit made clear that a pattern or

2    practice is "discriminatory conduct that is widespread throughout a company or that is a routine

3    and regular part of the workplace."  *Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003).

4            Plaintiffs do not allege that discrimination was widespread throughout Twitter.  Instead,

5    they allege that Musk, not Twitter, engaged in a pattern or practice of discrimination by

6    implementing the RIF followed by the Post-RIF Policy.  ECF No. 27 at 24.  However, setting

7    aside the issue of whether conduct solely attributed to Musk can be imputed to Twitter, the RIF

8    and Post-RIF Policy are two discrete acts insufficient to support the allegation that discriminatory

9    conduct was "a routine and regular part" of Twitter's workplace.  *See e.g.*, *Sperling v. Hoffmann-*

10   *La Roche, Inc.*, 924 F. Supp. 1346, 1364 (D.N.J. 1996) ("Another reason that plaintiffs' claim

11   does not fall within the framework of a pattern-or-practice case is that the employment practice

12   which plaintiffs assert was [the defendant's] standard operating procedure was used only once,

13   i.e., the Guidelines were used only during [the RIF].").

14           Further, even if the Court did hold that the RIF and Post-RIF Policy constitute a "pattern or

15   practice," Plaintiffs' remaining allegations, namely their statistics and Musk's statements, fail to

16   support that Twitter knew that granting discretion to the managers would result in that discretion

17   being used in a discriminatory manner.  It is true that, "[w]here gross statistical disparities can be

18   shown, they alone may in a proper case constitute prima facie proof of a pattern or practice of

19   discrimination."  *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307-08 (1977).  However,

20   the Supreme Court "ha[s] not suggested that any particular number of 'standard deviations' can

21   determine whether a plaintiff has made out a prima facie case in the complex area of employment

22   discrimination."  *Watson*, 487 U.S. at 995 n.3.[7]  Rather, courts are required to assess "the

23   'significance' or 'substantiality' of numerical disparities on a case-by-case basis" which reflects

24   _____

25   [7] While *Watson* discussed the evaluation of statistics in the context of a disparate impact claim, its
     reasoning is nonetheless applicable to a "pattern or practice" claim because *Watson* relied on
26   *Teamsters*, in which the court examined a "pattern or practice" claim.  *See e.g., Gay v. Waiters'*
     *and Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 552 (9th Cir. 1982) (relying on the
27   admonition in *Teamsters* that the usefulness of statistical evidence "depends on all of the
     surrounding facts and circumstances" in its decision to reject the proposition that standard
28   deviations of 1.3 and 2.46 supported an inference of intentional discrimination as effectuated
     through a pattern or practice) (quoting *Teamsters*, 431 U.S. at 340).

the recognition that "statistics 'come in infinite variety and . . . their usefulness depends on all of the surrounding facts and circumstances.'" *Id.* (quoting *Teamsters*, 431 U.S. at 340). Absent the "facts and circumstances" discussed previously and which are commonly relied upon at the pleading stage – such as Plaintiffs' positions at Twitter, whether they were performing satisfactorily, the treatment of similarly situated men, and the identity of the managers – Plaintiffs fail to allege disparate treatment.

Plaintiffs' inclusion of "several of Musk's public statements belittling women and questioning their role in the workplace" do not cure this deficiency. ECF No. 27 at 25. "[T]he cold numbers" of statistics can be brought "convincingly to life" by personal experiences. *Teamsters*, 431 U.S. at 339 (1977). Plaintiffs argue that Musk's public statements are "anecdotal evidence" that serve this purpose. ECF No. 27 at 25. While "comments suggesting that the employer may have considered impermissible factors are clearly relevant to a disparate treatment claim . . . 'stray' remarks are insufficient to establish discrimination." *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438-39 (9thf Cir. 1990). Isolated remarks, unrelated to the discriminatory employment decision, are generally insufficient to establish discriminatory intent. *See id.*; *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993) (holding that a comment "uttered in an ambivalent manner" and "not tied directly to" the plaintiff's termination was "at best weak circumstantial evidence of discriminatory animus"); *cf. Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir. 1985) (finding the defendant's statements that the "police force had no women and no Blacks" and encouraging plaintiff to apply for a department that was "literally begging for minorities and especially females" created a triable issue of fact despite plaintiff being unable to provide a "proper statistical record.").

