1   LICHTEN & LISS-RIORDAN, P.C.
    Shannon Liss-Riordan, Bar No. 310719
2   sliss@llrlaw.com
    Thomas Fowler (*pro hac vice* forthcoming)
3   tfowler@llrlaw.com
    729 Boylston Street, Suite 2000
4   Boston, MA 02116
    Tel:  +1.617.994.5800
5   Fax:  +1.617.994.5801

6   Attorneys for Plaintiffs
    DMITRY BORODAENKO and HANA THIER, on
7   behalf of themselves and all others similarly situated

8

9   MORGAN, LEWIS & BOCKIUS LLP
    Eric Meckley, Bar No. 168181
    eric.meckley@morganlewis.com
10  Brian D. Berry, Bar No. 229893
    brian.berry@morganlewis.com
11  One Market, Spear Street Tower
    San Francisco, CA  94105-1596
12  Tel:    +1.415.442.1000
    Fax:    +1.415.442.1001
13
    Attorneys for Defendant
14  TWITTER, INC. and X CORP.

15

16

17                  UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19  DMITRY BORODAENKO and HANA              Case No. 3:22-cv-07226-AMO
    THIER, on behalf of themselves and all others
20  similarly situated,                     **JOINT CASE MANAGEMENT
                                            STATEMENT**
21                  Plaintiffs,
                                            Date:       Not Yet Set
22          v.                              Time:       10:00 a.m.
                                            Courtroom: 10
23  TWITTER, INC., and X CORP.,             Judge:      Hon. Araceli Martinez-Olguin

24                  Defendants

25

26

27

28

1         Pursuant to the Order reassigning this matter to District Judge Araceli Martinez-Olguin

2 (Dkt. No. 36); District Judge Araceli Martinez-Olguin's Standing Order for Civil Cases; the

3 Standing Order for All Judges of the Northern District of California; Federal Rule of Civil

4 Procedure 26(f); and the Northern District Civil Local Rules 16-9, Plaintiffs DMITRY

5 BORODAENKO and HANA THIER ("Plaintiffs") and Defendants TWITTER, INC. and X

6 CORP. (collectively "Twitter") (collectively, Plaintiffs and Defendants are the "Parties") submit

7 the following Joint Case Management Statement.

8         **1.**     **JURISDICTION AND SERVICE**

9         This Court has jurisdiction under 29 U.S.C. § 1331 over the claims arising under the

10 Americans With Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title

11 VII").  Furthermore, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the

12 remaining and related claims under the California Fair Employment and Housing Act ("FEHA").

13         All Parties in the matter have been served.

14         **2.**     **FACTS**

15         *Plaintiffs' statement:*

16         Plaintiffs contend that Twitter has engaged in unlawful discrimination on the basis of

17 disability in violation of the ADA, 42 U.S.C. §§ 12101, *et seq.*, and (for employees who worked

18 in California) the FEHA, Cal. Gov. Code § 12940, *et seq*. Plaintiffs also contend that Twitter has

19 engaged in unlawful discrimination on the basis of sex in violation of Title VII, 42 U.S.C. §

20 2000e FMLA, 29 U.S.C. § 2601, *et seq*.

21         As Plaintiffs have alleged, Elon Musk purchased Twitter in late October 2022, and

22 immediately began laying off well more than half of its workforce. Many of the employees who

23 have lost their jobs since Musk's purchase of the company are disabled. Prior to Musk's purchase

24 of the company, Twitter employees were permitted to work remotely. However, shortly after

25 Musk completed the purchase of Twitter, he declared that working remotely would no longer be

26 allowed and that all remaining employees would need to work out of a company office – with

27 only rare exceptions for "exceptional" employees, that Musk himself would have to approve.

28 Additionally, Musk declared that, in order to remain employed at Twitter, employees would have

JOINT CASE MANAGEMENT
STATEMENT

1   to "work[] long hours at high intensity." Any employees who did not agree to this mandate would

2   be laid off.

3       Many disabled employees were able to perform their jobs adequately with the reasonable

4   accommodation of working remotely, rather than from a physical Twitter office. Plaintiffs allege

5   that Musk's declaration, however, that all employees would need to work out of physical offices

6   (other than exceptions made for "exceptional" cases) made it not possible or viable for many

7   disabled employees to continue their jobs. Similarly, Plaintiffs allege that many disabled

8   employees who have, and could continue to, perform their jobs effectively felt that, because of

9   their disability, they would not be able to meet Musk's new unreasonable demands related to

10  performance and productivity, and they were thus were forced out of their jobs.

