1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley, Bar No. 168181
2  eric.meckley@morganlewis.com
   Brian D. Berry, Bar No. 229893
3  brian.berry@morganlewis.com
   Kassia Stephenson, Bar No. 336175
4  kassia.stephenson@morganlewis.com
   One Market, Spear Street Tower
5  San Francisco, CA  94105-1596
   Tel:    +1.415.442.1000
6  Fax:    +1.415.442.1001

7  MORGAN, LEWIS & BOCKIUS LLP
   Ashlee N. Cherry, Bar No. 312731
8  ashlee.cherry@morganlewis.com
   1400 Page Mill Road
9  Palo Alto, CA  94304
   Tel:    +1.650.843.4000
10 Fax:    +1.650.843.4001

11 Attorneys for Defendants
   TWITTER, INC. and X CORP.

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15               SAN FRANCISCO DIVISION

16

17 DMITRY BORODAENKO and HANA           Case No. 3:22-cv-07226-AMO
   THIER, on behalf of themselves and all others
18 similarly situated,                  **DEFENDANTS TWITTER, INC.'S
                                        AND X CORP.'S OPPOSITION TO
19              Plaintiffs,             PLAINTIFFS' MOTION TO
                                        CONSOLIDATE CASES**
20      vs.
                                        Date:     July 20, 2023
21 TWITTER, INC. and X CORP.,           Time:     2:00 p.m.
                                        Judge:    Hon. Araceli Martinez-Olguin
22              Defendants.

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASES CASE NO. 3:22-CV-07226-AMO

1

## **TABLE OF CONTENTS**

2
**Page**

3   I.    INTRODUCTION .................................................................................................. 1

4   II.   RELEVANT FACTUAL BACKGROUND ......................................................... 3

5         A.    The *Borodaenko* Action ........................................................................... 3

                1.    Borodaenko's Claims. .................................................................... 3

6               2.    Thier's Claims. .............................................................................. 4

7         B.    The *Zeman* Action .................................................................................... 5

8         C.    The *Strifling* Action ................................................................................. 6

                1.    Strifling and Turkal's Claims. ...................................................... 6

9               2.    Frederick-Osborne's Claims. ........................................................ 7

10        D.    Relevant Procedural History and Chronology of Events ......................... 7

11              1.    May 5, 2023 – This Court Grants Twitter's Motion to Dismiss the *Borodaenko* First Amended Complaint. ....................................... 7

12              2.    May 8, 2023 – The Court Grants Twitter's Motion to Dismiss the *Strifling* Complaint. ...................................................................... 8

13              3.    May 10, 2023 – the *Borodaenko* Action is Reassigned to a New Judge. ............................................................................................ 8

14              4.    May 12, 2023 – Twitter Moves to Dismiss the *Zeman* Complaint. ............ 8

15              5.    May 16, 2023 – Plaintiffs in Strifling, Turkal, and Zeman Move to Relate Their Cases to the *Borodaenko* Action. .......................... 8

16
                6.    May 23, 2023 – This Court Denies the Motion to Relate This Action to *Strifling* and *Zeman*. .......................................................... 8
17
                7.    May 26, 2023 – The *Borodaenko* and *Strifling* Plaintiffs File Amended Complaints Adding New Plaintiffs and New Claims. ............... 9
18

19              8.    June 6, 2023 – Borodaenko Moves to Consolidate This Action with *Strifling* and *Zeman*. .......................................................... 9

20  III.  ARGUMENT ...................................................................................................... 9

21        A.    The Requirements of FRCP, Rule 42(a), Are Not Satisfied Here. ......... 9

22              1.    Any Common Issues of Law or Fact Are Manufactured and/or Not Material. ................................................................................. 10

23              2.    Consolidation Would Be Unduly Prejudicial and Unfair to Twitter ........ 12

                3.    Consolidation Will Not Serve Judicial Economy or Efficiency. ............. 15
24
    IV.   CONCLUSION .................................................................................................. 16

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Aikins v. St. Helena Hosp.*
   No. C 93-3933 FMS, 1994 WL 794759 (N.D. Cal. Apr. 4, 1994) ......................................... 14

*Burnett v. Rowzee*
   No. SACV07-641 DOC(ANx), 2007 WL 4191991 (C.D. Cal. Nov. 26, 2007) ...................... 9

*Carolina Strifling, et al. v. Twitter, Inc., et al.*
   Case No. 4:22-cv-07739-JST ................................................................................................ *passim*

*Choroszy v. Wilkie*
   544 F.Supp.3d 134 (D. Mass. June 10, 2021) ...................................................................... 15

*Christy v. MKS Instruments, Inc.*
   No. SACV1701569CJCJDEX, 2019 WL 13253371 (C.D. Cal. Mar. 19, 2019) ............. 10, 11

*Collins v. City & Cnty. of San Francisco*
   No. 13-CV-03456-MEJ, 2014 WL 5422177 (N.D. Cal. Oct. 24, 2014) ................................ 12

*EEOC v. HBE Corp.*
   135 F.3d 543 (8th Cir. 1998) ................................................................................................ 15

*EEOC v. Pan American World Airways, Inc.*
   1987 WL 97215 (N.D. Cal. Dec. 3, 1987) ........................................................................... 12

*Huene v. United States*
   743 F.2d 703 (9th Cir. 1984) .................................................................................................. 9

*In re Consol. Parlodel Litig.*
   182 F.R.D. 441 (D.N.J. 1998) .............................................................................................. 10

*John Zeman v. Twitter, Inc., et al.*
   Case No. 3:23-cv-01786-SI .............................................................................................. *passim*

*Jones v. City of Los Angeles*
   No. 220CV11502VAPJCX, 2021 WL 6496750 (C.D. Cal. Oct. 5, 2021) ............................ 14

