UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRY BORODAENKO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-07226-AMO<br><br>**ORDER DENYING CONSOLIDATION**<br>Re: Dkt. No. 46 |

Before the Court is Plaintiffs' Motion to Consolidate Cases. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for July 20, 2023, was vacated. *See* Civil L.R. 7-1(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **DENIES** Plaintiffs' motion.

## BACKGROUND

Through the instant motion, Plaintiffs in this matter propose consolidating this case with two others in this District: *Strifling, et al., v. Twitter, Inc. et al.*, Case No. 22-cv-07739-JST (N.D. Cal.), and *Zeman v. Twitter Inc., et al.*, Case No. 23-cv-01786-SI (N.D. Cal.).[1] A brief recap of these three cases is helpful.

### A.   FACTS COMMON TO ALL THE CASES

This action and those which Plaintiffs seek to consolidate generally arise from the events that allegedly transpired following Elon Musk's acquisition of Twitter, Inc. ("Twitter") in October

---

[1] Since submitting the motion at bar, Plaintiffs have filed an Administrative Motion to Relate Cases and Motion to Relate Cases regarding a fourth case. ECF 57. The complaint in that case, *Weinberg et al. v. Twitter, Inc.*, Case No. 3:23-cv-04016 (N.D. Cal.), was filed August 8, 2023. This Order does not resolve the most recent motion.

2022. *See Borodaenko* Second Amended Complaint ("SAC") ¶ 28. Soon after Musk's acquisition of the company, Twitter initiated a "Reduction-in-Force" ("RIF") that affected more than half of its employees, most of whom were notified of their layoff on November 4, 2022. SAC ¶ 33. Some of the Plaintiffs in the three cases were laid off during the RIF.

On November 16, 2022, following the RIF, Musk sent a message to remaining Twitter staff. Therein, Musk asked staff to agree to work under new conditions that would be "extremely hardcore" and require "working long hours at high intensity." SAC ¶¶ 47-48. The message instructed those who wished to remain employed by Twitter to respond "yes" by the following day. *Id.* As a result of the "ultimatum," more employees chose to leave Twitter. SAC ¶¶ 50-53. Some of the Plaintiffs in the three cases did not accept the terms of the ultimatum and left Twitter. *Id.* The plaintiffs in all three cases allege Musk and Twitter discriminated against them by terminating their employment during the time period surrounding Musk's takeover of the company.

**B.     THE *BORODAENKO* ACTION**

Borodaenko, a former Engineering Manager at Twitter, initiated this case along with other plaintiffs on November 16, 2023, alleging that Twitter has engaged in unlawful discrimination based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. and (for employees who worked out of California) the California Fair Employment and Housing Act ("FEHA"), Gov. Code § 12940. ECF 1. The named *Borodaenko* plaintiffs identify as persons with a disability. ECF 42 ("SAC") ¶¶ 36, 38. They allege that Twitter fired them on that basis, in the aftermath of Musk acquiring Twitter. ECF at 12.

Twitter moved to compel one of the plaintiffs to arbitration, and Twitter also moved to dismiss and/or strike portions of the FAC. ECF 14, ECF 15. The Court, Judge Haywood S. Gilliam, Jr., presiding, granted both motions on May 5, 2023, while granting Borodaenko leave to amend. ECF 35. The *Borodaenko* case was then reassigned to Judge Araceli Martínez-Olguín, the undersigned, on May 10, 2023. ECF 36.

On May 16, 2023, plaintiffs in the *Strifling* case and the *Zeman* case jointly filed an administrative motion to relate their cases to this Action. ECF 38. On May 23, 2023, this Court

1    ruled that neither *Strifling* nor *Zeman* were related to this action. ECF 41.

2        On May 26, 2023, more than six months after filing this action and after this Court denied Borodaenko's motion to relate cases, Borodaenko amended the complaint to add Hana Thier as a named plaintiff. ECF 42. Thier is a former Senior Software Engineer at Twitter. SAC ¶14. Thier identifies as a person with a disability and alleges that Twitter discriminated against her on that basis by giving an ultimatum to employees, asking them to commit to "working long hours at high intensity," without regard to reasonable accommodations. SAC ¶ 47. Thier additionally alleges that Twitter's November 4 mass layoff and the November 16 "ultimatum" discriminated against female employees. SAC ¶¶ 54, 56. This is a new cause of action for discrimination based on sex under Title VII, 42 U.S.C. § 2000e, et seq., a basis not previously alleged. ECF 42 at 13.

**C.  THE *STRIFLING* ACTION**

    Plaintiffs in *Carolina Strifling, et al. v. Twitter, Inc., et al.* ("*Strifling*"), Case No. 4:22-cv-07739-JST, initiated their case on December 7, 2022. The *Strifling* plaintiffs originally alleged that Twitter's conduct through the RIF and the post-RIF ultimatum constituted unlawful discrimination based on sex under both Title VII, 42 U.S.C. § 2000e, et seq., and California's FEHA, Gov. Code § 12900, et seq. *Strifling*, Case No. 4:22-cv-07739-JST, ECF 1 at 11-12.

