MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:  +1.650.843.4001

Attorneys for Defendant
X CORP. AS SUCCESSOR IN INTEREST TO
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DMITRY BORODAENKO and HANA THIER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:22-cv-07226-AMO<br><br>Assigned to: Hon. Araceli Martinez-Olguin<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES** |

## I. INTRODUCTION

Plaintiffs' Administrative Motion to Relate Cases (the "Motion") represents their counsel's *third* attempt to relate or consolidate several separate cases currently pending in the Northern District. The Motion – along with the recently filed *Weinberg et al. v. Twitter, Inc.* action, Case No. 3:23-cv-04016 (N.D. Cal. Aug. 8, 2023) (*see* RJN, Ex. 1) – is the latest in a series of purely tactical filings to effectuate Plaintiffs' counsel's desired "judge shopping." Notably, this Court has already twice rejected Plaintiffs' counsel's efforts to "judge shop," most recently by denying Plaintiffs' motion to consolidate this action with a separate sex-discrimination class action (*Strifling v. Twitter Inc.*, Case No. 22-cv-07739-JST) and a separate age-discrimination class action (*Zeman v. Twitter, Inc.*, Case No. 3:23-cv-01786). *See* ECF No. 58, p. 5, fn. 2. In declining to consolidate, the Court explained, "Twitter suggests that Plaintiffs' motion to consolidate is an effort to engage in judge shopping. It is difficult to disagree, particularly considering the timing of Plaintiffs' actions. The Court does not countenance gamesmanship of this kind." *Id.* The Court should deny the Motion for the following reasons:

First, the Motion fails to comply with Civil L.R. 3-12(b) and 7-11, which impose a five-page limit and require that the Motion be accompanied by either a stipulation or a declaration explaining why a stipulation could not be obtained. Here, Plaintiffs improperly combined the Motion with a motion to consolidate, and the Motion is *more than double* the specified page-limit. The Motion also is not supported by any stipulation or declaration. These failures, alone, justify denying the Motion. *See*, *e.g.*, *Reyes v. Fed. Express Corp.*, No. 23-CV-00693-AMO, 2023 WL 4183473, at *6 (N.D. Cal. June 23, 2023) (denying administrative motion because it "does not comply with the standards set forth for administrative motions in Civil Local Rule 7-11").

Second, Plaintiffs filed a prior Administrative Motion to Relate Cases in May 2023. Defendants opposed (*see* ECF No. 39). The Court agreed with Defendants, finding that this action is not related to *Strifling* or *Zeman*. *See* ECF No. 41 (May 23, 2023 Clerk's Notice stating that the Court had "determined that no cases are related"). Just days after that ruling, Plaintiffs' counsel responded with a series of filings and improper amendments with the aim to manufacture a basis to

relate and/or consolidate these cases.[1] As explained in Twitter's Motion to Dismiss the SAC in this action (set for hearing November 2, 2023), the addition of a new named plaintiff (Thier) and a wholly unrelated sex discrimination claim on behalf of a putative class violated FRCP Rule 15 and exceeded the scope of the Court's Order granting Twitter's previous Motion to Dismiss.[2] *See* ECF No. 47. As a result, the Court should disregard any supposed "overlap" resulting from Plaintiffs' lawyers' manufactured pleadings in these actions, all of which are subject to currently pending motions to dismiss and/or strike before the currently assigned judges in these cases—just like it did in response to Plaintiffs' motion to consolidate. *See* ECF No. 58, p. 5:8-11 ("[I]t appears Plaintiffs have thus manufactured the common issues of law or fact… The Court is disinclined to resolve a problem of Plaintiffs' (or Plaintiffs' counsel's) own making and accordingly does not exercise its discretion to consolidate").

Third, the *Weinberg*, *Strifling* and *Zeman* actions fail to satisfy the criteria to be related to this action, as they do not involve the same parties and transactions, and there would be no unduly burdensome duplication of labor or conflicting results if the proceedings are conducted before different judges. The only putative class claims in the *Weinberg* action allege violations of the FMLA – claims that are no longer part of the operative complaint in this action. *See* ECF No. 42. The remaining claims are *individual* claims that will turn on the facts and circumstances of these plaintiffs' employment and the resolution of which will not involve any unduly burdensome duplication of labor or conflicting results.

