MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
X CORP. AS SUCCESSOR IN INTEREST TO TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DMITRY BORODAENKO and HANA THIER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:22-cv-07226-AMO<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION TO CONSOLIDATE CASES**<br><br>Date:   September 28, 2023<br>Time:   2:00 p.m.<br>Judge:  Hon. Araceli Martinez-Olguin |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO
CONSOLIDATE CASES
CASE NO. 3:22-CV-07226-AMO

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1
II. RELEVANT FACTUAL BACKGROUND ...................................................................... 2
    A. The *Borodaenko*, *Strifling* and *Zeman* Actions ............................................... 2
    B. The *Weinberg* Action .......................................................................................... 3
    C. Borodaneko's Second Motion to Consolidate .................................................... 3
    D. The Court's Order Denying Consolidation ........................................................ 4
III. ARGUMENT ...................................................................................................................... 4
    A. The Court Should Not Consider Any Arguments Plaintiffs Have Incorporated By Reference. ................................................................................ 4
    B. The Requirements for Consolidation Under Fed. R. Civ. P. 42(a) Are Not Satisfied Here. ..................................................................................................... 5
        1. Any Common Issues of Law or Fact Are Manufactured and/or Not Material. ................................................................................................... 6
        2. Consolidation Would Be Unduly Prejudicial and Unfair to Twitter ........... 8
        3. Consolidation Will Not Serve Judicial Economy or Efficiency. .............. 10
IV. CONCLUSION ................................................................................................................ 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO
CONSOLIDATE CASES
CASE NO. 3:22-CV-07226-AMO

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Burnett v. Rowzee*
　Nos. SACV07-641 DOC(ANx), 2007 WL 4191991 (C.D. Cal. Nov. 26, 2007) ...................... 5

*Calence, LLC v. Dimension Data Holdings, PLC*
　222 Fed.Appx. 563 (9th Cir. 2007) ........................................................................................ 5

*Carolina Strifling, et al. v. Twitter, Inc., et al.*
　Case No. 4:22-cv-07739-JST ......................................................................................... *passim*

*Christy v. MKS Instruments, Inc.*
　No. SACV1701569CJCJDEX, 2019 WL 13253371 C.D. Cal. Mar. 19, 2019) .................. 6, 7

*Collins v. City & Cnty. of San Francisco*
　No. 13-CV-03456-MEJ, 2014 WL 5422177 (N.D. Cal. Oct. 24, 2014) ................................. 9

*Cornet v. Twitter, Inc.*
　No. 3:22-CV-06857-JD, 2023 WL 187498 (N.D. Cal. Jan. 13, 2023) .................................. 10

*EEOC v. HBE Corp.*
　135 F.3d 543 (8th Cir. 1998) ................................................................................................ 10

*EEOC v. Pan American World Airways, Inc.*
　1987 WL 97215 (N.D. Cal. Dec. 3, 1987) .......................................................................... 8, 9

*Giuliano v. Sandisk Corp.*
　No. C 10-02787 SBA, 2015 WL 10890654 (N.D. Cal. May 14, 2015) ................................. 5

*Huene v. United States*
　743 F.2d 703 (9th Cir. 1984) .................................................................................................. 6

*In re Consol. Parlodel Litig.*
　182 F.R.D. 441 (D.N.J. 1998) ................................................................................................ 6

*John Zeman v. Twitter, Inc., et al.*
　Case No. 3:23-cv-01786-SI ........................................................................................... *passim*

*Knox v. Yingli Green Energy Holding Co. Ltd.*
　136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................................. 6

*Muldrew v. Cnty. of Fresno*
　2009 WL 10730250 (E.D. Cal. June 29, 2009) ...................................................................... 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO
CONSOLIDATE CASES
CASE NO. 3:22-CV-07226-AMO

*Nhu Weinberg, et al. v. Twitter, Inc., et al.*
   Case No. 4:23-cv-04016-DMR ................................................................................... *passim*

*Parapluie v. Mills*
   2012 WL 13009100 (C.D. Cal. Jan. 26, 2012) ................................................................. 6, 10

*Raifman v. Wachovia Securities, LLC*
   No. C 11-02885 SBA, 2012 WL 1611030 (N.D. Cal. May 8, 2012) ...................................... 5

