MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
X CORP. AS SUCCESSOR IN INTEREST TO TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DMITRY BORODAENKO and HANA THIER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:22-cv-07226-AMO<br><br>**DECLARATION OF ERIC MECKLEY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION TO CONSOLIDATE CASES**<br><br>Date:    September 28, 2023<br>Time:    2:00 p.m.<br>Judge:   Hon. Araceli Martinez-Olguin |

MECKLEY DECL. IN SUPPORT OF
DEFENDANT'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO
CONSOLIDATE CASES
CASE NO. 3:22-cv-07226-AMO

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

## DECLARATION OF ERIC MECKLEY

I, Eric Meckley, declare as follows:

1. I am an attorney duly licensed to practice law in the state of California. I am an attorney with the law firm of Morgan, Lewis & Bockius LLP, and am counsel for counsel for Defendant X. Corp. as successor in interest to Defendant Twitter, Inc. (collectively, "Twitter") in the above-captioned matter. I submit this Declaration in support of Twitter's Opposition to Plaintiffs' Second Motion to Consolidate Cases. I have personal knowledge of the facts stated in this Declaration and could testify competently to them if asked to do so.

2. On June 6, 2023, Plaintiffs filed their first Motion to Consolidate Cases, requesting that the Court consolidate with this action two other putative class action lawsuits pending in the Northern District (*Strifling v. Twitter Inc.*, Case No. 22-cv-07739-JST and *Zeman v. Twitter, Inc.*, Case No. 3:23-cv-01786-SI). On June 20, 2023, Twitter filed an Opposition to Plaintiffs' first Motion to Consolidate Cases.

3. On August 11, 2023, and while their first Motion to Consolidate Cases was still pending, Plaintiffs filed a second Motion to Consolidate Cases in conjunction with their counsel filing a new putative class action lawsuit in the Northern District on August 8, 2023 (*Weinberg et al. v. Twitter, Inc.* action, Case No. 3:23-cv-04016-DMR).

4. On August 15, 2023, this Court issued an order denying Plaintiffs' first Motion to Consolidate Cases. ECF No. 58.

5. In light of the Court's August 15, 2023 Order denying consolidation, on August 18, 2023, I sent an email to Plaintiffs' counsel requesting that they voluntarily withdraw Plaintiffs' second Motion to Consolidate Cases. That same day, Plaintiffs' counsel responded to my email and declined to voluntarily withdraw Plaintiffs' second Motion to Consolidate Cases. Attached as **Exhibit 1** is a copy of my August 18, 2023 email to Plaintiffs' counsel and Plaintiffs' counsel's response.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Silicon Valley

1

MECKLEY DECL. IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION TO CONSOLIDATE CASES
CASE NO. 3:22-CV-07226-AMO

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 1st day of September, 2023, at San Francisco, California.

                                                                                           */s/ Eric Meckley*
                                                                                                    Eric Meckley

DB2/ 46595809.1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

MECKLEY DECL. IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION TO CONSOLIDATE CASES
CASE NO. 3:22-cv-07226-AMO

# EXHIBIT 1

**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Friday, August 18, 2023 11:28 AM
**To:** Meckley, Eric
**Cc:** Berry, Brian D.; Stephenson, Kassia; Cherry, Ashlee N.; Bradley Manewith; Thomas Fowler
**Subject:** RE: Borodeanko second motion to consolidate

[EXTERNAL EMAIL]
Hi Eric -

I believe the judge specifically noted that her order did not address the newly filed Weinberg case. We think that consolidation makes sense, based on everything we've argued, and things are going to get complicated for Twitter with these cases proceeding separately. I understand the judge was concerned about what she saw as "gamesmanship", but she really didn't address the standard for consolidation/relation of cases. Having these cases proceed separately is going to require/allow us to take discovery multiple times, including likely depositions of the same corporate witnesses multiple times (which Twitter has already tried to prevent in the arbitrations). So we are actually surprised that Twitter didn't want to agree to consolidation.

Let me ask you this – if we do drop our motion for the Weinberg case, would you consent to or decline the magistrate?

Shannon

---

**From:** Meckley, Eric <eric.meckley@morganlewis.com>
**Sent:** Friday, August 18, 2023 2:17 PM
**To:** Shannon Liss-Riordan <sliss@llrlaw.com>; Bradley Manewith <bmanewith@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>
**Cc:** Berry, Brian D. <brian.berry@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>
**Subject:** Borodeanko second motion to consolidate

Shannon, Thomas and Brad,
I am sure that you have reviewed the Court's Order in the Borodaenko matter denying your motion to consolidate the Borodaenko, Strifling and Zeman matters – copy attached. This Order was issued on August 15 (ECF No. 58). Four days prior to this Order being issued, you had filed a second, separate motion to consolidate in the Borodaenko matter on August 11 (ECF No. 57).

We are writing to request that you voluntarily withdraw the most recent motion to consolidate in Borodaenko (ECF No. 57). Obviously, when you filed this motion we did not have the Court's Order denying consolidation. Now that we have the Order, however, there is no legitimate good faith basis for Plaintiffs to maintain the pending motion to consolidate given that the Court already has determined that the Borodaenko, Strifling and Zeman matters should not be consolidated.

The only additional element is the filing of the Weinberg case. However, Weinberg does not change the consolidation analysis in any way because the only putative class claim alleged is under the FMLA, which is a claim that none of the other cases allege, so there is no overlapping claim. And, the remaining solely individual discrimination claims alleged in

1

Weinberg do not support consolidation, given that the Court already determined that the putative class discrimination claims pled in Borodaenko, Strifling and Zeman do not support consolidation.

Finally, given the Court's comments on page 5, lines 8-11, and footnote 2 in the Order, I expect the Court would be very troubled about Plaintiffs maintaining the pending motion now that the Court has ruled consolidation is not appropriate.

Please let us know whether Plaintiffs will agree to voluntarily withdraw ECF No. 57.  If you can let us know by end of day today we would appreciate it.  To the extent you would like additional time to consider your position, would you agree to extend the deadline for Defendants' response by two weeks, from August 25 to September 8?

Thank you

**Eric Meckley**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1013 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
eric.meckley@morganlewis.com | www.morganlewis.com
Assistant: Adele Doyle | +1.415.442.1528 | adele.doyle@morganlewis.com

