LICHTEN & LISS-RIORDAN, P.C.
Shannon Liss-Riordan, Bar No. 310719
sliss@llrlaw.com
Thomas Fowler (*pro hac vice* forthcoming)
tfowler@llrlaw.com
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel:  +1.617.994.5800
Fax: +1.617.994.5801

Attorneys for Plaintiffs
DMITRY BORODAENKO and HANA THIER, on
behalf of themselves and all others similarly situated


MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar No. 310612
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
TWITTER, INC. and X CORP.


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRY BORODAENKO and HANA THIER, on behalf of themselves and all others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., and X CORP.,<br><br>Defendant. | Case No. 4:22-cv-07226-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         April 3, 2024<br>Time:        10:00 a.m.<br>Judge:       Hon. Araceli Martinez-Olguin<br>Location:   Courtroom 10, 19th Floor |

DB2/ 47771027.1

Pursuant to the Court's Order of February 1, 2024 (Dkt. 74); District Judge Araceli Martinez-Olguin's Standing Order for Civil Cases; the Standing Order for All Judges of the Northern District of California; Federal Rule of Civil Procedure 26(f); and the Northern District Civil Local Rules 16-9, Plaintiffs DMITRY BORODAENKO and HANA THIER ("Plaintiffs") and Defendants TWITTER, INC. and X CORP. ("Defendants" or collectively "Twitter") (collectively, Plaintiffs and Defendants are the "Parties") submit the following Joint Case Management Statement.

## 1.   JURISDICTION AND SERVICE

This Court has jurisdiction under 29 U.S.C. § 1331 over the claims arising under the Americans With Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). Furthermore, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining and related claims under the Fair Employment and Housing Act ("FEHA") and California Family Rights Act ("CFRA").

All parties in the matter have been served.

## 2.   FACTS

*Plaintiffs' statement:*

Plaintiffs contend that Twitter has engaged in unlawful discrimination on the basis of disability in violation of the ADA, 42 U.S.C. §§ 12101, *et seq.*, and (for employees who worked in California) the FEHA, Cal. Gov. Code § 12940, *et seq*. Plaintiffs also contend that Twitter has engaged in unlawful discrimination on the basis of sex in violation of Title VII, 42 U.S.C. § 2000e.

As Plaintiffs have alleged, Elon Musk purchased Twitter in late October 2022, and immediately began laying off well more than half of its workforce. Many of the employees who have lost their jobs since Musk's purchase of the company are disabled. Prior to Musk's purchase of the company, Twitter employees were permitted to work remotely. However, shortly after Musk completed the purchase of Twitter, he declared that working remotely would no longer be allowed and that all remaining employees would need to work out of a company office – with only rare exceptions for "exceptional" employees, that Musk himself would have to approve.

1  to "work[] long hours at high intensity." Any employees who did not agree to this mandate would

2  be laid off.

3       Many disabled employees were able to perform their jobs adequately with the reasonable

4  accommodation of working remotely, rather than from a physical Twitter office. Plaintiffs allege

5  that Musk's declaration, however, that all employees would need to work out of physical offices

6  (other than exceptions made for "exceptional" cases) made it not possible or viable for many

7  disabled employees to continue their jobs. Similarly, Plaintiffs allege that many disabled

8  employees who have, and could continue to, perform their jobs effectively felt that, because of

9  their disability, they would not be able to meet Musk's new unreasonable demands related to

10  performance and productivity, and they were thus were forced out of their jobs.

11       Additionally, the mass termination of employees at Twitter has also impacted female

12  employees to a greater extent than male employees – and to a highly statistically significant

13  degree. Elon Musk has made a number of publicly discriminatory remarks about females, so it is

14  not surprising that the managers working under his direction laid off a higher proportion of

15  female employees than male employees. Musk also quickly implemented new unreasonable work

16  demands and policies at Twitter, which were intended to and did have a disparate impact on

17  women, forcing a greater proportion of women than men to leave the company.

18       These unreasonable demands let to a higher proportion of women, as well as disabled

19  employees, not clicking "yes" in response to an ultimatum Musk sent employees on November

20  17, 2022 (which required employees to agree to "work long hours at high intensity" and

21  otherwise agree to Musk's unreasonable demands for employees to work at "Twitter 2.0") and

22  thus being laid off the following day.