Here, Musk's statements that Plaintiffs offer to demonstrate animus toward women, although more than isolated incidents, were not tied directly to the RIF, as Musk made them prior to his acquisition of Twitter. ECF No. 1 ¶¶ 22-25. Further, Plaintiffs do not allege that Musk made the layoff decisions, but rather that a group of managers did so under his supervision. *Id.* ¶ 21. Plaintiffs attempt to analogize this case to *Usher v. O'Reilly Automotive Inc.*, No. 14-cv-189 PA (FFMx), 2014 WL 12597587, at *5 (C.D. Cal. May 27, 2014), which is readily

1    distinguishable.  There, the court held that the plaintiff sufficiently stated a claim under FEHA,

2    despite its acknowledgment that that "actual allegations may not show that the comments made to

3    Plaintiff were 'directly tied' to Plaintiff's termination."  *Id.*  However, in *Usher*, the plaintiff had

4    been directly subjected to discriminatory comments that increased in 2011 and "became an

5    everyday occurrence by 2012."  *Id.* at 1.  At one point, the plaintiff's supervisor stated that the

6    defendant had made undesirable changes in the plaintiff's schedule "in hopes that Plaintiff would

7    quit voluntarily due to his age."  *Id.*  Musk's comments do not rise to the level of those in *Usher* so

8    as to constitute sufficient, nonconclusory allegations plausibly linking the RIF to discrimination on

9    the basis of Plaintiffs' sex.

10        Thus, Plaintiffs fail to establish a plausible link between their layoff during the RIF and

11   their sex and fail to state a claim for disparate treatment.

12        **C.    Disparate Impact**

13        A plaintiff may also bring a Title VII or FEHA claim on the theory that a facially neutral,

14   employment practice created a disparate impact upon a protected class.  *Stout v. Potter*, 276 F.3d

15   1118, 1121 (9th Cir. 2002); *Mahler v. Judicial Council of Cal.*, 67 Cal. App. 5th 82, 113 (2021).

16   In order to state a disparate impact claim, a plaintiff must allege the existence of a "significant

17   disparate impact on a protected class caused by a specific, identified, employment practice or

18   selection criterion."  *Stout*, 276 F.3d at 1121.  As discussed above, "an employment discrimination

19   plaintiff need not plead a prima facie case of discrimination" to survive a motion to dismiss.

20   *Swierkiewicz*, 534 U.S. at 515.

21        Twitter first argues that Plaintiffs cannot state a disparate impact claim because they

22   improperly "recast a claim for intentional discrimination as a disparate impact claim."  ECF

23   No. 20 at 23.  Plaintiffs argue that cases "can, and routinely do, proceed under both disparate

24   treatment and disparate impact theories of liability."  ECF No. 27 at 27.

25        "[A] person may not be sure in advance upon which legal theory she will succeed, and so

26   [parties are permitted] to 'set forth two or more statements of a claim or defense alternately or

27   hypothetically,' and to 'state as many separate claims or defenses as the party has regardless of

28   consistency.'"  *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999) (quoting Fed. R.

United States District Court
Northern District of California

11

United States District Court
Northern District of California

Civ. P. 8(e)(2) (2006)); *accord PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858-59 (9th Cir. 2007). Thus, Plaintiffs can plead that the RIF was either an act of intentional discrimination or a facially neutral policy that had a disparate impact. *See Barrett v. Forest Lab'ys, Inc.*, 39 F. Supp. 3d 407, 436 (S.D.N.Y. 2014) ("Nor is it problematic that the [complaint] identifies one practice in support of both a pattern-or-practice disparate treatment claim and a disparate impact claim."); *City of Oakland v. Wells Fargo Bank, N.A.*, Case No. 15-cv-04321-EMC, 2018 WL 3008538, at *15 (N.D. Cal. June 15, 2018) (holding that, although the plaintiff's allegations "suggested intentional discrimination," there was nonetheless a valid disparate impact claim), *rev'd in part on other grounds* 14 F.4th 1030 (9th Cir. 2021).

Twitter does not contest that Plaintiffs can plead in the alternative, but rather argues that "[a] plaintiff can plead in the alternative only if she sets forth facts plausibly pleading each alternative claim." ECF No. 28 at 16. As discussed above, Plaintiffs have not set forth facts that plausibly plead a theory of disparate treatment. Therefore, the remaining question, and the heart of the parties' dispute, is whether Plaintiffs have set forth facts so as to plausibly plead a theory of disparate impact.