11      Additionally, the mass termination of employees at Twitter has also impacted female

12  employees to a greater extent than male employees – and to a highly statistically significant

13  degree.  Elon Musk has made a number of publicly discriminatory remarks about females, so it is

14  not surprising that the managers working under his direction laid off a higher proportion of

15  female employees than male employees.  Musk also quickly implemented new unreasonable work

16  demands and policies at Twitter, which were intended to and did have a disparate impact on

17  women, forcing a greater proportion of women than men to leave the company.

18      These unreasonable demands let to a higher proportion of women, as well as disabled

19  employees, not clicking "yes" in response to an ultimatum Musk sent employees on November

20  17, 2022 (which required employees to agree to "work long hours at high intensity" and

21  otherwise agree to Musk's unreasonable demands for employees to work at "Twitter 2.0") and

22  thus being laid off the following day.

23      ***Defendants' Statement:***

24      Twitter previously filed a motion to dismiss pursuant to Rule 12(b)(6), which the Court

25  granted on May 5, 2022.  *See* ECF No. 35.  The Court dismissed Plaintiff Borodaenko's alleged

26  disparate treatment and disparate impact disability discrimination claims with leave to amend.  *Id*.

27  Plaintiffs only very recently filed their Second Amended Complaint, just two business days ago on

28  May 26, 2023.  In the Second Amended Complaint, Plaintiffs, who both allege that they are

JOINT CASE MANAGEMENT
STATEMENT

1    disabled, primarily take issue with two specific events: (1) Twitter's November 9, 2023 "return-to-

2    work" communication; and (2) Elon Musk's November 16, 2022 email entitled "A Fork in the

3    Road," which asked employees to click "yes" if they wished to remain employed with the

4    Company.  Both the return-to-work communication and the "A Fork in the Road" email applied

5    equally to all Twitter employees.  Despite that fact, Plaintiffs allege that both the return-to-work

6    communication and the "A Fork in the Road" email were discriminatory toward Twitter's disabled

7    employees, regardless of the employee's disability and whether the employee required any form of

8    reasonable accommodation.   Separately, Plaintiff Thier alleges that these two events also

9    disproportionately impacted Twitter's female employees.  Prior to the filing of the SAC, in which

10   Thier was added as a named plaintiff, this action – which was filed in November 2022 and has been

11   pending for more than six months – did not contain any claims related to alleged gender

12   discrimination.

13         Plaintiffs allege their claims on behalf of themselves and all other allegedly similarly

14   situated Twitter employees across the United States who are either disabled or female and "whose

15   jobs have been affected by the company's layoffs, terminations, and constructive discharges" since

16   Elon Musk acquired Twitter.

17         Twitter has not yet responded to the Second Amended Complaint—its deadline to do so is

18   June 16, 2023.  Twitter currently is evaluating its responsive pleading, including whether to file an

19   answer or a motion to dismiss.  In terms of their substance, Plaintiffs' claims are without merit.

20   With respect to Plaintiff Borodaenko, Twitter terminated his employment for misconduct – he was

21   not subject to any reduction in force (RIF) or the November 16, 2022 "Fork in the Road" email as

22   he had been fired at that point.  Twitter was not aware of Borodaenko having any alleged

23   "disability" or any resulting need for a reasonable accommodation, and Twitter's legitimate non-

24   discriminatory reasons for terminating his employment had absolutely no connection whatsoever

25   with any such alleged "disability" or need for an accommodation.

26         As to Plaintiff Thier, she alleges that she declined to click "yes" in response to the

27   November 16, 2022 "A Fork in the Road" email because she "felt she could no longer work at

28   Twitter, given her disability", because she allegedly required "a stable work environment with clear

4

JOINT CASE MANAGEMENT
STATEMENT

1    and reasonable expectations."  Twitter was not aware of Thier having any alleged "disability" or

2    any resulting need for a reasonable accommodation.  Furthermore, Twitter did not terminate Thier's

3    employment, so her alleged disability and/or need for an accommodation played no role in her

4    termination.  Rather, Thier chose voluntarily to resign by not selecting "yes" in response to the

5    November 16 "A Fork in the Road" email.  Thier makes the conclusory statement that her sex

6    somehow factored into the cessation of her employment with Twitter, but she fails to allege any

7    facts in support of this conclusion.