*Jones v. FMA Alliance Ltd.*
   978 F.Supp.2d 84 (D. Mass. Oct. 17, 2013) ........................................................................ 15

*Knox v. Yingli Green Energy Holding Co. Ltd.*
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................................................. 9

*Muldrew v. Cnty. of Fresno*
   2009 WL 10730250 (E.D. Cal. June 29, 2009) .................................................................... 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

*Parapluie v. Mills*
 2012 WL 13009100 (C.D. Cal. Jan. 26, 2012) .......................................................... 10, 15, 16

*Rezner v. Bayerische Hypo-Und Vereinsbank AG*
 2009 WL 3458704 (N.D. Cal. Oct. 23, 2009) ................................................................. 14

*Single Chip Sys. Corp. v. Intermec IP Corp.*
 495 F. Supp. 2d 1052 (S.D. Cal. May 21, 2007) ........................................................ 10, 15

*Storrer v. Paul Revere Life Ins.*
 2008 WL 667402 (N.D. Cal. March 6, 2008) ................................................................ 14

*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*
 720 F. Supp. 805 (N.D. Cal. 1989) ................................................................................ 9

*Texas v. Travis County*
 272 F.Supp.3d 973 (W.D. Tex. Aug. 9, 2017) .............................................................. 15

*Tumbling v. Merced Irr. Dist.*
 2010 WL 1340546 (E.D. Cal. Apr. 1, 2010) ........................................................ 10, 11, 12

*Walker v. H. Councill Trenholm State Technical College*
 2007 WL 1140423 (M.D. Ala. Apr. 17, 2007) .............................................................. 12

**FEDERAL STATUTES**

Federal Rules of Civil Procedure, Rule 42 ........................................................................ 9

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

## I.    INTRODUCTION

For the first six months of its existence, the *Borodaenko* litigation involved only disability discrimination claims under the Americans with Disabilities Act ("ADA") and California Fair Employment and Housing Act ("FEHA").[1]  On May 26, 2023, Plaintiffs filed a Second Amended Complaint ("SAC") that added a new named plaintiff and an entirely new and substantively different claim for alleged sex discrimination under Title VII.  However, a putative class action claim for alleged sex discrimination was already pending, and had been since early December 2022, in the matter entitled *Carolina Strifling, et al. v. Twitter, Inc., et al.*

On the same date the SAC was filed in this action, Plaintiffs' counsel also filed a First Amended Complaint in *Strifling* that added a new named plaintiff and an entirely new and substantively different claim for age discrimination under the Age Discrimination in Employment Act ("ADEA").   However, a putative class action claim for alleged age discrimination was already pending, and had been since early April 2022, in the matter entitled *Zeman v. Twitter, Inc., et al.*

The substance and timing of these amendments was not coincidental, but rather represented a direct response to the Court's order – issued on only three days earlier -- denying Plaintiffs' motion to relate the *Borodaenko*, *Strifling* and *Zeman* cases.  *See* ECF No. 41.  After failing to relate the cases, Plaintiffs' counsel clearly intended to manufacture a basis – via these amended pleadings – to seek consolidation.  Their maneuvers raise the obvious question:  why would Plaintiffs' counsel wait many months after filing these cases to seek to relate them and then, after failing to achieve that result, add entirely new claims to each case and immediately seek to consolidate them?  As Defendants explained in their opposition to the motion to relate (*see* ECF No. 39), Plaintiffs' counsel clearly was disappointed when (i) on May 5, 2023, Judge Gilliam granted Twitter's Motion to Compel plaintiff Mehta into arbitration and granted Twitter's Motion to Dismiss plaintiff Borodaenko's remaining disability discrimination claims, and (ii) on May 8, 2023, the next court day, Judge Tigar granted Twitter's Motion to Dismiss the *Strifling*

[1] Although former named plaintiff Mehta had alleged Family Medical Leave Act claims, the Court compelled Mehta's claims to arbitration and these claims are not in the case.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE CASE NO. 3:22-CV-07226-AMO

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   matter.  So, when the Court *sua sponte* reassigned this matter away from Judge Gilliam two days

2   later, on May 10, 2023, Plaintiffs' lawyers saw an opportunity for judge-shopping and seized on

3   it.  In denying the motion to relate these cases, however, the Court appears to have recognized

4   and rejected Plaintiffs' transparent gamesmanship.  For these same reasons, the Court now should

5   deny Plaintiffs' Motion to consolidate, as it represents yet another attempt to manipulate this

6   Court's judicial assignments.

7         In addition to the above-described justification for denying Plaintiffs' Motion, multiple

8   factors weigh against consolidation here.  First, any purported common issues of law or fact

9   between the three cases have been manufactured solely for the purpose of seeking consolidation

10  and, in any event, any commonality is superficial and not material to resolution of the legal

11  claims at issue. Plaintiffs do not contend that any of the named plaintiffs shared similar job titles

12  or responsibilities, worked in the same department, or reported to the same supervisor(s).  Also

13  each of the cases challenges different employment actions – *e.g.*, certain cases focus on Twitter's

14  "Post-RIF Policies" (*i.e.*, a return-to-office directive and more demanding work culture) while

15  others directly challenge the November 4, 2022 reduction in force/layoff.  And, aside from the

16  unauthorized and improper amendments in *Borodaenko* and *Strifling*,[2] each of the cases alleges

17  substantively different types of alleged discrimination under different statutory schemes.