    On January 26, 2023, Twitter filed a motion to dismiss the complaint. *Strifling*, Case No. 4:22-cv-07739-JST, ECF 20. On May 8, 2023, the Court issued an order granting the motion with leave to amend. *Id.*, ECF 38. Judge Tigar's order stated, "Plaintiffs may file an amended complaint within twenty-one days of this order solely to cure the deficiencies identified by this Order." *Id.*, ECF 38 at 16.

    On May 26, 2023, the same day the *Borodaenko* Plaintiffs filed an amended complaint to add a new plaintiff and sex discrimination claim, the *Strifling* plaintiffs amended to add a new plaintiff and their age discrimination claims arising out of Twitter's mass layoff. *Strifling*, Case No. 4:22-cv-07739-JST, ECF 41 at 14-15.

    On June 16, 2023, Twitter filed a motion to strike portions of the First Amended Complaint. *Strifling*, Case No. 22-cv-7739-JST, ECF 46. That motion remains pending and is set for hearing on August 31, 2023.

1   **D.   THE *ZEMAN* ACTION**

2   Plaintiffs in *John Zeman v. Twitter, Inc., et al.* ("*Zeman*"), Case No. 3:23-cv-01786-SI, initiated their case on April 13, 2023.  *Zeman* claims that Twitter's conduct related to the RIF discriminated against persons aged 50 and older.  *Zeman*, Case No. 3:23-cv-01786-SI, ECF 1 ¶ 4. *Zeman* alleges that Twitter's conduct related to the mass layoff discriminated in violation of the ADEA, 29 U.S.C. § 621 et seq., and in violation of the New York State Human Rights Law, N.Y. Exec. § 296.  *See generally id.*, ECF 1.

On May 12, 2023, Twitter filed a motion to dismiss the *Zeman* complaint.  *Zeman*, Case No. 3:23-cv-01786-SI, ECF 19.  Twitter's motion remains pending and is set for hearing on August 18, 2023.

**DISCUSSION**

Consolidation is appropriate where there is a "common issue of law or fact" between the cases.  Fed. R. Civ. P. 42(a).  When related cases fall within the parameters of Rule 42, it is within the district court's sound discretion to consolidate them.  *See Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989).  "[I]n deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result."  *Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal.1999).

Here, even if the Court determined that the cases involved common issues of law or fact, consolidation would not promote judicial economy.  As described above, both *Borodaenko* and *Strifling* have already gone through an initial round of motions to dismiss and a motion to compel to arbitration one plaintiff's claims.  Motions attacking the pleadings are pending and fully ripe for determination in all three cases.  Little time and effort would be saved by consolidating the cases at this stage.  Therefore, the Court DENIES Plaintiff's Motion to Consolidate Cases because consolidation would hamper judicial economy.

In addition to finding that consolidation would not save time and effort, the Court declines to exercise its discretion under Rule 42(a) to consolidate the cases.  The timing and manner of Plaintiffs' amendments to their respective pleadings at least calls into question the propriety of

4

Plaintiffs' effort here.² Plaintiffs' initial complaints were dismissed in both *Strifling* and this case. *Strifling*, Case No. 4:22-cv-07739-JST, ECF 38; *Borodaenko*, ECF 35. Borodaenko moved to relate the disparate cases within days of the case being reassigned to a new judge. *Borodaenko*, ECF 38. After the Court determined that the other two cases were not related to this one (*Borodaenko*, ECF 41), Plaintiffs in *Borodaenko* and *Strifling*, represented by the same counsel, amended their pleadings to create overlapping claims of disability, sex, and age discrimination where none were previously pleaded. *Strifling*, Case No. 4:22-cv-07739-JST, ECF 41; *Borodaenko*, ECF 41. Plaintiffs then brought the instant motion to consolidate. It appears Plaintiffs have thus manufactured the common issues of law or fact on which they base their proposed consolidation. The Court is disinclined to resolve a problem of Plaintiffs' (or Plaintiffs' counsel's) own making and accordingly does not exercise its discretion to consolidate.

## CONCLUSION

For the foregoing reasons, including that consolidation would not promote judicial economy and that the Court declines to exercise its discretion to consolidate, Plaintiffs' Motion to Consolidate Cases is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 15, 2023

													_____
													**ARACELI MARTÍNEZ-OLGUÍN**
													**United States District Judge**

---

² Twitter suggests that Plaintiffs' motion to consolidate is an effort to engage in judge shopping. ECF 49 at 17. It is difficult to disagree, particularly considering the timing of Plaintiffs' actions. The Court does not countenance gamesmanship of this kind.