For these reasons, the Court should find these cases are not related.

II. **ARGUMENT**

   A. **Plaintiffs' Motion Violates Civil Local Rules 3-12(b) and 7-11.**

---

[1] *See* ECF No. 42 (filing a SAC that adds a new named plaintiff and a sex discrimination claim); RJN, Ex. 2 [*Strifling* FAC] (filing a FAC that adds a new named plaintiff and an age discrimination claim); ECF No. 46 (filing a Motion to Consolidate this action with *Strifling* and *Zeman*).

[2] The same day that Plaintiffs filed the SAC in this action, Plaintiffs' counsel filed an amended complaint in *Strifling*, which likewise violated FRCP Rule 15 and exceeded the scope of Judge Tigar's order dismissing the action with limited leave to amend by adding a new plaintiff and a new putative class claim alleging age discrimination. *See* RJN, Ex. 2. Twitter filed a Motion to Strike the *Strifling* complaint that is currently set for hearing on August 31, 2023. *Id.*, Ex. 4. Twitter also filed a motion to dismiss the *Zeman* action that is set for hearing on August 18, 2023. *Id.*, Ex. 5.

Civil L.R. 3-12(b) requires a party filing an Administrative Motion to Consider Whether Cases Should be Related to comply with Civil L.R 7-11, which imposes a five-page limit and requires a party to file either a stipulation or a declaration explaining why a stipulation could not be obtained. Here, Plaintiffs far exceed the five-page limit through their eleven-page brief. Plaintiffs also fail to provide the requisite stipulation or declaration upon filing of their brief. The Court should deny the Motion for non-compliance with the Local Rules. *See Tri–Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Athena Feminine Techs. Inc. v. Wilkes*, No. C 10-4868 SBA, 2013 WL 1820258, at *1 (N.D. Cal. Apr. 30, 2013) ("The Court may summarily deny motions that are not filed in compliance with the Court's local rules."); *Zepeda v. PayPal, Inc.*, No. C 10-1668 SBA, 2012 WL 6553995, at *1 (N.D. Cal. Dec. 14, 2012) (same); *see also Reyes*, WL 4183473, at *6 (noting non-compliance with local rules and finding that, "[f]or all these defects alone, the application must be denied").

### B. Plaintiffs' Motion Is Based on a Series of Improper Filings, All Intended to Manufacture a Basis to Relate and/or Consolidate Actions and "Judge Shop".

After filing an original complaint alleging disability discrimination claims under the ADA and FEHA , ECF No. 1, Plaintiffs filed an amended complaint to add a new named plaintiff, Abhijit Mehta, and Mehta's claims for violation of the FMLA and CFRA on behalf of a putative class. ECF No. 8. On May 5, 2023, Judge Gilliam granted Twitter's Motion to Compel Plaintiff Mehta into arbitration and Twitter's Motion to Dismiss Borodaenko's remaining claims. ECF No. 35.

On May 16, 2023, Plaintiff Borodaenko filed an Administrative Motion to Relate Cases. ECF No. 38. The Court determined that this action was not related to *Strifling* and *Zeman*. ECF No. 41. In response, Borodaenko filed a SAC that added a new named plaintiff and an entirely new and substantively different claim for alleged sex discrimination under Title VII. ECF No. 42. The very same day, in the *Strifling* matter, Plaintiffs' counsel filed a FAC that added a new named plaintiff and an entirely new and substantively different claim for alleged age discrimination under the ADEA. *See* RJN, Ex. 2. Plaintiffs' counsel clearly was disappointed with Judge Gilliam's order in this action dismissing Plaintiff Borodaenko's claims and with Judge Tigar's order granting

Twitter's Motion to Dismiss in the *Strifling* matter (*see* RJN, Ex. 3). As a result, when this matter was reassigned away from Judge Gilliam on May 10, 2023, Plaintiffs' counsel saw an opportunity for judge shopping, and they have been working ever since to have all these separate matters related and/or consolidated with the *Borodaenko* action. But this Court has made clear that it does not "countenance [such] gamesmanship." *See* ECF No. 58, p. 5, fn. 2; *see also Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 2009 WL 3458704, at *2 (N.D. Cal. Oct. 23, 2009) (a party's attempt to transfer its case "soon after receiving an adverse ruling" has "the appearance of judge shopping, which . . . weighs heavily against relating the cases"); *Storrer v. Paul Revere Life Ins.*, 2008 WL 667402, at *1 (N.D. Cal. March 6, 2008) (rejecting a motion to relate cases "because of the attendant risks of judge-shopping").