*Single Chip Sys. Corp. v. Intermec IP Corp.*
   495 F. Supp. 2d 1052 (S.D. Cal. May 21, 2007) ..................................................................... 6

*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*
   720 F. Supp. 805 (N.D. Cal. 1989) ........................................................................................ 6

*Tumbling v. Merced Irr. Dist.*
   2010 WL 1340546 (E.D. Cal. Apr. 1, 2010) ........................................................................ 6, 8

*Walker v. H. Councill Trenholm State Technical College*
   2007 WL 1140423 (M.D. Ala. Apr. 17, 2007) ....................................................................... 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 42(a) ..................................................................................................................... 5, 6

Northern District Civil L.R. 7-4(b) ............................................................................................. 4, 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO
CONSOLIDATE CASES
CASE NO. 3:22-CV-07226-AMO

I.      INTRODUCTION

This Court has already considered and rejected Plaintiffs' request to consolidate this case with two other putative class action cases pending in the Northern District (*Strifling v. Twitter Inc.*, Case No. 22-cv-07739-JST and *Zeman v. Twitter, Inc.*, Case No. 3:23-cv-01786-SI).  ECF No. 58. In its August 15, 2023 Order denying consolidation, the Court held:

> Little time and effort would be saved by consolidating the cases at this stage. Therefore, the Court DENIES Plaintiff's Motion to Consolidate Cases because consolidation would hamper judicial economy.
>
> In addition to finding that consolidation would not save time and effort, the Court declines to exercise its discretion under Rule 42(a) to consolidate the cases. The timing and manner of Plaintiffs' amendments to their respective pleadings at least calls into question the propriety of Plaintiffs' effort here.   Twitter suggests that Plaintiffs' motion to consolidate is an effort to engage in judge shopping. ECF 49 at 17. It is difficult to disagree, particularly considering the timing of Plaintiffs' actions. The Court does not countenance gamesmanship of this kind.   . . .
>
> It appears Plaintiffs have thus manufactured the common issues of law or fact on which they base their proposed consolidation. The Court is disinclined to resolve a problem of Plaintiffs' (or Plaintiffs' counsel's) own making and accordingly does not exercise its discretion to consolidate.

*Id.*, pp. 4-5 and n. 5.

On August 11, 2023, four days prior to the Court issuing this Order and while the original motion to consolidate was still pending, Plaintiffs filed a second motion to consolidate (ECF No. 57), which was filed in conjunction with their counsel filing a new lawsuit in the Northern District (*Weinberg et al. v. Twitter, Inc.*, Case No. 3:23-cv-04016-DMR (N.D. Cal. Aug. 8, 2023)).

Upon receiving the Court's Order, Twitter sent an email to Plaintiffs "to request that [they] voluntarily withdraw the most recent motion to consolidate." Declaration of Eric Meckley ("Meckley Decl."), ¶ 5, Ex. 1.  Given the Court's Order, Twitter noted that "there is no legitimate good faith basis for Plaintiffs to maintain the pending motion to consolidate given that the Court already has determined that the Borodaenko, Strifling and Zeman matters should not be consolidated" and that "[t]he only additional element is the filing of the Weinberg case … [which] does not change the consolidation analysis in any way[.]" *Id.*

Plaintiffs' response once again demonstrated their repeated gamesmanship with respect to

the pending cases and suggested a further attempt at "judge shopping":

> Let me ask you this – if we drop our motion for the Weinberg case, would you consent to or decline the magistrate [in Weinberg]?

*Id.*, ¶ 5, Ex. 1.

Plaintiffs refused to withdraw the motion to consolidate (*id.*), thus necessitating Twitter's filing of this Opposition and the Court unnecessarily expending additional time and resources on an issue that it has already resolved.