23       ***Defendant's Statement:***

24       Plaintiffs allege disparate impact and disparate treatment claims on behalf of a sprawling

25  nationwide class of all former Twitter employees who allegedly have unspecified disabilities, as

26  well as all former female Twitter employees, based on the theory that Twitter laid off a

27  disproportionate number of "disabled" employees (as compared to non-disabled employees) and

28  women (as compared to men) when conducting alleged unspecified reductions in force ("RIFs").

1    Plaintiffs also allege that Twitter implemented post-RIF employment policies that

2    disproportionately impacted disabled employees and female employees.   Despite admitting that

3    Plaintiffs themselves were not laid off by Twitter, they nonetheless seek to represent, on a class

4    basis, an unascertainable and indeterminate number of Twitter employees who, Plaintiffs contend,

5    were "constructively" terminated because they "felt" forced to resign, *or* were "disabled", *or* were

6    (unlike either Plaintiff) laid off by Twitter *or* were subject to Twitter's return-to-office directive.

7        Plaintiffs' theories here are pure speculation and have already been rejected by this Court

8    in its order dismissing Plaintiffs' First Amended Complaint ("FAC").  *See* ECF No. 35.  Indeed, as

9    explained in Twitter's currently pending motion to dismiss and/or strike Plaintiffs' Second

10   Amended Complaint ("SAC"), Plaintiffs' disparate treatment claims fail because Plaintiffs' SAC

11   fails to allege facts showing that Twitter acted with the requisite discriminatory intent.  Plaintiffs'

12   disparate treatment claims also fail because Plaintiffs fail to allege facts demonstrating that Twitter

13   engaged in a "pattern or practice" of discrimination, and neither Plaintiff Borodaenko nor Thier

14   have standing to challenge the November 4, 2022 Reduction in Force ("RIF") (as neither was

15   terminated as part of any RIF).  Plaintiffs' disparate impact claims also fail because Plaintiffs have

16   failed to plausibly allege any disparity.  Instead, Plaintiffs make the purely conclusory allegation

17   that a disparity exists based on their singular alleged experiences.

18       At bottom, the SAC pleads only conclusory facts that do not warrant a substantive response

19   under Rules 8 and 12.  The Court should also strike their putative class claims because the SAC

20   pleads no plausible right to pursue relief on a class-wide basis.  In addition, the Court should strike

21   Plaintiff Thier and her putative sex discrimination class action claims from the SAC, because the

22   amendment exceeded the scope of the Court's order dismissing the FAC and allowing Plaintiff

23   Borodaenko leave to amend to cure the defects identified with his disability discrimination claims

24   and, thus, violated Rule 15(a).

25       Twitter is an equal opportunity employer that does not discriminate on the basis of

26   disability, sex or any other category protected by law.  Twitter denies that it discriminated against

27   Plaintiffs on the basis of disability or sex.  Twitter denies that any alleged post-RIF policies had a

28   disparate impact on disabled and/or female employees, including Plaintiffs.

### 3. LEGAL ISSUES

*Plaintiffs' Statement:*

The primary legal issues presented by Plaintiffs' lawsuit are: (1) whether Twitter violated the ADA, Title VII, and for employees in California, the FEHA, by implementing mass layoff in a manner that disproportionately impacted disabled employees and female employees; and (2) whether Plaintiffs' claims may be certified as a class action under FRCP 23.

*Defendant's Statement:*

1. Whether Plaintiffs have pleaded a plausible claim for relief on any substantive claim and/or a plausible class claim under Rule 12;

2. Whether Plaintiffs' putative claims are suitable for resolution on a class basis under Rule 23;

3. Whether Defendant's yet-to-be-pleaded affirmative defenses would defeat or limit any purported liability;

4. Whether Plaintiffs and the putative class members are entitled to front- or back-pay, benefits, other economic or compensatory damages, or other equitable or monetary relief;

5. Whether Plaintiffs' can prove disparate impact discrimination based on gender;

6. Whether Plaintiffs' can prove disparate impact discrimination based on disability;

7. Whether Plaintiffs' can prove disparate treatment discrimination based on gender;

8. Whether Plaintiffs' can prove disparate treatment discrimination based on disability;

9. Whether Plaintiffs' allegations related to purported violations of the Declaratory Judgment Act have merit;

10. Whether Plaintiffs and the putative class members are entitled to fees, costs, or other forms of relief.

### 4. MOTIONS

1) Defendant filed a Motion to Compel Plaintiff Abhijit Mehta to Arbitration on December 21, 2022 (Dkt. 14). The Court granted this motion on May 5, 2023 (Dkt. 35).