### a.      Identification of a Specific Employment Practice

To state a claim on a theory of disparate impact, Plaintiffs must first allege "the occurrence of certain outwardly neutral employment practices." *Katz v. Regents of the Univ. of Cal.*, 229 F.3d 831, 835 (9th Cir. 2000) (quoting *Palmer v. United States*, 794 F.2d 534, 538 (9th Cir. 1986)).[8] A plaintiff "generally cannot attack an overall decisionmaking process in the disparate impact context, but must instead identify the particular element or practice within the process that causes an adverse impact." *Stout*, 276 F.3d at 1124.

Here, Plaintiffs attack the RIF.[9] They allege that layoff decisions "were made under

---

[8] Although the plaintiff in *Katz* brought a claim under the Age Discrimination in Employment Act (ADEA), its holding applies to the instant suit because "[t]he criteria applied to a Title VII discrimination claim also apply to claims arising under the ADEA," *Palmer v. United States*, 794 F.2d 534, 537 (9th Cir. 1986), and that "same analytical framework [applies] to claims brought under FEHA." *Katz v. Regents of the Univ. of Cal.*, 229 F.3d 831, 835 (9th Cir. 2000).

[9] Plaintiffs also allege that the Post-RIF Policy effectuated the mass layoff and "suffice[s] to identify a more specific employment practice." ECF No. 27 at 19. However, the Court will not

United States District Court
Northern District of California

extremely hurried circumstances, with little if any regard given to employees' job performance, qualifications, experience, and abilities" by "a small group of managers," some of which were brought in from other Musk-owned companies who "did not have much, if any, knowledge about Twitter's operations." ECF No. 1 ¶¶ 19, 21. Twitter argues that Plaintiffs fail to identify a "specific practice, test, or standard" so as to constitute "a specific RIF-related employment practice." ECF No. 20 at 24. Plaintiffs contend that they "plead allegations that go beyond the mere existence of the mass layoff." ECF No. 27 at 29.

A plaintiff can identify a subjective or objective practice used to make the layoff decisions. *Pottenger v. Potlach Corp.*, 329 F.3d 740, 749 (9th Cir. 2003) (holding that an RIF can constitute a specific employment practice because the Ninth Circuit had previously found a "policy of committing employment decisions in an RIF to the subjective discretion of its managers constituted a specific employment practice subject to disparate impact analysis"); *Watson*, 487 U.S. at 991 ("[A] disparate impact analysis may in principle be applied to subjective as well as to objective practices"). Therefore, an RIF can constitute such a practice insofar as the plaintiff alleges that "an employer[] [had a] facially neutral practice of committing employment decisions to the subjective discretion of supervisory employees" because that is "an employment practice properly subject to a disparate impact analysis." *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424 (9th Cir. 1990).

Plaintiffs sufficiently allege the existence of a facially neutral, employment practice: Twitter's delegation of layoff decisions to a small group of managers, which largely did not consider objective criteria – such as "job performance, qualifications, experience, and abilities" – in making its decisions. ECF No. 1 ¶¶ 19, 21. Twitter is incorrect that Plaintiffs need to allege "the factors Twitter did consider that are responsible for the purported disparities" at the pleading stage. ECF No. 28 at 12. Courts have consistently accepted allegations that employment

---

consider whether the Post-RIF Policy constitutes an employment practice because Plaintiffs were not working at Twitter when the Post-RIF Policy was enacted. *Pottenger v. Potlach Corp.*, 329 F.3d 740, 750 (9th Cir. 2003) ("To bring a disparate impact claim, [a plaintiff] must show that [they were] subject to the particular employment practice with the alleged disparate impact."). Regardless of whether the Post-RIF Policy is a "constructive discharge" or not, it was not a discharge to which Plaintiffs were subjected. ECF No. 27 at 30.

decisions were delegated to the subjective discretion of supervisors, and thus devoid of objective criteria, as sufficient so as to constitute an identifiable employment practice.

For example, in *Rose*, the Ninth Circuit held that the plaintiff sufficiently identified an employment practice by alleging that "[e]mployment decisions as to which jobs would be eliminated" and the question of "who would fill the remaining positions" were "essentially left to the discretion of the managers" during an RIF. 902 F.2d at 1420, 1424-25. The Ninth Circuit did not require the plaintiff to identify the criteria managers relied upon in exercising their discretion.