8         Twitter is an equal opportunity employer that does not discriminate on the basis of

9    disability, sex, or any other category protected by law.  Twitter denies that it discriminated against

10   Plaintiffs on the basis of disability or sex.  Twitter further denies that any alleged post-RIF policies

11   disproportionately impacted Twitter's disabled or female employees, including either Plaintiff.

12       **3.    LEGAL ISSUES**

13       ***Plaintiffs' Statement:***

14       The primary legal issues presented by Plaintiffs' lawsuit are: (1) whether Twitter violated

15   the ADA, Title VII, and for employees in California, the FEHA, by implementing mass layoff in

16   a manner that disproportionately impacted disabled employees and female employees; and (2)

17   whether Plaintiffs' claims may be certified as a class action under FRCP 23.

18       ***Defendants' Statement:***

19       At the present time, Twitter contends that this case involves the following legal issues:

20       (1)    whether Plaintiff Borodaenko qualified as disabled under the ADA;

21       (2)    whether Plaintiff Thier qualified as disabled under the ADA;

22       (3)    whether Plaintiff Borodaenko qualified as disabled under the FEHA;

23       (4)    whether Plaintiff Borodaenko needed any reasonable accommodation under the

24   ADA or the FEHA;

25       (5)    whether Plaintiff Thier needed any reasonable accommodation under the ADA;

26       (6)    whether Twitter discriminated against Plaintiff Borodaenko based upon disability in

27   violation of the ADA;

28

5

JOINT CASE MANAGEMENT
STATEMENT

(7)      whether Twitter discriminated against Plaintiff Thier based upon disability in violation of the ADA;

(8)      whether Twitter discriminated against Plaintiff Borodaenko based upon disability in violation of the FEHA;

(9)      whether Twitter discriminated against Plaintiff Thier based upon sex in violation of Title VII;

(10)     whether Plaintiffs' alleged disability discrimination claims may be certified as a class action under FRCP 23;

(11)     whether Plaintiff Thier's gender discrimination claim may be certified as a class action under FRCP 23;

(12)     in the event that the ADA claim is certified as a class action, whether Plaintiff Borodaenko or Plaintiff Thier can prove that Twitter discriminated against the class based on disability in violation of the ADA;

(13)     in the event that the Title VII claim is certified as a class action, whether Plaintiff Thier can prove that Twitter discriminated against the class based on sex in violation of Title VII; and

(14)     in the event that the FEHA claim is certified as a class action, whether Plaintiff Borodaenko can prove that Twitter discriminated against the class based on disability in violation of the FEHA.

## 4.      MOTIONS

There are no motions currently pending.  Plaintiffs intend to move to consolidate this case with two other related cases raising similar discrimination claims against Twitter and X Corp. in connection with Twitter's recent layoffs: *Strifling et al v. Twitter et al*, C.A. No. 22-cv-07739 (N.D. Cal.) (sex and age discrimination); and *Zeman v. Twitter et al,* C.A. No. 23-cv-01786 (N.D. Cal.) (age discrimination).

Twitter previously filed a motion to dismiss pursuant to Rule 12(b)(6), which the Court granted on May 5, 2022. *See*, ECF No. 35.  The SAC was filed following this Order.  Twitter has

JOINT CASE MANAGEMENT
STATEMENT

1    not yet responded to the SAC—its deadline to do so is June 16, 2023.  Twitter potentially may

2    file a motion to dismiss under Rule 12(b)(6) and/or a motion to strike under Rule 12(f).

3         **5.    AMENDMENT OF PLEADINGS**

4         *Plaintiffs' Statement:*

5         Plaintiffs filed a second amended complaint on May 26, 2023. Plaintiffs reserve the right

6    to seek leave to further amend their complaint should the circumstances warrant it.

7         *Defendants' Statement:*

8         Plaintiffs filed this case on November 16, 2022, nearly seven months ago, and have already

9    twice amended their Complaint.  Twitter contends that a reasonable time for amendment has passed.

10   If the Court is inclined to set a deadline by which any further leave to amend may be requested,

11   then Twitter believes such deadline should be no later than two weeks after the case management

12   conference.