18        Second, consolidation would unfairly prejudice Twitter.  Given the number of different

19  facts and legal issues at play in the three cases, significant risk exists that consolidating the cases

20  would only confuse the issues and likely confuse a jury at any trial, given the different claims and

21  elements of proof.  Also, consolidation would serve only to reward Plaintiffs' gamesmanship and

22  attempt to manipulate the Court's judicial assignments – particularly given the fact that Plaintiffs'

23  amendments to the *Borodaenko* and *Strifling* complaints, which serve as the sole basis for this

24  Motion, violated the Court's orders granting Twitter's motions to dismiss in *Borodaenko* and

25  *Strifling*.

26        Third, consolidation will not result in any efficiencies in these cases.  The pleadings are

27

28

---

[2] The pending motions in *Borodaenko* and *Strifling* challenge the attempted addition of the new named plaintiffs as unauthorized by and violative of the Court's prior orders granting the respective motions to dismiss in those cases.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

1  not settled in any of the three cases; specifically, Twitter has filed motions to dismiss that are

2  pending in *Borodaenko* (set for hearing on July 27, 2023) and in *Zeman* (set for hearing on July

3  28, 2023) and a motion to strike that is pending in *Strifling* (set for hearing on August 31, 2023).

4  The *Strifling* and *Zeman* courts are already familiar with their respective actions (for example, in

5  *Strifling* Judge Tigar issued a detailed 16-page order analyzing the relevant standards and issues

6  pertinent to the *Strifling* plaintiffs' disparate treatment and disparate impact sex discrimination

7  putative class claims under Title VII).  *See* Request for Judicial Notice ("RFJN"), Ex. 7.  If these

8  cases are reassigned to this Court, Your Honor will have to start from "ground zero" and this

9  prior work and its related efficiencies will be lost.  No legitimate reason exists to disrupt the

10  ongoing management of these cases by their currently assigned judges.

11      The Court should exercise its discretion and deny Plaintiffs' Motion to consolidate the

12  *Borodaenko, Strifling,* and *Zeman* actions.

13  **II.    RELEVANT FACTUAL BACKGROUND**

14      **A.    The *Borodaenko* Action**

15          1.    Borodaenko's Claims.

16      Plaintiffs initiated this case on November 16, 2023.  Borodaenko is a former Engineering

17  Manager that worked at Twitter from June 2021 until November 2022.  SAC, ¶ 13.  Borodaenko

18  alleges that he is disabled because he is in remission from cancer.  *Id.*, ¶¶ 36 and 38.  He alleges

19  that he is vulnerable to Covid-19 and cannot work from an office.  *Id.*  He also alleges that he

20  worked remotely throughout the duration of his employment with Twitter.  *Id.*, ¶ 35.  Twitter fired

21  Borodaenko on November 15, 2022 due to misconduct.  *Id.*, ¶ 41.

22      Borodaenko alleges that following Musk's acquisition of Twitter in October 2022, the

23  company's culture became more demanding.  *See, e.g., id.*, ¶¶ 28, 43.  Borodaenko alleges that,

24  post-acquisition, his workload "vastly" increased (though he fails to allege any specific facts

25  regarding how his workload increased), and his direct reports increased from approximately 10 to

26  16.  *Id.*, ¶ 46.  Borodaenko alleges that Twitter's more demanding work environment "was highly

27  discriminatory against disabled employees."  *Id.*, ¶ 48.

28      Borodaenko alleges that on November 9, 2022, Musk notified Twitter employees that, with

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

limited exceptions, it expected all employees to return to Twitter's offices immediately. *Id.*, ¶¶ 29, 31. He alleges this statement contradicted statements by Twitter's prior management that Twitter would permit employees to work remotely for some period following the acquisition. *Id.*, ¶ 27. Borodaenko alleges that, following Musk's announcement that Twitter expected employees to return to the office, he informed his manager that he was "definitely not working from [the] office until the pandemic is over." *Id.*, ¶ 38. Borodaenko alleges that Twitter fired him on November 15, 2022, shortly after he sent this message to his manager. *Id.*, ¶¶ 40-41. Based solely on his own personal experience, Borodaenko alleges that "Twitter's new requirement that employees report to physical offices, as well as rampant terminations and layoffs, have disparately affected disabled employees." *Id.*, ¶ 34. Borodaenko alleges that Twitter's return-to-office directive was discriminatory. *Id.*, ¶ 34. Borodaenko also alleges that Twitter's November 4 reduction in force ("RIF") was discriminatory toward Twitter's disabled employees, however, Borodaenko's allegations make clear that he was not laid off in the November 4 RIF (and thus lacks standing to represent employees impacted by that RIF). *Id.*, ¶¶ 41, 52.

### 2. Thier's Claims.

On May 26, 2023, *more than six months after this action was filed*, Thier was first added as a named plaintiff to the case. Thier is a former Senior Software Engineer who worked at Twitter from May 2021 until November 2022, when she voluntarily resigned from the company. *Id.*, ¶¶ 14, 52.

Thier alleges that following Musk's acquisition of Twitter, the company's culture shifted, as "Musk [] made clear that working for Twitter would demand extraordinary effort and long work hours." *Id.*, ¶ 43. Thier alleges that Musk sent an "ultimatum" to all remaining Twitter employees on November 16, 2022—after Borodaenko was fired—asking them to commit to "working long hours at high intensity." *Id.*, ¶ 47. Any employee that declined to do so would receive three months of severance. *Id.* Thier alleges that she suffers from depression and requires "a stable work environment with clear and reasonable expectations." *Id.*, ¶¶ 51-52. Thier alleges that she "felt she could no longer work at Twitter, given her disability" and "did not click yes on the ultimatum link that Musk sent employees on November 16, 2022." *Id.*, ¶ 52. Thier alleges that this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

"ultimatum" "was highly discriminatory against disabled employees," "did not allow for employees who require reasonable accommodation for their disabilities," and "deterred disabled employees from feeling they could continue to work at the company." *Id.*, ¶¶ 48-50.