The *Weinberg* complaint, filed August 8, 2023, is yet another tactical filing to promote this objective. The complaint alleges a putative FMLA class action with a single named plaintiff (Weinberg) who has completely unique claims that do not overlap with the other cases. But Plaintiffs' counsel included six other plaintiffs who allege purely individual claims for sex, race, and age discrimination, and thus have no connection to the putative FMLA class claims. *See* RJN, Ex. 2. Why would counsel include these plaintiffs with individual claims in *Weinberg*, when they are already members of the pending *Strifling* and *Zeman* putative class actions? The answer came a mere three days after *Weinberg* was filed, when Plaintiffs' counsel filed the combined Administrative Motion to Relate Cases and Motion to Consolidate Cases. It was simply a tactic to obtain the relief that this Court has repeatedly denied. As a result, the Court should deny the Motion.

    **C.**    **This Action and *Weinberg* Are Not Related Under Local Rule 3-12(a).**

        **1.**    **The Cases Do Not Concern Substantially the Same Parties.**

*Weinberg* involves seven named plaintiffs, none of whom alleges disability discrimination claims, as Borodaenko has done. Weinberg asserts class claims for violations of the FMLA on behalf of Twitter employees who have taken or applied to take a family or medical leave, but this action does not include FMLA claims. Ogunsanya asserts an individual race discrimination, but this action does not include race discrimination claims. Bessinger and Ihara assert individual age discrimination claims, but this action does not include age discrimination claims. Weinberg,

Gongora, Steele, Sills, and Bessinger assert individual sex discrimination claims. While the SAC here contains alleged sex discrimination claims, those claims were improperly added (*see* ECF No. 47), and Twitter has moved to dismiss and/or strike those claims. Thus, the parties in these actions are not substantially the same, and the L.R. 3-12(a)(1) criteria are not met.

### 2. The Cases Do Not Concern Substantially the Same Transactions or Events.

Beyond observing superficial similarities, Plaintiffs do not even try to explain how or why these cases supposedly involve substantially the same transactions or events. *See Hynix Semiconductor v. Rambus, Inc.*, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) (cases not related that involve "some of the same" property and events because they did not involve "substantially the same" property or events). That is because these cases involve different transactions and events. The FMLA claims in *Weinberg* involve allegations that the reduction-in-force ("RIF") Twitter implemented on November 4, 2022 had a disproportionate impact on employees who had recently taken or were preparing to take family or medical leave. RJN, Ex. 1, ¶¶ 7, 9-15, 25. In contrast, Borodaenko's and Thier's claims in this action do not relate to the November 4 RIF at all. Rather, they allege that Twitter's post-RIF, return-to-office policy on November 9, 2022 was discriminatory toward its disabled employees and that disabled Twitter employees "felt forced to resign" when Twitter later implemented a post-RIF policy that required them to "work long hours at high intensity." ECF No. 42 (SAC ¶¶ 8, 9). The impact of a return-to-office policy on disabled employees and the reason(s) why employees allegedly "felt forced to resign" due to their disabilities plainly do not involve Twitter's decision to affirmatively lay off a separate group of employees in the RIF, which is the set of events and transactions at issue in *Weinberg*. The L.R. 3-12(a)(1) criteria are not satisfied.

### 3. There is No Risk of an Unduly Burdensome Duplication of Labor and Expense or Conflicting Results.

This action and *Weinberg* involve different parties asserting different claims that arise from different events, under different substantive laws. Thus, the risk of "unduly burdensome duplication of labor and expense" is minimal. Similarly, because the claims in this action do not overlap with *Weinberg*, there is no risk of conflicting results, and the L.R. 3-12(a)(2) criteria are not satisfied.

1  Dated: August 15, 2023

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Eric Meckley*
Eric Meckley
Brian D. Berry
Ashlee N. Cherry
Kassia Stephenson

Attorneys for Defendant
X CORP. AS SUCCESSOR IN INTEREST TO TWITTER, INC.