Nothing about the *Weinberg* case changes the analysis that led to the Court's prior ruling. The primary claim in *Weinberg* is a FMLA putative class action claim – a claim that is not alleged in *Borodaenko* (or *Strifling* or *Zeman*). Thus, there are no overlapping putative class claims in *Weinberg* and *Borodaenko*. Of the seven named plaintiffs in *Weinberg*, one (Ogunsanya) alleges an individual claim for race discrimination – a claim that is not alleged in *Borodaenko* (or *Strifling* or *Zeman*). The remaining named plaintiffs allege a combination of solely *individual* claims for sex and age discrimination. Given this Court's August 15 Order finding that the putative *class* claims for sex and age discrimination in *Strifling* and *Zeman* did not support consolidation with *Borodaenko*, these individual claims cannot support consolidation either, particularly given that each of these named plaintiffs is already a putative member of the alleged classes in *Strifling* and *Zeman* and Plaintiffs' counsel appeared to include them as named plaintiffs in *Weinberg* to (once again) "manufacture[] the common issues of law or fact on which they base their proposed consolidation."

The Court should deny Plaintiffs' motion.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    The *Borodaenko*, *Strifling* and *Zeman* Actions

The Court's August 15, 2023 Order describes the claims and pertinent backgrounds from the *Borodaenko*, *Strifling* and *Zeman* actions. *See* ECF. No. 58, 2:14-4:10. The Court already has ruled that *Borodaenko* should not be consolidated with *Strifling* and *Zeman*, and thus Twitter does not reiterate that information here.

B. **The *Weinberg* Action**

On August 8, 2023, Plaintiffs' counsel filed the action entitled *Nhu Weinberg, et al. v. Twitter, Inc., et al.* ("*Weinberg*"), Case No. 4:23-cv-04016-DMR. Of the seven named plaintiffs in *Weinberg*, Weinberg, Gongora, Steele, Ogunsanya, Sills, and Bessinger were laid off as part of the November 4 RIF. RFJN, Ex. 1, ¶¶ 9-14. Ihara was laid off as part of a different RIF that occurred on November 23. *Id.*, ¶ 15.

*Weinberg* alleges two claims for relief that are not alleged in *Borodaenko*: First, plaintiff Weinberg alleges a putative class action claim for discrimination based on having taken FMLA leave. *See* RFJN, Ex. 1, Count I. She claims that she "was informed of her layoff on November 4, 2022, less than a month after returning from 10 weeks of FMLA leave." *Id.*, ¶ 29. Weinberg further alleges that "[t]he layoffs … had a disproportionately high impact on employees who were taking, or preparing to take, family or medical leave" and that "most employees who were on leave were no longer employed by the company following Musk's ultimatum a couple of weeks later[.]" *Id.*, ¶ 30. Second, plaintiff Ogunsanya alleges an individual claim for race discrimination. *Id.*, Count III. Ogunsanya alleges that "[b]lack employees were . . . statistically more likely to be chosen for layoff on November 4, 2022 than other employees." *Id.*, ¶ 48. However, Ogunsanya offers no data to support this assertion, instead referencing two alleged examples of Elon Musk's purported "support for racist groups and hate speech directed at Black people, which demonstrate[s] his discriminatory animus against Black individuals." *Id.*, ¶ 49. These examples are devoid of context and are entirely unrelated to the November 4 RIF that resulted in Ogunsanya's being laid off.

Of the remaining five named plaintiffs, Gongora, Steele, and Sills allege individual claims for sex discrimination; Ihara alleges an individual claim for age discrimination; and Bessinger alleges individual claims for age and sex discrimination. *See generally* RFJN, Ex. 1, Counts II and IV.

C. **Borodaneko's Second Motion to Consolidate**

On August 11, 2023, only three days after Plaintiffs' counsel filed the *Weinberg* action, Plaintiffs filed a second "Administrative Motion to Relate Cases and Motion to Consolidate Cases." ECF No. 57. The motion sought to relate and consolidate *Weinberg* with *Borodaenko, Strifling,*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO
CONSOLIDATE CASES
CASE NO. 3:22-cv-07226-AMO

1  and *Zeman*. *Id*.  Twitter opposed Plaintiffs' administrative motion to relate cases on August 15,
2  2023. ECF No. 59.  The Court has not yet ruled on that administrative motion.