JOINT CASE MANAGEMENT
STATEMENT

2)     Defendant filed a Motion to Dismiss and/or Strike Portions of Plaintiffs' First Amended Complaint on December 21, 2022 (Dkt. 15). The Court granted the motion to dismiss and did not reach Defendant's argument as to striking the class action allegations (Dkt. 35).

3)     Plaintiff Borodaenko filed a Motion to Relate Case on May 16, 2023 (Dkt. 38). The Court denied this motion on May 23, 2023 (Dkt. 41).

4)     Plaintiffs filed a Motion to Consolidate Cases on June 6, 2023 (Dkt. 46). The Court denied this motion on August 15, 2023 (Dkt. 58).

5)     Defendant filed a Motion to Dismiss and/or Strike Plaintiffs' Second Amended Complaint ("SAC") on June 16, 2023 (Dkt. 47). The motion remains pending.

6)     Plaintiffs filed a Motion to Relate Cases and Consolidate Cases on August 11, 2023 (Dkt. 57). On September 18, 2023, the Court granted the parties' stipulation for a stay (Dkt. 70) in order to facilitate mediation. This stipulation terminated Plaintiffs' motion. Plaintiffs elected not to resubmit the motion after the stay was lifted (Dkt. 71).

### 5.    AMENDMENT OF PLEADINGS

***Plaintiffs' Statement:***

Plaintiffs filed a second amended complaint on May 26, 2023. Plaintiffs reserve the right to seek leave to further amend their complaint should the circumstances warrant it.

***Defendant's Statement:***

Defendant has not yet filed a responsive pleading and believes it is premature to set any deadlines for the amendment of pleadings in light of its pending Rule 12 motion.  If the Court is inclined to set a schedule, Defendant believes the deadline to amend pleadings should be June 30, 2024.

### 6.    EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have complied with their evidence preservation obligations.

### 7.    DISCLOSURES

The Parties have yet to exchange their initial disclosures.  Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties have agreed to exchange initial disclosures within fourteen (14) days of Defendant's answer to Plaintiffs' SAC.

8. **D**ISCOVERY

    a. **Discovery Taken to Date and Scope of Anticipated Discovery**

The parties have not yet conducted discovery.

The parties intend to conduct written discovery and depositions. The parties intend to meet and confer regarding a protective order and ESI protocol to facilitate discovery. They will submit the protective order to the Court when it is finalized.

*Plaintiff's Statement:*

Plaintiffs propose that discovery shall begin following the upcoming Case Management Conference. Plaintiffs propose that the discovery period shall continue until 60 days after the close of the class action opt-out period, should the Court certify this case as a class action under Fed. R. Civ, P. 23.  If the Court declines to certify this case as a Rule 23 class action, the discovery period shall close 60 days after the Court's denial of Plaintiffs' request for class certification.

Plaintiffs may oppose any request by Defendant to serve discovery requests on or depose absent class members.  Plaintiffs also oppose Defendants' proposal to bifurcate discovery into two phases.  The parties may cooperatively agree to defer certain discovery until after class certification has been decided, but putting arbitrary limits on different phases of discovery frequently leads to disputes.

*Defendant's Statement:*

Defendant proposes that discovery should not begin until the Court has resolved Defendant's pending motion and, if applicable, Defendant has responded to any then-operative complaint.  Prior to that time, this case is not yet at issue.

If this case proceeds to discovery, the Parties should conduct discovery in two phases with the first phase focusing on discovery needed for a class certification motion and a second phase if any, focusing on additional merits issues.