Similarly, in *National Fair Housing Alliance v. Federal National Mortgage Association*, 294 F. Supp. 3d 940, 948 (N.D. Cal. 2018), the plaintiff identified the delegation of discretion and failure to consider objective factors as the specific employment practices. The court held that the policies identified by plaintiff – "delegation of discretion [to lower-level Fannie Mae employees] or failure to supervise and differential maintenance based on the properties' age and value"– were "sufficient as a matter of law" to allege that Fannie Mae's upkeep of Real Estate Owned properties had a disparate impact on communities of color. *Id.* The court in *Ramirez v. GreenPoint Mortgage Funding, Inc.*, 633 F. Supp. 2d 922, 928 (N.D. Cal. 2008), similarly held that a policy which "allegedly allowed [the defendant's] loan officers and brokers to charge additional fees based on subjective criteria rather than objective criteria related to creditworthiness" was a sufficient employment practice.

Thus, Plaintiffs sufficiently allege a specific employment practice.

### b. Causation

Plaintiffs must also allege that the identified employment practice caused "a significant disparate impact on a protected class." *Stout*, 276 F.3d at 1121. Such allegations largely include "statistical evidence of a kind and degree sufficient to show that the practice in question has caused" caused the disparate impact. *Watson*, 487 U.S. at 994.

Plaintiffs have not sufficiently alleged that the managers' ability to exercise their discretion caused the gender disparity in the layoffs overall, and critically, Plaintiffs' own layoffs. They rely upon statistics and Musk's statements to demonstrate that "women were far more likely than men to be laid off from Twitter." ECF No. 1 ¶ 39. However, as discussed previously, Plaintiffs fail to

14

allege basic facts that would situate them within the statistics. Plaintiffs allege almost nothing about themselves – including their positions prior the RIF or their qualifications and performance history – that place the statistics in context.

Although "contentions regarding whether the Plaintiffs' methodology is flawed are best reserved for resolution at summary judgment phase," *Nat'l Fair Hous. All.*, 294 F. Supp. 3d at 948, Plaintiffs must nonetheless show that their statistics analyze the correct group, or does not otherwise "use[] the wrong denominator" to plausibly plead causation between the employment practice and the disparate impact. *Liu v. Uber Techs. Inc.*, No. 20-cv-07499-VC, 2022 WL 1613285, at *1 (N.D. Cal. May 23, 2022). The Court cannot determine whether Plaintiffs sufficiently alleged causation without allegations as to which group Plaintiffs belonged to at Twitter. Thus, they have failed to allege causation. Accordingly, Plaintiffs have also failed to state a disparate impact claim.

### D.    Declaratory Judgment Act

As discussed above, Plaintiffs' counsel has already obtained agreement from Twitter that they will not seek the general releases of claims from Twitter employees without notice of the instant suit and associated rights. Therefore, Plaintiffs' claim under the Declaratory Judgment Act, seeking such an injunction, is moot. *Nome Eskimo Cmty. v. Babbit*, 67 F.3d 813, 815 (9th Cir. 1995). The Court dismisses this claim without prejudice. If Plaintiffs wish to amend their complaint with a request for injunctive relief, they must identify how the relief they now seek differs from that already obtained in *Cornet*.

### E.    Motion to Strike Class Claims

Twitter also asks that the Court strike the class action claims, arguing that "[b]ecause Plaintiffs could not have been injured by the Post-RIF Policies, they lack standing to assert a disparate impact claim arising from the alleged injuries of others who were subject to those policies." ECF No. 20 at 28. Twitter further argues that Plaintiffs fail to "plead a precise and ascertainable class definition." *Id*. at 31. Because the Court has dismissed all the claims in the complaint, however, it need not and does not decide Twitter's alternative motion to strike. The Court denies Twitter's request to strike as moot.

United States District Court
Northern District of California

1      Twitter is entitled to raise this alternative argument in response to any amended complaint,

2   but Twitter should be aware that the Court disfavors striking class allegations in lieu of or prior to

3   a fully briefed motion for class certification brought after discovery has been completed.  *See*

4   *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike

5   class allegations are disfavored because a motion for class certification is a more appropriate

6   vehicle for the arguments [the defendant] advances herein."); *see e.g.*, *Falkenberg v. Alere Home*

7   *Monitoring, Inc.*, No. 13-cv-00341-JST, 2015 WL 800378, at \*5 (N.D. Cal. Feb. 23, 2015).

8                                          **CONCLUSION**

9      For the foregoing reasons, Twitter's motion is granted.  Plaintiffs' complaint is dismissed

10   with leave to amend because Twitter has not shown that amendment would prejudice Twitter, is

11   sought in bad faith, would produce an undue delay, or would be futile.  *See AmerisourceBergen*

12   *Corp v. Dialyst West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  Plaintiffs may file an amended

13   complaint within twenty-one days of this order solely to cure the deficiencies identified by this

14   order.  Failure to file a timely amended complaint will result in dismissal with prejudice.