13        **6.    EVIDENCE PRESERVATION**

14        The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored

15   Information ("ESI Guidelines") and have complied with their evidence preservation obligations.

16        **7.    DISCLOSURES**

17        The parties have not exchanged initial disclosures.

18        *Plaintiffs' Statement:*

19        Pursuant to Fed. R. Civ. P. 26(a)(1)(C), Plaintiffs propose that the parties exchange initial

20   disclosures within twenty-one (21) days of the Court's decision whether to consolidate this case

21   with *Strifling* and *Zeman*.

22        *Defendants' Statement:*

23        Twitter believes it would be premature to exchange initial disclosures.  First, Twitter has

24   not yet responded to the SAC and may file a motion to dismiss and/or motion to strike that could

25   result in the dismissal of some or all of the pending claims, which would eliminate (or at a

26   minimum) impact the need for initial disclosures. Second, if Plaintiffs proceed with filing a

27   motion to consolidate this action with *Strifling* and *Zeman*, then any initial disclosures should be

28   delayed until after the ruling on such motion, in order to avoid the potential for initial disclosures

JOINT CASE MANAGEMENT
STATEMENT

1     to occur in a piecemeal, duplicative or otherwise burdensome fashion.

2          **8.      DISCOVERY**

3               **a.      Discovery Taken to Date and Scope of Anticipated Discovery**

4          *Plaintiffs' Statement:*

5          Plaintiffs propose that discovery shall begin immediately after the Court decides whether

6     to consolidate this case with *Strifling* and *Zeman*.  Plaintiffs propose that the discovery period

7     shall continue until 60 days after the close of the class action opt-out period, should the Court

8     certify this case as a class action.  If the Court declines to certify this case as a class action,

9     Plaintiffs propose that the discovery period close 60 days after the Court's denial of Plaintiffs'

10    request for class certification.

11         Plaintiffs oppose Twitter's request to bifurcate discovery into class certification and merits

12    discovery.  It would be difficult to distinguish between the two and would likely raise

13    unnecessary disputes about what discovery would be encompassed by the first stage.  Plaintiffs

14    oppose discovery of putative class members, absent agreement by the parties.  Plaintiffs intend to

15    conduct written discovery and take depositions.

16         *Defendants' Statement:*

17         Twitter contends that it would be inappropriate to commence discovery given that Twitter

18    has not yet responded to the Second Amended Complaint that was filed just two business days ago

19    on May 26, 2023.  Twitter's response is not due until June 16, 2023, and Twitter potentially may

20    file a motion to dismiss and/or motion to strike that could result in the dismissal of some or all

21    claims.  Similarly, if Plaintiffs proceed with filing a motion to consolidate this action with *Strifling*

22    and *Zeman*, then any discovery should not commence until after the ruling on such motion, in order

23    to avoid the potential for discovery to proceed in a piecemeal, duplicative or otherwise burdensome

24    fashion.

25         When the appropriate time arrives to commence discovery, at that point Twitter contends

26    that the Parties should conduct discovery in two phases with the first phase focusing on discovery

27    needed for a class certification motion and a second phase, if any, focusing on additional merits

28    issues.

JOINT CASE MANAGEMENT
STATEMENT

Twitter anticipates taking discovery on all issues raised by Plaintiffs in any operative complaint.   Twitter anticipates serving written discovery and deposing both Plaintiffs, any individual who files a declaration in support of or on behalf of Plaintiffs and their claims, and potentially other members of the putative class.  Twitter does not believe the Court should modify any limits on discovery in the Federal Rules of Civil Procedure at this time.

**b.**     **Stipulated E-Discovery Order**

The Parties have not entered into a stipulated e-discovery order.  When this case proceeds to discovery, the Parties will meet and confer regarding a protective order consistent with the Northern District of California's Model Protective Order.

The Parties do not believe it is necessary to modify any limitations imposed by the Federal Rules of Civil Procedure or the Local Rules at this time.

**c.**     **Discovery Disputes**

The Parties will work in good faith to resolve any discovery disputes amicably but will bring those disputes to the Court's attention if they cannot be resolved.

**9.**     **CLASS ACTIONS**

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements for the Northern District of California.

*Plaintiffs' Statement:*

Plaintiffs intend to move for class certification, following some initial discovery. Plaintiffs may move for class certification within 90 days of the beginning of discovery.