Separately, Thier alleges that Twitter's November 4 RIF and the November 16th "ultimatum" discriminated against female employees. *Id.*, ¶¶ 54, 56. Thier alleges that "[w]omen were significantly statistically more likely to be chosen for layoff on November 4, 2022 than men" and that "approximately 36% of remaining women left the company as a result of [Twitter's] ultimatum, while approximately 28% of men did." *Id.*, ¶¶ 55-56. Like Borodaenko, however, Thier was not laid off in the November 4 RIF. Thier nonetheless still alleges that Twitter's layoffs, as well as its Post-RIF Policies, were discriminatory toward its female employees. *Id.*, ¶¶ 54, 56. She seeks to represent "all similarly situated female Twitter employees across the United States whose jobs have been affected by the company's layoffs, terminations, and constructive discharges since Elon Musk acquired the company." *Id.*, ¶ 16. Additionally, Plaintiffs seek to represent "all similarly situated Twitter employees across the United States who are disabled and whose jobs have been affected by the company's layoffs, terminations, and constructive discharges based on the heightened and unreasonable demands placed on the company's workforce since Elon Musk acquired the company." *Id.*, ¶ 15.

### B.    The *Zeman* Action

The matter entitled *John Zeman v. Twitter, Inc., et al.* ("*Zeman*"), Case No. 3:23-cv-01786-SI was filed on April 13, 2023. Twitter laid off Zeman as part of the November 4 RIF. RFJN, Ex. 6, ¶ 34. At the time of his layoff, Zeman was 63 years old. *Id.*

The claim in *Zeman* relies almost exclusively on data and statistics allegedly derived from Twitter's disclosures to employees under the Older Workers Benefit Protection Act ("OWBPA") that show "which Twitter employees in the United States were retained and which were laid off on November 4, 2022." *Id.*, ¶ 25. Plaintiff alleges that Twitter laid off approximately 2,686 out of 4,964 employees in the United States as part of its November 4 RIF. *Id.* According to the Complaint, Twitter laid off 149 of 248 employees (or 60% of employees) age 50 or older, and it laid off 2,537 of 4,716 employees (or 54% of employees) under age 50 in the United States. *Id.*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

1    ¶¶ 26, 27.

2           Zeman claims that the RIF was discriminatory against persons aged 50 and older but does

3    not allege any age-based animus directed towards him or any other Twitter employee, nor does

4    Plaintiff allege any ageist comments by Musk or any decision-maker in connection with the RIF.

5    *Id.*, ¶ 4.  Rather, the Complaint asserts only that Musk, who was 51 years old when he acquired

6    Twitter, "has a history of bias and making ageist comments."  *Id.,* ¶ 22.  Zeman alleges that

7    Twitter "conduct[ed] mass layoffs in a manner that resulted in a disproportionate impact on

8    employees" age 50 and over.  RFJN, Ex. 6, at pp. 7-8.  Zeman purports to represent "all Twitter

9    employees across the United States age fifty (50) or older who have lost their jobs since Elon

10   Musk acquired the company" in a putative collective action under the ADEA and a putative class

11   action under the New York State Human Rights Law ("NYSHRL").  *Id.*, ¶¶ 7, 8.

12          **C.      The *Strifling* Action**

13          *Carolina Strifling, et al. v. Twitter, Inc., et al.* ("*Strifling*"), Case No. 4:22-cv-07739-JST,

14   was filed on December 7, 2022.  Plaintiffs Carolina Bernal Strifling and Willow Wren Turkal

15   challenge the November 4 RIF as discriminatory toward Twitter's female employees.  *See generally*

16   RFJN, Ex. 1.  Plaintiffs allege putative class claims for sex discrimination in violation of Title VII

17   and the FEHA.  Plaintiffs seek to represent a putative class of "all similarly situated female Twitter

18   employees across the United States whose jobs have been affected by the company's layoffs,

19   terminations, and constructive discharges based on the heightened and unreasonable demands

20   placed on the company's workforce since Elon Musk acquired the company."  *Id.*, ¶ 12.

21                  1.      Strifling and Turkal's Claims.

22          Plaintiffs allege that in November 2022, Twitter initiated a RIF that included Strifling and

23   Turkal.  RFJN, Ex. 8 (*Strifling* Amended Complaint), ¶¶ 22-38.  Strifling and Turkal allege that,

24   prior to the RIF, Twitter employed approximately 2,234 female employees and 2,900 male

25   employees across its U.S. offices.  *Id.* ¶ 29.  They further allege that the RIF allegedly included

26   approximately 1,271 females and 1,350 males, which allegedly constituted 57% of the female

27   employees and 47% of the male employees.  *Id.* ¶¶ 29, 30.  Strifling and Turkal allege that the

28   November 4 RIF "resulted from" discrimination as allegedly demonstrated by a "number of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

publicly discriminatory remarks about women" by Musk.  *Id.* ¶ 6.  Strifling and Turkal do not allege

any gender-based animus directed specifically towards them or any other Twitter employee.

2.      Frederick-Osborne's Claims.

On May 26, 2023, the *Strifling* plaintiffs filed an Amended Class and Collective Action

Complaint that added a new plaintiff Sydney Frederick-Osborne, who alleged that the RIF and

Twitter's Post-RIF Policies were discriminatory toward employees over the age of 50 in violation

of the Age Discrimination in Employment Act ("ADEA") and the California FEHA.  *Id.*, Counts

III and IV.  Frederick-Osborne was not laid off in the RIF but voluntarily resigned from Twitter

when she declined to commit to working longer hours at high intensity. *Id.*, ¶ 48. Frederick-Osborne

seeks to maintain "a collective action under the ADEA on behalf of all Twitter employees across

the United States age fifty (50) or older who have lost their jobs since Elon Musk acquired the

company" and "a Rule 23 class action for those employees who worked in California."  *Id.*, ¶ 13.