### D. The Court's Order Denying Consolidation

On August 15, 2023, four days after Plaintiffs filed their second motion to consolidate, this Court issued its Order denying the motion to consolidate *Borodaenko* with *Strifling* and *Zeman*. ECF No. 58.  The Court determined that consolidating *Borodaenko, Strifling,* and *Zeman* "would hamper judicial economy" and that "[l]ittle time and effort would be saved by consolidating the cases at this stage". *Id.*, p. 4.  The Court found it "difficult to disagree" with Twitter's position that "Plaintiffs' motion to consolidate is an effort to engage in judge shopping." *Id.*, p. 5.  The Court declined to exercise its discretion to order consolidation because "[i]t appears Plaintiffs have … manufactured the common issues of law or fact on which they base their proposed consolidation" and "[t]he Court is disinclined to resolve a problem of Plaintiffs' (or Plaintiffs' counsel's) own making[.]" *Id.*

On August 18, 2023, Twitter requested that Plaintiffs voluntarily withdraw their second motion to consolidate in light of the Court's Order.  Meckley Decl., ¶ 5, Ex. 1.  Plaintiffs' counsel ultimately refused to withdraw the motion, but only after attempting to "horse trade" the withdrawal of the motion in exchange for Twitter consenting to the assigned Magistrate Judge in Weinberg. *Id.*

### III. ARGUMENT

#### A. The Court Should Not Consider Any Arguments Plaintiffs Have Incorporated By Reference.

Opening briefs are subject to a 25-page limit.  Northern District Civil L.R. 7-4(b).  Although Plaintiffs' second motion to consolidate is 11 pages, Plaintiffs incorporated by reference the 26 pages of briefing from their first motion to consolidate.  *See* ECF No. 57, p. 3, n. 1 ("Plaintiffs incorporate by reference the arguments previously raised in Plaintiffs' Motion to Consolidate Cases (Dkt. 46) and Plaintiffs' Reply in Support of their Motion to Consolidate Cases (Dkt. 51)").  In so doing, Plaintiffs improperly exceeded the page limit set forth in Civil Local Rule 7-4(b) by 12 pages.

> It is wholly improper for a party to incorporate by reference legal arguments made in briefs filed in connection with a motion that is not before the Court. Allowing litigants to engage in such conduct would provide an effective means of circumventing page limits on briefs set forth in the Civil Local Rules… The Court therefore declines to consider the arguments that Defendants improperly seek to incorporate by reference. This Court only considers arguments that are specifically and distinctively raised by the parties in their briefs.

*Raifman v. Wachovia Securities, LLC*, No. C 11-02885 SBA, 2012 WL 1611030, at *3 (N.D. Cal. May 8, 2012); *see also Calence, LLC v. Dimension Data Holdings, PLC*, 222 Fed.Appx. 563, 566 (9th Cir. 2007) ("The district court did not abuse its discretion in refusing to consider the argument contained in prior briefing regarding the temporary restraining order that Calence attempted to incorporate by reference into its motion for a preliminary injunction in violation of local page limits"); *see also Giuliano v. Sandisk Corp.*, No. C 10-02787 SBA, 2015 WL 10890654, at *16, n. 22 (N.D. Cal. May 14, 2015) ("The Court rejects SanDisk's attempt to incorporate arguments by reference that it made in its motion to exclude… This Court only considers arguments that are specifically and distinctively raised by the parties in their briefs").

Plaintiffs' incorporation by reference of their prior briefing is also improper because it is a transparent effort to try and have this Court reconsider whether *Borodaenko*, *Strifling*, and *Zeman* should be consolidated. Before filing what is effectively a motion for reconsideration, Plaintiffs were first required to obtain leave of court. *See* Northern District Civil L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion"). They did not do so here.

Accordingly, the Court should disregard any argument not specifically included in Plaintiffs' second motion to consolidate.

**B.  The Requirements for Consolidation Under Fed. R. Civ. P. 42(a) Are Not Satisfied Here.**

Fed R. Civ. P. 42(a) gives courts discretion to consolidate actions involving common questions of law or fact. However, "'[t]he mere existence of common issues … does not require consolidation,'" if it would result in "inefficiency, inconvenience, or unfair prejudice to a party." *See Burnett v. Rowzee,* Nos. SACV07-641 DOC(ANx), 2007 WL 4191991, at *2 (C.D. Cal. Nov. 26, 2007). Thus, if there is a common question of law or fact, the court "weighs the saving of time

and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (citing *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)) ("To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation"). "[C]onsolidation is inappropriate where it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Parapluie v. Mills*, 2012 WL 13009100, at *5 (C.D. Cal. Jan. 26, 2012) (citations omitted). "The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. May 21, 2007) (citations omitted).