Defendant anticipates taking discovery on all issues raised by Plaintiffs in their then-operative complaint.  Defendant anticipates serving written discovery and deposing Plaintiffs, any individual who files a declaration in support of or on behalf of Plaintiffs' and their claims, and a

portion of the putative class members.  Defendant does not believe the Court should modify any limits on discovery in the Federal Rules of Civil Procedure at this time.  If the case proceeds to discovery, Defendant anticipates the Parties will stipulate to the Northern District of California's standard protective order governing discovery.

Defendant proposes that the Court set deadlines related to discovery after it rules on any motion to certify a class.

**b.    Stipulated E-Discovery Order**

The parties have not entered into a stipulated e-discovery order.  The parties agree to enter a protective order consistent with the Northern District of California's Model Protective Order, and which also incorporates the parties' agreement that information and evidence produced in any lawsuit or arbitration hearing between individuals represented by Plaintiffs' counsel and Defendant may be used in any other matter between Defendant and an individual represented by Plaintiffs' counsel.

The parties do not believe it is necessary to modify any limitations imposed by the Federal Rules of Civil Procedure or the Local Rules at this time.

**c.    Discovery Disputes**

The parties will work in good faith to resolve any discovery disputes amicably but will bring those disputes to the Court's attention if they cannot be resolved.

**9.    CLASS ACTIONS**

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements for the Northern District of California.

***Plaintiffs' Statement:***

Plaintiffs intend to move for class certification, following some initial discovery. Plaintiffs may move for class certification within 90 days of the beginning of discovery.

As required by Civil L.R. 16-9(a), Plaintiffs state that a class is maintainable under Fed. R. Civ. P. 23(a) and 23(b)(3). They will seek to certify classes consisting of disabled Twitter employees and female Twitter employees who have lost their jobs since Elon Musk purchased the company (through layoffs, terminations, or constructive discharges).

The pertinent facts are set forth in the current complaint. Plaintiffs expect to develop and support these facts through discovery. Briefly, Plaintiffs state that they expect to satisfy Rule 23(a), based on numerosity (there are many disabled employees and/or female employees who have lost their jobs with Twitter since Elon Musk acquired the company); commonality (the claims of these employees will raise numerous common questions of fact and law); typicality (the named Plaintiffs will have claims typical of the class); and adequacy (the named Plaintiffs and their counsel will fairly and adequately represent the class).

Plaintiffs expect to satisfy the requirements under Rule 23(b) based on similar facts, since it will clearly be superior to maintain a class action, for efficiency purposes, rather than require each of these class members to bring their own individual action, and the common questions of law and fact will predominate over any individual questions.

**Defendant's Statement:**

The SAC should be dismissed without leave to amend.  Even if Plaintiffs' SAC did state individual claims for relief (which it does not), the Court should strike the SAC's putative class claims for the reasons set forth in Defendant's Motion to Dismiss.

If the Court is inclined to set a case schedule now, then Defendant believes the Court should set a deadline for Plaintiffs to file any motion for class certification by August 2025, given the scope of the class and the discovery burden it contemplates.

### 10.   RELATED CASES

The Court has denied Plaintiffs' Motions to relate and consolidate this matter with <u>Strifling, et al. v. Twitter, Inc., et al.</u>, Case No. 4:22-cv-07739-JST (N.D. Cal.), and <u>Zeman v. Twitter, Inc., et al.</u>, Case No. 3:23-cv-01786-SI (N.D. Cal.). <u>See</u> Orders, Dkts. 41 and 58.

**Defendants' Statement:**

Defendant is not aware of any pending case related to this action.

### 11.   RELIEF SOUGHT

**Plaintiffs' Statement:**

As set forth in the Second Amended Complaint (Dkt. No. 42), Plaintiffs seek damages for Twitter's violations of the ADA, Title VII, and (for the employees who worked out of California)

1  the FEHA, including back pay, front pay, lost benefits, bonuses and equity, emotional distress and

2  punitive damages, reinstatement for those employees who wish to return to their jobs, interest, and

3  any other recoverable damages; attorneys' fees and costs; and any and all other relief to which

4  Plaintiffs and the putative class may be entitled.

5       *Defendant's Statement:*

6  Defendant denies that Plaintiffs and any putative class member is entitled to relief.

7  **12.    SETTLEMENT AND ADR**

8       The parties have complied with ADR L.R. 3.5.  The parties engaged in mediation with a

9  private mediator on December 1, 2023, which was not successful.