15      **IT IS SO ORDERED.**

16   Dated:  May 8, 2023



                                          JON S. TIGAR
                                          United States District Judge

16

EXHIBIT 6

ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:23-cv-01786-SI

Zeman v. Twitter, Inc. et al

Assigned to: Judge Susan Illston

Cause: 29:621 Job Discrimination (Age)

Date Filed: 04/13/2023

Jury Demand: Plaintiff

Nature of Suit: 442 Civil Rights: Jobs

Jurisdiction: Federal Question

**Plaintiff**

**John Zeman**
*on behalf of himself and all others similarly
situated*

represented by **Shannon Liss-Riordan**
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Fax: (617) 994-5801
Email: sliss@llrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Manewith**
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Fax: (617) 994-5801
Email: bmanewith@llrlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Twitter, Inc.**

represented by **Eric Meckley**
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
(415) 442-1000
Fax: (415) 442-1001
Email: eric.meckley@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian D, Berry**
Morgan, Lewis & Bockius LLP
One Market Spear Street Tower
San Francisco, CA 94105
(415) 442-1176
Fax: (415) 442-1001
Email: brian.berry@morganlewis.com

*ATTORNEY TO BE NOTICED*

**Carolyn Corcoran**
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
212-309-6059
Fax: 212-309-6001
Email: carolyn.corcoran@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph A. Govea**
Morgan, Lewis & Bockius LLP
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626
714-830-0600
Fax: 714-830-0700
Email: joseph.govea@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**X Corp.**                                    represented by   **Eric Meckley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian D, Berry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Carolyn Corcoran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Govea**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/13/2023 | 1 | COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND against Twitter, Inc., and X Corp., (Filing Fee: $402.00, receipt number ACANDC- 18167822). Filed by John Zeman. (Attachments: #(1) Civil Cover Sheet)(Liss-Riordan, Shannon) (Filed on 4/13/2023) (Entered: 04/13/2023) |
| 04/13/2023 |  | Electronic filing error. Incorrect Civil Cover Sheet used. Please use our most current form found on our website, www.cand.uscourts.gov. No judge assignment will be made until the document is e-filed. Submit your document using Civil Events > Other Filings > Other Documents > Civil Cover Sheet Re: 1 Complaint filed by John Zeman (ark, COURT STAFF) (Filed on 4/13/2023) (Entered: 04/13/2023) |
| 04/13/2023 | 2 | Civil Cover Sheet by John Zeman . (Liss-Riordan, Shannon) (Filed on 4/13/2023) (Entered: 04/13/2023) |

| 04/13/2023 | 3 | Case assigned to Magistrate Judge Laurel Beeler.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 4/27/2023. (as, COURT STAFF) (Filed on 4/13/2023) (Entered: 04/13/2023) |
|---|---|---|
| 04/13/2023 | 4 | **Initial Case Management Scheduling Order with ADR Deadlines: This case may fall within the Initial Discovery Protocols for Employment Cases Alleging Adverse Action. See General Order 71. Parties and Counsel are directed to review General Order 71 to determine whether it applies to this case, and to comply with that General Order if applicable. Case Management Statement due by 7/6/2023. Initial Case Management Conference set for 7/13/2023 11:00 AM in San Francisco, Courtroom B, 15th Floor. (lsk, COURT STAFF) (Filed on 4/13/2023) (Entered: 04/13/2023)** |
| 04/19/2023 | 5 | Proposed Summons. (Liss-Riordan, Shannon) (Filed on 4/19/2023) (Entered: 04/19/2023) |
| 04/19/2023 | 6 | Proposed Summons. (Liss-Riordan, Shannon) (Filed on 4/19/2023) (Entered: 04/19/2023) |
| 04/19/2023 | 7 | Summons Issued as to X Corp. (lsk, COURT STAFF) (Filed on 4/19/2023) (Entered: 04/19/2023) |
| 04/19/2023 | 8 | Summons Issued as to Twitter, Inc. (lsk, COURT STAFF) (Filed on 4/19/2023) (Entered: 04/19/2023) |
| 04/26/2023 | 9 | SUMMONS Returned Executed by John Zeman. X Corp. served on 4/24/2023, answer due 5/15/2023. (Liss-Riordan, Shannon) (Filed on 4/26/2023) (Entered: 04/26/2023) |
| 04/26/2023 | 10 | SUMMONS Returned Executed by John Zeman. Twitter, Inc. served on 4/21/2023, answer due 5/12/2023. (Liss-Riordan, Shannon) (Filed on 4/26/2023) (Entered: 04/26/2023) |
| 05/03/2023 | 11 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Twitter, Inc., X Corp... (Berry, Brian) (Filed on 5/3/2023) (Entered: 05/03/2023) |
| 05/03/2023 | 12 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (ejk, COURT STAFF) (Filed on 5/3/2023) (Entered: 05/03/2023) |
| 05/04/2023 | 13 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Susan Illston for all further proceedings. Magistrate Judge Laurel Beeler no longer assigned to case, Notice: The** |