As required by Civil L.R. 16-9(a), Plaintiffs state that a class is maintainable under Fed. R. Civ. P. 23(a) and 23(b)(3).  They will seek to certify classes consisting of disabled Twitter employees and female Twitter employees who have lost their jobs since Elon Musk purchased the company (through layoffs, terminations, or constructive discharges).

The pertinent facts are set forth in the current complaint.  Plaintiffs expect to develop and support these facts through discovery.  Briefly, Plaintiffs state that they expect to satisfy Rule 23(a), based on numerosity (there are many disabled employees and/or female employees who have lost their jobs with Twitter since Elon Musk acquired the company); commonality (the

JOINT CASE MANAGEMENT
STATEMENT

1    claims of these employees will raise numerous common questions of fact and law); typicality (the

2    named Plaintiffs will have claims typical of the class); and adequacy (the named Plaintiffs and

3    their counsel will fairly and adequately represent the class).

4           Plaintiffs expect to satisfy the requirements under Rule 23(b) based on similar facts, since

5    it will clearly be superior to maintain a class action, for efficiency purposes, rather than require

6    each of these class members to bring their own individual action, and the common questions of

7    law and fact will predominate over any individual questions.

8           ***Defendants' Statement:***

9           Twitter contends that it would be premature for Plaintiffs to move for class certification

10   until Twitter has responded to the Second Amended Complaint and, in the event Twitter responds

11   by filing a motion to dismiss and/or motion to strike, until after such motion is resolved and the

12   case is at issue.  To the extent the Court is inclined to set a case schedule now, Twitter believes the

13   Court should set a deadline for Plaintiffs to file any motion for class certification by August 2024,

14   given the scope of the class and the discovery burden it contemplates.  Twitter will oppose class

15   certification.

16          **10.     RELATED CASES**

17          ***Plaintiffs' Statement:***

18          As noted above, Plaintiffs believe that this case is related to *Strifling, et al. v. Twitter, Inc.,*

19   *et al.*, C.A. No. 4:22-cv-07739-JST (N.D. Cal.), and *Zeman v. Twitter, Inc., et al.*, Case No. 3:23-

20   cv-01786-SI (N.D. Cal.).  While this Court previously declined to relate the cases, finding they

21   raised different legal claims, since amendments have been made to this case (so that it now

22   includes sex as well as disability discrimination claims) and to *Strifling* (so that it now includes

23   age as well as sex discrimination claims), Plaintiffs assert that these three cases are now

24   unquestionably related.  As shown through the amended complaints, there are employees who fall

25   into more than one protected class who assert discrimination on the basis of multiple unlawful

26

27

28

                                                    JOINT CASE MANAGEMENT
                                                              STATEMENT

1    reasons. These cases will involve intersecting factual and legal issues and should be addressed

2    before one court.[1]

3        ***Defendants' Statement:***

4        As this Court noted in its May 23, 2023 Related Case Order (Dkt. No. 41), this case is not

5    related to the *Strifling* or *Zeman* cases. Plaintiffs' recent amendments to the Second Amended

6    Complaint in this case and the amended pleading in the *Strifling* action are a transparent gambit to

7    attempt to relate three cases that have nothing to do with one another. Twitter has filed an

8    administrative motion in the *Strifling* matter seeking to strike the amended pleading based on the

9    violation of Judge Tigar's Order that allowed amendment solely to correct the deficiencies in the

10   pleading, not to add new parties and entirely new claims. *See Strifling, et al. v. Twitter, Inc., et al.*,

11   C.A. No. 4:22-cv-07739-JST (N.D. Cal.), ECF No. 42.

12       Twitter intends to oppose any motion to consolidate and/or relate this case to the *Strifling*

13   or *Zeman* cases.

14       **11.    <u>RELIEF SOUGHT</u>**

15       ***Plaintiffs' Statement:***

16       As set forth in the Second Amended Complaint (Dkt. No. 42), Plaintiffs seek damages for

17   Twitter's violations of the ADA, Title VII, and (for the employees who worked out of California)

18   the FEHA, including back pay, front pay, lost benefits, bonuses and equity, emotional distress and

19   punitive damages, reinstatement for those employees who wish to return to their jobs, interest,

20   and any other recoverable damages; attorneys' fees and costs; and any and all other relief to

21   which Plaintiffs and the putative class may be entitled.

22       ***Defendants' Statement:***

23       Twitter denies that Plaintiffs or any putative class member are entitled to relief, denies

24   Plaintiffs' claimed damages, and further denies that any claims may be maintained on a class action

25   basis.

26   ───────────────────

27   [1]    Plaintiffs will oppose Twitter's request to strike the amended complaint in *Strifling*. The amended complaint addressed the court's initial order, and the additional plaintiff who was added had additional claims which Twitter would undoubtedly have claimed constituted "claim-splitting" if she tried to file them in two separate cases.

28

                                                        JOINT CASE MANAGEMENT
                                                                  STATEMENT

**12.**     <u>SETTLEMENT AND ADR</u>

The Parties have complied with ADR L.R. 3.5.  The Parties have not engaged in mediation or settlement discussions.

**13.**     <u>OTHER REFERENCES</u>

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.**     <u>NARROWING OF ISSUES</u>

The Parties do not believe any issues can be narrowed by agreement at this time.

**15.**     <u>EXPEDITED TRIAL PROCEDURE</u>

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachments B and D.

**16.**     <u>SCHEDULING</u>

*Plaintiffs' Statement:*

As described above, Plaintiffs propose that discovery begin immediately after the Court decides whether to consolidate this case with *Strifling* and *Zeman* until 60 days after either the close of the opt-out period (should the Court certify this case as a class action) or the Court's denial of class certification.  Plaintiffs would plan to move for class certification within 90 days of the opening of discovery.

*Defendants' Statement:*

Twitter contends that it would be inappropriate to commence discovery given that Twitter has not yet responded to Plaintiffs' Second Amended Complaint, which was only filed on May 26, 2023.  Twitter's deadline to respond to the Second Amended Complaint is June 16, 2023.  Twitter is evaluating how to respond to the Second Amended Complaint, including whether to file a motion to dismiss.  This action is not at issue.

In addition, if Plaintiffs proceed with filing a motion to consolidate this action with *Strifling* and *Zeman*, then case scheduling should occur only after a ruling on any such motion so that scheduling does not occur in a piecemeal, duplicative or otherwise burdensome fashion.

/ / /

JOINT CASE MANAGEMENT
STATEMENT

1    **17.**    <u>**TRIAL**</u>

2    *Plaintiffs' Statement:*

3         Plaintiffs request that a trial be set in this matter for early 2024.

4    *Defendants' Statement:*

5         Twitter believes that it would be entirely premature to set a trial date given that it has not

6    yet responded to the Second Amended Complaint and given the uncertainty regarding whether any

7    class action claims will be certified, which would significantly impact the timing and length of any

8    trial.  Plaintiff's suggestion that this matter would be ready for trial in "early 2024" ignores the

9    reality of the procedural posture and issues in this case.

10    **18.**    <u>**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**</u>

11    *Plaintiffs' Statement:*

12         Plaintiffs will file their Certification of Interested Entities or Persons shortly. Other than

13    the named parties, there is no such interest to report.

14    *Defendants' Statement:*

15         Twitter will file its Certification of Interested Entities or Persons prior to the conference.

16    **19.** <u>**PROFESSIONAL CONDUCT**</u>

17         All attorneys of record for the parties have reviewed the Guidelines for Professional

18    Conduct for the Northern District of California.

19    **20.**    <u>**SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND**</u>

20         <u>**INEXPENSIVE DISPOSITION OF THIS MATTER**</u>

21         At this time, the Parties have not identified any other matters that may facilitate the just,

22    speedy, and inexpensive disposition of this matter.

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

13

JOINT CASE MANAGEMENT
STATEMENT

Dated: May 31, 2023                    LICHTEN & LISS-RIORDAN, P.C.

By     */s/ Shannon Liss-Riordan*
        Shannon Liss-Riordan
        Thomas Fowler
        Attorneys for Plaintiffs
        DMITRY BORODAENKO and
        HANA THIER, ON BEHALF OF
        THEMSELVES AND ALL OTHERS
        SIMILARLY SITUATED

Dated: May 31, 2023                    MORGAN, LEWIS & BOCKIUS LLP

By     */s/ Eric Meckley*
        Eric Meckley
        Brian D. Berry
        Attorneys for Defendants
        TWITTER, INC. and X CORP.

## FILER'S ATTESTATION

Pursuant to Local Rule 5-1(h)(3) regarding signatures, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the document's content, and have authorized the filing.

Dated: May 31, 2023

By     */s/ Eric Meckley*
        Eric Meckley

JOINT CASE MANAGEMENT
STATEMENT