**D.      Relevant Procedural History and Chronology of Events**

1.      May 5, 2023 – This Court Grants Twitter's Motion to Dismiss the
*Borodaenko* First Amended Complaint.

On November 16, 2022, Borodaenko filed a complaint alleging putative class claims for

discrimination in violation of the ADA and FEHA, as well as a claim for relief pursuant to the

Declaratory Judgment Act.  ECF No. 1.  On December 7, 2022, Borodaenko filed a First Amended

Complaint ("FAC") adding Abhijit Mehta as a named plaintiff and alleging additional putative

class claims for violation of the Family Medical Leave Act ("FMLA") and California Family Rights

Act ("CFRA").  ECF No. 8.  On December 21, 2022, Twitter filed a motion to compel Abhijit

Mehta to arbitrate his claims on an individual basis, pursuant to the terms of his Dispute Resolution

Agreement with Twitter.  ECF No. 14.  That same day, Twitter also filed a motion to dismiss and/or

strike portions of the FAC.  ECF No. 15.

On May 5, 2023, this Court granted Twitter's motions.  ECF No. 35.  After ordering Mehta

to pursue his FMLA and CFRA claims in arbitration and staying them in this action, the Court held

that Borodaenko had failed to allege sufficient facts to state a plausible claim for discrimination

under either a theory of disparate treatment or disparate impact.  *Id.*  The Court granted Borodaenko

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

leave to file the SAC to correct those defects.  *Id*., p. 8:22.  Borodaenko never sought leave to add

a new plaintiff to pursue an entirely new claim nor did the Court's Order permit him to do so.

        2.     <u>May 8, 2023 – The Court Grants Twitter's Motion to Dismiss the *Strifling*</u>
<u>Complaint.</u>

On December 7, 2022, Turkal and Strifling filed a complaint alleging individual and class

claims for sex discrimination under Title VII and FEHA.  RFJN, Ex. 1.   On January 26, 2023,

Twitter filed a motion to dismiss the complaint.  RFJN, Ex. 4.   On May 8, 2023, the Court issued

an order granting the motion with leave to amend.  RFJN, Ex. 7.  In granting Plaintiffs leave to

amend, the Order explicitly stated, "Plaintiffs may file an amended complaint within twenty-one

days of this order solely to cure the deficiencies identified by this Order."  *Id.* (Order at 16).

        3.     <u>May 10, 2023 – the *Borodaenko* Action is Reassigned to a New Judge.</u>

On May 10, 2023, the Court reassigned this case from Honorable Haywood Gilliam, Jr. to

Honorable Araceli Martinez-Olguin.  ECF No. 36.

        4.     <u>May 12, 2023 – Twitter Moves to Dismiss the *Zeman* Complaint.</u>

On May 12, 2023, Twitter filed its motion to dismiss the *Zeman* complaint.   Twitter's

motion is set for hearing on July 28, 2023.

        5.     <u>May 16, 2023 – Plaintiffs in Strifling, Turkal, and Zeman Move to Relate</u>
<u>Their Cases to the *Borodaenko* Action.</u>

On May 16, 2023, Strifling, Turkal, and Zeman jointly filed an administrative motion to

relate their cases to this Action.  ECF No. 38. Prior to filing that motion, neither the *Strifling*

plaintiffs nor Zeman had ever made any representation to the court that their cases were related to

each other or this action.  *See* RFJN, Exs. 2, 3, and 5 (the civil case cover sheets filed in *Strifling*

and *Zeman*, none of which identify this action as related).  Twitter opposed the motion to relate on

two grounds: (1) the filing constituted impermissible judge-shopping; and (2) *Strifling* and *Zeman*

did not satisfy the standard for "related cases" with this action.  ECF No. 39.

        6.     <u>May 23, 2023 – This Court Denies the Motion to Relate This Action to</u>
<u>*Strifling* and *Zeman*.</u>

On May 23, 2023, this Court ruled that neither *Strifling* nor *Zeman* were related to this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

1    action.  ECF No. 41.

2        7.    May 26, 2023 – The *Borodaenko* and *Strifling* Plaintiffs File Amended
              Complaints Adding New Plaintiffs and New Claims.
3

4        On May 26, 2023, Borodaenko filed the SAC in this action, which added Thier as a new

5    named plaintiff and added a new claim for alleged sex discrimination.  ECF No. 42.  That same

6    day, the *Strifling* plaintiffs filed an amended complaint adding Frederick-Osborne as a new plaintiff

7    and a new claim for age discrimination under the ADEA.  *See* RFJN, Ex. 8.  In addition to joining

8    the *Strifling* plaintiffs' sex discrimination claims, Frederick-Osborne alleges a claim for age

9    discrimination.  *Id.*

10       Twitter filed a motion to dismiss in *Borodaenko* that is set for hearing on July 27, 2023.

11   Twitter filed a motion to strike in *Strifling* that is set for hearing on August 31, 2023.

12       8.    June 6, 2023 – Borodaenko Moves to Consolidate This Action with
              *Strifling* and *Zeman*.
13

14       Eleven days after filing the amended complaints in *Borodaenko* and *Strifling*, Plaintiffs

15   moved to consolidate all three cases.  ECF No. 46.

16   **III.   ARGUMENT**

17       **A.    The Requirements of FRCP, Rule 42(a), Are Not Satisfied Here.**

18       FRCP, Rule 42(a), gives courts discretion to consolidate actions involving common

19   questions of law or fact.  However, "'[t]he mere existence of common issues … does not require

20   consolidation,'" if it would result in "inefficiency, inconvenience, or unfair prejudice to a party."

21   *See Burnett v. Rowzee,* Nos. SACV07-641 DOC(ANx), 2007 WL 4191991, at *2 (C.D. Cal. Nov.

22   26, 2007).  Thus, if there is a common question of law or fact, the court "weighs the saving of

23   time and effort consolidation would produce against any inconvenience, delay, or expense that it

24   would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984); *see also Knox v. Yingli*

25   *Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (citing *Sw. Marine,*

26   *Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)) ("To determine

27   whether to consolidate, a court weighs the interest of judicial convenience against the potential

28   for delay, confusion and prejudice caused by consolidation").  "[C]onsolidation is inappropriate

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

1  where it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Parapluie v. Mills*,

2  2012 WL 13009100, at *5 (C.D. Cal. Jan. 26, 2012) (citations omitted).  "The party seeking

3  consolidation bears the burden of establishing that the judicial economy and convenience benefits

4  of consolidation outweigh any prejudice." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.

5  Supp. 2d 1052, 1057 (S.D. Cal. May 21, 2007) (citations omitted).

6         1.     <u>Any Common Issues of Law or Fact Are Manufactured and/or Not</u>

7              <u>Material.</u>

8        Consolidation is inappropriate here because individual issues predominate in each of the

9  three cases*.  Tumbling v. Merced Irr. Dist.*, 2010 WL 1340546, at *4 (E.D. Cal. Apr. 1, 2010)

10  (citing *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J. 1998) ("[E]ven where cases

11  involve some common issues of law or fact, consolidation may be inappropriate where individual

12  issues predominate"); *see also Christy v. MKS Instruments, Inc.*, No. SACV1701569CJCJDEX,

13  2019 WL 13253371, at *3 (C.D. Cal. Mar. 19, 2019) (alleging similar causes of action, alone,

14  "does not create a common question of law or fact, as a jury must still apply the particular facts of

15  each case").  Any purported "commonalities" between *Borodaenko*, *Strifling,* and *Zeman* are, at

16  best, superficial/not material (and were manufactured solely for the purposes of moving for

17  consolidation).

18        *First*, "[t]he adverse actions allegedly taken against each plaintiff was [*sic*] different." *Id.*

19  (denying consolidation in part where one plaintiff alleged demotion while the other plaintiff

20  alleged a failure to promote and the defendant "allegedly retaliated against each plaintiff in a

21  different way and for differing reasons"); *see also Muldrew v. Cnty. of Fresno*, 2009 WL

22  10730250, at *2 (E.D. Cal. June 29, 2009) (consolidation denied where "Plaintiffs, who are

23  employed in different capacities, complain of different employment actions allegedly carried out

24  by different defendants").  While *Strifling* and *Zeman* both challenge Twitter's November 4 RIF

25  as discriminatory toward (1) Twitter's female employees and (2) employees over the age of 50,

26  respectively, *Borodaenko* does not implicate the November 4 RIF *at all*.  Rather, *Borodaenko*

27  challenges two Post-RIF Policies (Twitter's return-to-office directive and its more demanding

28  work culture).  The impact of a return-to-office policy on certain employees and the reason(s)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

1   why employees may have "felt forced to resign" plainly do *not* involve Twitter's decision to

2   affirmatively lay off a separate group of employees in the RIF.  Further, the circumstances of

3   each plaintiff's departure from Twitter varies.  Twitter terminated Borodaenko due to misconduct

4   shortly after he refused to return to the office; Twitter laid off Strifling, Turkal, and Zeman as part

5   of the November 4 RIF; and Thier and Frederick-Osborne voluntarily separated from Twitter

6   when they declined to commit to working long hours at high intensity.  SAC, ¶¶ 40-41, 52; RFJN,

7   Ex. 8 (*Strifling* Amended Complaint), ¶¶ 22-38, 48; RFJN, Ex. 6 (*Zeman* Complaint), ¶ 34.

8     *Second*, there are no allegations that any of the plaintiffs reported to the same supervisors,

9   worked in the same department, or shared similar job titles or responsibilities.  *See* ECF No. 42,

10   ¶¶ 13-14 (Borodaenko was an "Engineering Manager" and Thier was a "Senior Software

11   Engineer"); RFJN, Ex. 8, ¶¶ 9-11 (Strifling was a "Senior Client Partner Lead," Turkal was a

12   "Staff Site Reliability Engineer," and Frederick-Osborne was a "Staff Software Engineer"); *see

13   generally* RFJN, Ex. 6 (no allegations pertaining to Zeman's job title).  These differences

14   demonstrate that there are not common issues of law or fact between the three cases.  *See Christy*,

15   2019 WL 13253371, at *3 (the defendants failed to establish that there was a common question of

16   law or fact because "[a]lthough the two cases implicate the same employer and involve similar

17   dates of termination, Christy and King had different positions, supervisors and responsibilities"

18   and "[t]hey did not work in the same department").

19     *Third*, the court should not consolidate *Borodaenko*, *Strifling*, and *Zeman* because the

20   plaintiffs all belong to different protected classes.  *See Tumbling*, 2010 WL 1340546, at *4

21   (denying consolidation of two race discrimination claims in part because one plaintiff was an

22   African American male and the other plaintiff was a Hispanic male and "[t]he only common

23   question of fact relates to Plaintiffs' common assertion that there is a 'climate of racial

24   discrimination'").  The three cases implicate three different protected classes (disability, sex, and

25   age) and each of the Plaintiffs belongs to a different one: Borodaenko is a disabled male; Thier is

26   a disabled female; Strifling and Turkal are females under the age of 50; Frederick-Osborne is a

27   female over the age of 50; and Zeman is a male over the age of 50.

28     *Finally*, the legal claims asserted in *Borodaenko*, *Strifling*, and *Zeman* are different.  As

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

set forth above, *Borodaenko* alleges disability discrimination under the ADA and FEHA and sex

discrimination under Title VII.  *See* ECF No. 42.  *Strifling* alleges sex discrimination in violation

of Title VII and FEHA and age discrimination in violation of the ADEA and FEHA.  RFJN, Ex.

8.  *Zeman* alleges age discrimination in violation of the ADEA and the NYSHRL.  RFJN, Ex. 6.

"[B]ecause the standards as set forth for discrimination claims are fact-intensive, the common

question of law does not promote judicial efficiency to the extent Plaintiffs suggest."  *Tumbling*,

2010 WL 1340546, at *4 (denying consolidation where both plaintiffs asserted race

discrimination and retaliation claims under Title VII and FEHA but one plaintiff asserted

additional claims for gender discrimination and whistleblower retaliation); *see also EEOC v. Pan*

*American World Airways, Inc.*, 1987 WL 97215, at *2 (N.D. Cal. Dec. 3, 1987) (court declined to

consolidate actions "[i]n spite of considerable factual overlap" because the two cases were

"completely dissimilar in law" where one raised an ADEA claim and the other raised claims for

breach of contract, breach of the duty of fair representation, and state law age discrimination

claims).

> 2.   Consolidation Would Be Unduly Prejudicial and Unfair to Twitter.

Consolidating *Borodaenko*, *Strifling*, and *Zeman* would be prejudicial to Twitter for at

least two reasons.  *First*, consolidating these three actions would pose a significant risk of

confusing a jury.  As set forth in Section III(A)(1), *supra*, any common questions of law or fact

are not material and as to the key legal issues individual issues predominate in each of the three

cases.  The evidence introduced in the three actions likely would differ, which would risk

unnecessary confusion at trial.  *See, e.g., Pan American World Airways, Inc.*, 1987 WL 97215, at

*2 (denying consolidation because "[i]ntroducing evidence pertaining to Russell's claims and

elucidating the law applicable therein would inject substantial intricacy into an already complex

trial"); *Collins v. City & Cnty. of San Francisco*, No. 13-CV-03456-MEJ, 2014 WL 5422177, at

*3 (N.D. Cal. Oct. 24, 2014) (denying consolidation because "[t]he facts, circumstances,

witnesses, and time periods supporting each Plaintiff's claims vary, and to combine discovery and

trial in these three cases would lead to unnecessary confusion"); *Walker v. H. Councill Trenholm*

*State Technical College*, 2007 WL 1140423, at *4 (M.D. Ala. Apr. 17, 2007) (in employment

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

discrimination cases, "the parallel presentation in a joint trial of the alleged various discriminatory acts has the potential of confusing the jury and negatively impacting its ability to weigh and consider impartially and separately the evidence presented in each case.  In a consolidated trial, the jury will be required to distinguish and to compartmentalize the evidence as it applies to each Plaintiff and to each Plaintiff's claims of discrimination and retaliation").  For example, the claims in *Borodaenko* would require a jury to assess Plaintiff's alleged disability, any resulting need for accommodation, and whether Twitter failed to accommodate him—a highly unique and individualized inquiry that is completely irrelevant to the claims at issue in *Strifling* and *Zeman*.  As another example, Plaintiffs rely primarily upon alleged statistical evidence in support of their claims in *Strifling* and *Zeman*, but not in *Borodaenko*.  If the Court consolidates these actions, a jury would need to compartmentalize the very different evidence presented and different standards of liability under the ADA, Title VII and the ADEA and not allow findings as to one claim to impact their assessment with respect to the other claims, which poses a significant risk of confusion – and prejudice to Twitter

*Second*, consolidation under Rule 42(a) is discretionary, not mandatory, and the Court should not order cases consolidated where doing so would run counter to the interests and integrity of the Court.  Here, consolidating these actions would unfairly prejudice Twitter by rewarding Plaintiffs' gamesmanship and attempted manipulation of the Court's judicial assignments following negative rulings on Plaintiffs' claims by the currently assigned judges.  As the chronology of events makes undeniably clear, Plaintiffs' counsel has purposefully manipulated the claims in these cases following the Court's denial of their motion to relate the cases in order to engage in judge shopping.  On May 10, 2023, Judge Haywood Gilliam, Jr. reassigned this case to Your Honor.  Six days later, on May 16, 2023, the *Strifling* and *Zeman* plaintiffs (who are represented by the same counsel as the plaintiffs in this action) moved to relate their cases to this action, despite previously representing to the Court that *Borodaenko* was not related to their cases.[3]  RFJN, Ex. 2, 3, and 5 (Civil case cover sheets in *Strifling* and *Zeman*).

---

[3] This is particularly egregious in the *Zeman* action, as *Zeman* had been filed only one month prior, on April 13, 2023.  RFJN, Ex. 6.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

1    Then, three days after the Court denied Plaintiffs' motion to relate on May 23, 2023, the Plaintiffs

2    in *Borodaenko* and *Strifling* filed amended complaints adding new plaintiffs alleging sex

3    discrimination and age discrimination, respectively, for the first time after more than six months

4    of litigation.  Five days later, on May 31, 2023, Plaintiffs represented that they intended to file a

5    motion to consolidate for the first time in the parties' joint case management statement.  *See* ECF

6    No. 45.  Six days later, Plaintiffs filed the instant motion.  As a result, since May 10, 2023,

7    Plaintiffs have repeatedly attempted to take advantage of the judicial reassignment in this case,

8    presumably in direct response to the adverse rulings on Twitter's motions to dismiss *Borodaenko*

9    and *Strifling* (and to avoid a third adverse ruling in *Zeman*).  The court should not reward such

10   transparent "gaming of the system".  *See, e.g., Rezner v. Bayerische Hypo-Und Vereinsbank AG*,

11   2009 WL 3458704, at *2 (N.D. Cal. Oct. 23, 2009) (in the context of a motion to relate cases, a

12   party's attempt to transfer its case "soon after receiving an adverse ruling" has "the appearance of

13   judge shopping, which . . . weighs heavily against relating the cases"); *Storrer v. Paul Revere Life

14   Ins.*, 2008 WL 667402, at *1 (N.D. Cal. March 6, 2008) (rejecting a motion to relate cases

15   "because of the attendant risks of judge-shopping").[4]

16          As set forth more fully in Twitter's pending motion to dismiss the Second Amended

17   Complaint in this case (*see* ECF No. 47) and motion to strike the amended complaint in *Strifling*,

18   Plaintiffs' addition of new plaintiffs and new claims in *Borodaenko* and *Strifling* was

19   unauthorized and improper.  By adding new named plaintiffs and new claims that had not been

20   previously raised, Plaintiffs exceeded the scope of the respective Orders granting Twitter's

21   motions to dismiss (*see* ECF No. 35 and RFJN, Ex. 7) and, accordingly, violated Rule 15.  *See

22   Aikins v. St. Helena Hosp.*, No. C 93-3933 FMS, 1994 WL 794759, at *2 (N.D. Cal. Apr. 4, 1994)

23   (dismissing plaintiff added through amendment where the amendment "directly contravened Rule

24   15(a)" since the plaintiffs did not request leave to name a new plaintiff and the Court's order

25   could not "reasonably be construed as having granted plaintiffs such leave."); *see also Jones v.

26   City of Los Angeles*, No. 220CV11502VAPJCX, 2021 WL 6496750, at *4 (C.D. Cal. Oct. 5,

27

28   _____

[4] In the event Plaintiffs argue that they are not engaging in blatant judge shopping, then presumably they would be amenable to the *Borodaenko* case being reassigned to either Judge Tigar or Judge Illston rather than this Court.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

2021) ("[D]istrict courts often strike new claims, parties or factual allegations of an amended complaint that are beyond the permissible scope of a court's prior order granting leave to amend").

Consolidation poses a significant risk of confusion to the jury, would legitimize Plaintiffs' manipulation of the pleadings to facilitate judge shopping, and would further reward Plaintiffs' failure to follow the Federal Rules of Civil Procedure and the Orders dismissing the complaints in *Borodaenko* and *Strifling*. Such an outcome would be unfairly prejudicial to Twitter.

### 3. Consolidation Will Not Serve Judicial Economy or Efficiency.

"The purpose of consolidation is to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." *Parapluie*, 2012 WL 13009100, at \*5 (citing *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)). Plaintiffs' motion to consolidate does not promote judicial economy because the pleadings are not settled in any of the cases at issue.[5] Plaintiffs seek to place the proverbial "cart before the horse" by asking to consolidate three cases that may be dismissed. For example, if Judge Tigar grants the motion to strike in *Strifling*, then *Strifling* will not contain any age discrimination claims (and share no claims with *Zeman*). Similarly, if Your Honor grants the motion to dismiss in this *Borodaenko* action, then *Borodaneko* will not contain any sex discrimination claims (and share no claims with *Strifling*). As a result, consolidation does not serve, but rather would diminish, the interests of judicial efficiency given the unsettled nature of the pleadings and pending motions.

Consolidation will not promote judicial economy for the additional reason that the *Strifling* and *Zeman* courts have already spent time evaluating and managing those cases. In *Strifling*, Judge Tigar has already analyzed the issues in that case, studied the parties' extensive

---

[5] *See, e.g., Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1065-1066 (S.D. Cal. May 21, 2007) (denying plaintiffs' motion to consolidate where the court granted the defendant's motion to dismiss and gave the plaintiff leave to amend); *Choroszy v. Wilkie*, 544 F.Supp.3d 134, 138-139 (D. Mass. June 10, 2021) (denying plaintiff's motion to consolidate three discrimination lawsuits where the court granted defendant's motion to dismiss); *Texas v. Travis County*, 272 F.Supp.3d 973, 981 (W.D. Tex. Aug. 9, 2017) (granting motion to dismiss due to lack of standing and denying motion to consolidate); *Jones v. FMA Alliance Ltd.*, 978 F.Supp.2d 84, 88 (D. Mass. Oct. 17, 2013) (granting motion to dismiss and denying motion to consolidate).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO

1 briefing, and prepared a detailed, 16-page order on the many defects in the *Strifling* complaint.

2 RFJN, Ex. 7.  Similarly, Judge Ilston, who is presiding over *Zeman*, is currently evaluating

3 Twitter's Motion to Dismiss the complaint in that case, which will be heard on July 28, 2023.

4 Re-assigning these cases now would create the very inefficiencies that consolidation is meant to

5 avoid.  *Parapluie*, 2012 WL 13009100, at *5 (citations omitted) ("[t]he purpose of consolidation

6 is to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and

7 procedures, but also to avoid inconsistent adjudications").  This Court should not shoulder the

8 burden of getting up to speed on *Strifling* and *Zeman* at Plaintiff's counsel's behest.

9 **IV.    CONCLUSION**

10        Consolidation is not warranted here.  Any commonalities between *Borodaenko, Strifling,*

11 and *Zeman* are superficial and individual issues predominate in each of the three cases.  Further,

12 consolidation would unfairly prejudice Twitter and not promote judicial economy.  The Court

13 should exercise its discretion to deny Plaintiffs' motion.

14 Dated: June 20, 2023                         MORGAN, LEWIS & BOCKIUS LLP

15

16                                             By  */s/ Eric Meckley*
                                                   Eric Meckley
17
                                                   Attorneys for Defendants
18                                                 TWITTER, INC. and X CORP.

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-07226-AMO