This Court has already determined that *Borodaenko*, *Strifling*, and *Zeman* do not satisfy the standard for consolidation under Fed. R. Civ. P. 42(a). The filing of the *Weinberg* does not change this analysis for the reasons set forth *infra*.

        1.    <u>Any Common Issues of Law or Fact Are Manufactured and/or Not Material.</u>

Consolidation is inappropriate here because individual issues predominate in *Weinberg* and *Borodaenko*. *Tumbling v. Merced Irr. Dist.*, 2010 WL 1340546, at *4 (E.D. Cal. Apr. 1, 2010) (citing *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J. 1998) ("[E]ven where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate"); *see also Christy v. MKS Instruments, Inc.*, No. SACV1701569CJCJDEX, 2019 WL 13253371, at *3 (C.D. Cal. Mar. 19, 2019) (alleging similar causes of action, alone, "does not create a common question of law or fact, as a jury must still apply the particular facts of each case"). As this Court previously found, any purported "commonalities" between *Borodaenko* and *Strifling* and *Zeman,* were, at best, superficial and immaterial (and, notably, manufactured solely for the purposes of moving for consolidation). *See* ECF No. 58, p. 5. The same is true with respect to *Borodaenko* and *Weinberg*.

*First*, "[t]he adverse actions allegedly taken against each plaintiff w[ere] different." *Id.* (denying consolidation in part where one plaintiff alleged demotion while the other plaintiff alleged

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO
CONSOLIDATE CASES
CASE NO. 3:22-cv-07226-AMO

a failure to promote and the defendant "allegedly retaliated against each plaintiff in a different way and for differing reasons"); *see also Muldrew v. Cnty. of Fresno*, 2009 WL 10730250, at *2 (E.D. Cal. June 29, 2009) (consolidation denied where "Plaintiffs, who are employed in different capacities, complain of different employment actions allegedly carried out by different defendants"). While *Weinberg* asserts a putative class action claim alleging Twitter's November 4 RIF was discriminatory toward employees who had taken FMLA leave, *Borodaenko* does not implicate the November 4 RIF at all. Rather, *Borodaenko* challenges two Post-RIF Policies (Twitter's return-to-office directive and its more demanding work culture). The impact of a return-to-office policy on certain employees and the reason(s) why employees may have "felt forced to resign" plainly do *not* involve Twitter's decision to affirmatively lay off a separate group of employees in the RIF. Further, *Weinberg* implicates another later November 23 RIF, which is not at issue in *Borodaenko* either. Finally, the circumstances of each plaintiff's departure from Twitter varies. Twitter terminated Borodaenko due to misconduct shortly after he refused to return to the office and Thier voluntarily resigned from Twitter when she declined to commit to working long hours at high intensity. In contrast, Twitter laid off six of the *Weinberg* plaintiffs in the November 4 RIF and one in the November 23 RIF. RFJN, Ex. 1 (*Weinberg* Complaint), ¶¶ 9-15.

*Second*, there are no allegations that any of the plaintiffs reported to the same supervisors, worked in the same department, or shared similar job titles or responsibilities. *See* ECF No. 42, ¶¶ 13-14 (Borodaenko was an "Engineering Manager" and Thier was a "Senior Software Engineer"); *see* RFJN, Ex. 1, ¶¶ 9-15 (*Weinberg* plaintiffs' job titles included "Head of Global Internal Communications," "Vice President of Investor Relations," "Director of Market Research", and "Staff Software Engineer"). These differences further demonstrate that there are not common issues of law or fact between the two cases. *See Christy*, 2019 WL 13253371, at *3 (the defendants failed to establish that there was a common question of law or fact because "[a]lthough the two cases implicate the same employer and involve similar dates of termination, Christy and King had different positions, supervisors and responsibilities" and "[t]hey did not work in the same department").

*Third*, the court should not consolidate *Borodaenko* and *Weinberg* because the plaintiffs

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO
CONSOLIDATE CASES
CASE NO. 3:22-cv-07226-AMO

belong to different protected classes. *See Tumbling*, 2010 WL 1340546, at *4 (denying consolidation of two race discrimination claims in part because one plaintiff was an African American male and the other plaintiff was a Hispanic male and "[t]he only common question of fact relates to Plaintiffs' common assertion that there is a 'climate of racial discrimination'"). The two cases implicate different protected classes: disability, sex, age, race, and having taken a protected leave. And the Plaintiffs each belong to a unique protected class: Borodaenko is a disabled male; Thier is a disabled female; Gongora, Stelle, and Sills are females under the age of 50; Bessinger is a female over the age of 50; Ihara is a male over the age of 50; Ogunsanya is a black male; and Weinberg is a female under age 50 that took FMLA leave.

*Finally*, the legal claims asserted in *Borodaenko* and *Weinberg* are different. As set forth above, *Borodaenko* alleges putative class action claims for disability discrimination under the ADA and FEHA and sex discrimination under Title VII. *See* ECF No. 42. *Weinberg* alleges a putative class action claim for violation of the FMLA, and solely individual claims for race discrimination in violation of Title VII, age discrimination in violation of the ADEA, and sex discrimination in violation of Title VII. "[B]ecause the standards as set forth for discrimination claims are fact-intensive, the common question of law does not promote judicial efficiency to the extent Plaintiffs suggest." *Tumbling*, 2010 WL 1340546, at *4 (denying consolidation where both plaintiffs asserted race discrimination and retaliation claims under Title VII and FEHA but one plaintiff asserted additional claims for gender discrimination and whistleblower retaliation); *see also EEOC v. Pan American World Airways, Inc.*, 1987 WL 97215, at *2 (N.D. Cal. Dec. 3, 1987) (court declined to consolidate actions "[i]n spite of considerable factual overlap" because the two cases were "completely dissimilar in law" where one raised an ADEA claim and the other raised claims for breach of contract, breach of the duty of fair representation, and state law age discrimination claims).

### 2. Consolidation Would Be Unduly Prejudicial and Unfair to Twitter.

Consolidating *Borodaenko* and *Weinberg* would be prejudicial to Twitter for at least two reasons. *First*, consolidating these actions would pose a significant risk of confusing a jury. As set forth *supra*, any common questions of law or fact are immaterial and as to the key legal issues,

1  individual issues predominate in each of the cases.  The evidence introduced in the two actions
2  likely would differ, which would risk unnecessary confusion at trial.  *See, e.g., Pan American World*
3  *Airways, Inc.*, 1987 WL 97215, at *2 (denying consolidation because "[i]ntroducing evidence
4  pertaining to Russell's claims and elucidating the law applicable therein would inject substantial
5  intricacy into an already complex trial"); *Collins v. City & Cnty. of San Francisco*, No. 13-CV-
6  03456-MEJ, 2014 WL 5422177, at *3 (N.D. Cal. Oct. 24, 2014) (denying consolidation because
7  "[t]he facts, circumstances, witnesses, and time periods supporting each Plaintiff's claims vary, and
8  to combine discovery and trial in these three cases would lead to unnecessary confusion"); *Walker*
9  *v. H. Councill Trenholm State Technical College*, 2007 WL 1140423, at *4 (M.D. Ala. Apr. 17,
10  2007) (in employment discrimination cases, "the parallel presentation in a joint trial of the alleged
11  various discriminatory acts has the potential of confusing the jury and negatively impacting its
12  ability to weigh and consider impartially and separately the evidence presented in each case.  In a
13  consolidated trial, the jury will be required to distinguish and to compartmentalize the evidence as
14  it applies to each Plaintiff and to each Plaintiff's claims of discrimination and retaliation").  For
15  example, the claims in *Borodaenko* would require a jury to assess Plaintiff's alleged disability, any
16  resulting need for accommodation, and whether Twitter failed to accommodate him—a highly
17  unique and individualized inquiry that is completely irrelevant to the claims at issue in *Weinberg*.
18  Similarly, the evidence relating to Weinberg's claim for violation of FMLA is irrelevant to the
19  claims at issue in *Borodaenko*.  If the Court consolidates these actions, then a jury would need to
20  compartmentalize the very different evidence presented and different standards of liability under
21  the FMLA and the ADA, Title VII, and ADEA, and not allow findings as to one claim to impact
22  their assessment with respect to the other claims.  This poses a significant risk of confusion – and
23  prejudice to Twitter.

24       *Second*, consolidation under Rule 42(a) is discretionary, not mandatory, and the Court
25  should not order cases consolidated where doing so would run counter to the interests and integrity
26  of the Court.  Here, consolidating these actions would unfairly prejudice Twitter by rewarding
27  Plaintiffs' gamesmanship and repeated attempts to manipulate the Court's judicial assignments.
28  As the chronology of events makes clear, Plaintiffs' counsel has purposefully manipulated the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO
CONSOLIDATE CASES
CASE NO. 3:22-cv-07226-AMO

claims in these cases to engage in judge shopping, as acknowledged by the Court in its August 15 Order. Indeed, while the first motion to consolidate was pending, Plaintiffs filed the *Weinberg* action on August 8, 2023 and then only three days later, *without waiting for the Court to rule on the first motion to consolidate*, Plaintiffs filed a *second* motion to consolidate to try to force the issue.

Consolidation poses a significant risk of confusion to the jury, would legitimize Plaintiffs' manipulation of the pleadings to facilitate judge shopping, and would reward Plaintiffs' failure to follow the Federal Rules of Civil Procedure and the prior orders dismissing the complaints in *Borodaenko* and *Strifling*. Such an outcome would be unfairly prejudicial to Twitter.

### 3. Consolidation Will Not Serve Judicial Economy or Efficiency.

"The purpose of consolidation is to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." *Parapluie*, 2012 WL 13009100, at *5 (citing *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)). In its August 15 Order, this Court explicitly held that "consolidation would not promote judicial economy":

> Here, even if the Court determined that the cases involved common issues of law or fact, consolidation would not promote judicial economy. As described above, both *Borodaenko* and *Strifling* have already gone through an initial round of motions to dismiss and a motion to compel to arbitration one plaintiff's claims. Motions attacking the pleadings are pending and fully ripe for determination in all three cases. Little time and effort would be saved by consolidating the cases at this stage. Therefore, the Court DENIES Plaintiff's Motion to Consolidate Cases because consolidation would hamper judicial economy.

ECF No. 58, p. 4.

The *Weinberg* plaintiffs have not yet served the complaint, so Twitter has not yet had an opportunity to respond in *Weinberg*. However, it appears that at least some of the *Weinberg* plaintiffs signed arbitration agreements and did not timely opt out of them, and Twitter would move to compel their claims to arbitration.[1]

Plaintiffs are once again placing the proverbial "cart before the horse." If this Court grants

---

[1] Twitter's Dispute Resolution Agreement has previously been enforced in this District, including by Judge Gilliam in this action. *See* ECF No. 35; *see also Cornet v. Twitter, Inc.*, No. 3:22-CV-06857-JD, 2023 WL 187498, at *3 (N.D. Cal. Jan. 13, 2023).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO
CONSOLIDATE CASES
CASE NO. 3:22-cv-07226-AMO

the motion to dismiss pending in the *Borodaenko* action, then *Borodaneko* will not contain any sex discrimination claims, and thus not share even a single claim with any alleged by the individual plaintiffs in Weinberg. Similarly, if any of the *Weinberg* plaintiffs asserting individual sex discrimination claims are compelled to arbitration, then any superficial similarity between the actions will be eliminated entirely. Given the unsettled nature of the pleadings and pending motions, consolidation does not serve the interests of judicial efficiency.

## IV. CONCLUSION

Consolidation is not warranted here. Any limited commonality between *Borodaenko* and *Weinberg* is superficial, immaterial, and clearly manufactured to achieve an intended result. Consolidation would unfairly prejudice Twitter and not promote judicial economy. The Court should exercise its discretion to deny Plaintiffs' motion.

Dated: September 1, 2023                MORGAN, LEWIS & BOCKIUS LLP


By  */s/ Eric Meckley*
    Eric Meckley
    Attorneys for Defendant
    X CORP. AS SUCCESSOR IN
    INTEREST TO TWITTER, INC.