10  **13.    OTHER REFERENCES**

11       The parties do not believe that this case is suitable for reference to binding arbitration, a

12  special master, or the Judicial Panel on Multidistrict Litigation.

13  **14.    NARROWING OF ISSUES**

14       *Plaintiffs' Statement:*

15  Plaintiffs do not believe any issues can be narrowed by agreement at this time.

16       *Defendant's Statement:*

17       Defendant believes the issues in this case will be narrowed through its pending Motion to

18  Dismiss, any future amended complaint, and any subsequent motions to dismiss.

19  **15.    EXPEDITED TRIAL PROCEDURE**

20       The parties do not believe this is the type of case that can be handled under the Expedited

21  Trial Procedure of General Order 64, Attachments B and D.

22  **16.    SCHEDULING**

23       *Plaintiffs' Statement:*

24       As described above, Plaintiffs propose that discovery begin immediately following the

25  upcoming Case Management Conference and continue until 60 days after either the close of the

26  opt-out period (should the Court certify this case as a class action) or the Court's denial of class

27  certification. Plaintiffs would plan to move for class certification within 120 days of the opening

28  of discovery.

10

JOINT CASE MANAGEMENT
STATEMENT

***Defendant's Statement:***

Defendant requests that the Court *continue* the case management conference until after the Court has ruled on Defendant's pending Motion.  Defendant also requests that the Court defer setting deadlines until all pleading motions, including Defendant's pending Rule 12 motion, are resolved.

**17.  TRIAL**

***Plaintiffs' Statement:***

Plaintiffs request that a trial be set in this matter for early 2025.

***Defendant's Statement:***

Defendant believes it is premature to set a trial date given the unresolved nature of the pleadings. Defendant also believes the Court should address a trial schedule only after it rules on any motion to certify a class, if this case proceeds beyond the pleading stage, and Plaintiffs file a motion to certify a class.

**18.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

***Plaintiffs' Statement:***

Plaintiffs will file their Certification of Interested Entities or Persons shortly. Other than the named parties, there is no such interest to report.

***Defendant's Statement:***

Defendant will file its Certification of Interested Entities or Persons prior to the conference. Defendant is not currently aware of any such entities or persons.

**PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.  SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

***Plaintiffs' Statement:***

At this time, Plaintiffs have not identified any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

1

***Defendant's Statement:***

2

   In the interests of preserving judicial economy, efficiency, and the Parties' collective time

3

and resources, Defendant requests that the Case Management Conference scheduled for April 3,

4

2024 be continued to a date after the June 20, 2024 hearing on Defendant's pending Motion to

5

Dismiss the SAC.

6

7

Dated: March 27, 2024                              LICHTEN & LISS-RIORDAN, P.C.

8

9

                                        By   */s/ Shannon Liss-Riordan*
                                            Shannon Liss-Riordan

10

                                            Thomas Fowler
                                            Attorneys for Plaintiffs

11

                                            DMITRY BORODAENKO and
                                            HANA THIER, on behalf of

12

                                            THEMSELVES AND ALL OTHERS
                                            SIMILARLY SITUATED

13

Dated: March 27, 2024                              MORGAN, LEWIS & BOCKIUS LLP

14

15

16

                                        By   */s/ Eric Meckley*
                                            Eric Meckley

17

                                            Brian D. Berry
                                            Attorneys for Defendant

18

                                            TWITTER, INC.

19

20

21

22

23

24

25

26

27

28

1

**FILER'S ATTESTATION**

2

Pursuant to Local Rule 5-1(h)(3) regarding signatures, I attest that all other signatories

3

listed, and on whose behalf this filing is submitted, concur in the document's content, and have

4

authorized the filing.

5

Dated: March 27, 2024                    LICHTEN & LISS-RIORDAN, P.C.

6

7

By    */s/ Shannon Liss-Riordan*

8

Shannon Liss-Riordan

9

*Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DB2/ 47771027.1

JOINT CASE MANAGEMENT
STATEMENT