| | | |
|---|---|---|
| | | assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras.. Signed by Clerk on 5/4/2023. (Attachments: # 1 Notice of Eligibility for Video Recording)(ark, COURT STAFF) (Filed on 5/4/2023) (Entered: 05/04/2023) |
| 05/04/2023 | 14 | NOTICE of Appearance by Eric Meckley *for Defendants Twitter, Inc. and X Corp.* (Meckley, Eric) (Filed on 5/4/2023) (Entered: 05/04/2023) |
| 05/04/2023 | 15 | NOTICE of Appearance by Joseph A. Govea *for Defendants Twitter, Inc. and X Corp.* (Govea, Joseph) (Filed on 5/4/2023) (Entered: 05/04/2023) |
| 05/04/2023 | 16 | INITIAL CASE MANAGEMENT GUIDELINE AND CLERK'S NOTICE ON REASSIGNMENT.<br><br>**MANDATORY ZOOM REGISTRATION:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at sicrd@cand.uscourts.gov no later than 7/5/23 at 2pm.<br><br>(ec, COURT STAFF) (Filed on 5/4/2023) (Entered: 05/04/2023) |
| 05/05/2023 | 17 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC-18237622.) filed by Twitter, Inc., X Corp.. (Corcoran, Carolyn) (Filed on 5/5/2023) (Entered: 05/05/2023) |
| 05/05/2023 | 18 | **Order by Judge Susan Illston granting 17 Motion for Pro Hac Vice as to Carolyn M. Corcoran. (jlg, COURT STAFF) (Filed on 5/5/2023) (Entered: 05/05/2023)** |
| 05/12/2023 | 19 | MOTION to Dismiss *Complaint; Memorandum of Points and Authorities* filed by Twitter, Inc., X Corp.. Motion Hearing set for 6/30/2023 10:00 AM in San Francisco, Courtroom 01, 17th Floor before Judge Susan Illston. Responses due by 5/26/2023. Replies due by 6/2/2023. (Attachments: # 1 Proposed Order Granting Defendants' Motion to Dismiss the Complaint)(Berry, Brian) (Filed on 5/12/2023) (Entered: 05/12/2023) |
| 05/12/2023 | 20 | Request for Judicial Notice re 19 MOTION to Dismiss *Complaint; Memorandum of Points and Authorities* filed byTwitter, Inc., X Corp.. (Attachments: # 1 Proposed Order Granting Defendants' Request for Judicial Notice in Support of Motion to Dismiss Complaint) (Related document(s) 19 ) (Berry, Brian) (Filed on 5/12/2023) (Entered: 05/12/2023) |
| 05/15/2023 | 21 | CLERK'S NOTICE MOVING HEARING DATE: Pursuant to the Judge's Scheduling Notes, the date currently noticed for the Motion to Dismiss 19 is unavailable. Therefore the Motion to Dismiss 19 Hearing is CONTINUED TO 7/7/7/22 AT 10:00 AM - Videoconference Only before Judge Susan Illston. This proceeding will be held via a Zoom webinar. The briefing schedule REMAINS UNCHANGED. Responses due by 5/26/2023. Replies due by 6/2/2023.<br><br>**MANDATORY ZOOM REGISTRATION:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at sicrd@cand.uscourts.gov no later than 6/28/2023 at 2 pm.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/si<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |

| | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Motion Hearing set for 7/7/2023 10:00 AM in San Francisco, - Videoconference Only before Judge Susan Illston. (ec, COURT STAFF) (Filed on 5/15/2023). *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (Entered: 05/15/2023) |
|---|---|---|
| 05/16/2023 | 22 | NOTICE by John Zeman *of FILING* (Attachments: # 1 Supplement Administrative Motion to Relate Cases)(Liss-Riordan, Shannon) (Filed on 5/16/2023) (Entered: 05/16/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/19/2023 17:51:54 | | |
| **PACER Login:** | jgovea319683 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:23-cv-01786-SI |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |