MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DMITRY BORODAENKO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>　　　　　　Defendants. | Case No. 3:22-cv-07226-AMO<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT
CASE NO. 3:22-CV-07226-AMO

Defendant X Corp., on its own behalf and as successor in interest to Defendant Twitter, Inc. (hereinafter "Defendant" or "Twitter"), hereby answers the allegations in the numbered Paragraphs in Plaintiff Dmitry Borodaenko's ("Plaintiff") unverified Fourth Amended Complaint and Jury Demand ("Complaint") as follows:

**INTRODUCTION**

1.  Defendant admits that Plaintiff has filed the Complaint in the above-referenced action against Defendant.

2.  Defendant admits the Complaint purports to allege claims of discrimination under the American With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* and the California Fair Employment and Housing Act ("FEHA"), Gov. Code § 12940. Defendant denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.  Defendant admits the Complaint purports to allege claims of violation of the federal Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 *et seq.*, and the California WARN Act, Cal. Lab. Code § 1400 *et seq.* Defendant denies all remaining allegations contained in Paragraph 3 of the Complaint.

**PARTIES**

4.  Defendant lacks sufficient information to admit or deny whether Plaintiff is an adult resident of Scotts Valley, California and on that basis denies this allegation. Defendant admits that, according to its Human Resources Information System ("HRIS"), Plaintiff was employed by Twitter as a Manager, Site Reliability Engineer from approximately June 7, 2021 until approximately November 15, 2022. Defendant contends that the remaining allegations contained in Paragraph 4 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, Defendant denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.  Twitter, Inc. no longer exists, and as a result Defendant denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.  Defendant admits that it is a Nevada corporation. Defendant denies all remaining allegations contained in Paragraph 6 of the Complaint.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S ANSWER TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT
CASE NO. 3:22-cv-07226-AMO

7. Defendant admits that in or around March 2023, Twitter, Inc. merged with X. Corp. Defendant contends that the remaining allegations contained in Paragraph 7 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all remaining allegations contained in Paragraph 7 of the Complaint.

**JURISDICTION**

8. Defendant admits that this Court has subject matter jurisdiction over this proceeding.

9. Defendant admits that this Court has supplemental jurisdiction over Plaintiff's state law claims. Defendant contends the remaining allegations in Paragraph 9 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that this Court has personal jurisdiction over Defendant.

**STATEMENT OF FACTS**

11. Defendant admits that it is a social media company. Defendant admits that at certain time periods it has employed thousands of employees in the United States. Defendant denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that in April 2022, Twitter, Inc. announced that it had entered into an agreement to be acquired. Defendant denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that the article cited in Paragraph 21 purports to attribute various alleged comments to Elon Musk. Defendant denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits that the articles cited in Paragraph 23 purport to attribute various alleged comments to Elon Musk. Defendant denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits that, according to its HRIS, Plaintiff was employed by Twitter as a Manager, Site Reliability Engineer from approximately June 7, 2021 until approximately November 15, 2022. Defendant lacks sufficient information to admit or deny whether Plaintiff worked remotely throughout his employment with Twitter and on that basis denies this allegation. Defendant denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendant lacks sufficient information to admit or deny whether Plaintiff is vulnerable to COVID-19 and on that basis denies this allegation. Defendant contends that the remaining allegations contained in Paragraph 26 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, Defendant denies all remaining allegations in Paragraph 26 of the Complaint.

27. Defendant lacks sufficient information to admit or deny whether Plaintiff informed his manager of his purported disability and his purported inability to work out of a company office and on that basis denies these allegations. Defendant contends that the remaining allegations contained in Paragraph 27 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, Defendant denies all remaining allegations in Paragraph 27 of the Complaint.

28. Defendant contends that the allegations contained in Paragraph 28 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore

necessary. To the extent that a response is required, Defendant denies all remaining allegations in Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff was terminated on November 15, 2022. Defendant contends that the remaining allegations contained in Paragraph 29 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, Defendant denies all remaining allegations in Paragraph 29 of the Complaint.

30. Defendant admits that Plaintiff received an email from Twitter Human Resources on November 15, 2022 regarding his termination that notified him, among other things, that his "recent behavior has violated company policy." Defendant denies all remaining allegations in Paragraph 30 of the Complaint.

31. Defendant contends that the allegations contained in Paragraph 31 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, Defendant denies all remaining allegations in Paragraph 31 of the Complaint.

32. Defendant admits that it conducted reductions in force. Defendant denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant contends that the allegations contained in Paragraph 34 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, Defendant denies all remaining allegations in Paragraph 34 of the Complaint.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

35. Defendant lacks sufficient information to admit or deny whether Plaintiff, prior to filing the initial Complaint in this action, filed a charge of discrimination and received a timely and adequate Right to Sue letter and on that basis denies these allegations. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

/ / /

## COUNT I

**Americans With Disabilities Act,**
**42 U.S.C. §§ 12101,** *et seq.*

Defendant contends that the allegations contained in Count I of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all allegations contained in Count I of the Complaint.

## COUNT II

**California Fair Employment and Housing Act,**
**Gov. Code § 12940**

Defendant contends that the allegations contained in Count II of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all allegations contained in Count II of the Complaint.

## COUNT III

**Federal WARN Act**

Defendant contends that the allegations contained in Count III of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all allegations contained in Count III of the Complaint.

## COUNT IV

**California WARN Act**

Defendant contends that the allegations contained in Count IV of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all allegations contained in Count IV of the Complaint.

## JURY DEMAND

Defendant contends that Plaintiff's demand for a jury trial constitutes a conclusion of law and/or legal argument and that no admission or denial is therefore necessary with regard to any conclusions of law and/or legal arguments.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT'S ANSWER TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT
CASE NO. 3:22-cv-07226-AMO

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever, and further denies each and every one of the allegations and statements contained in the Prayer For Relief section of the Complaint on pages 9-10.

Defendant denies all allegations in the Complaint not specifically admitted in this Answer.

## DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery, and has not completed their preparation for trial. The defenses asserted herein are based on Defendant's present knowledge, information, and belief, and Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. In addition, Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, defenses. Defendant therefore expressly reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation. Without conceding that Defendant bears the burden of proof or persuasion as to any one of these defenses, Defendant asserts the following separate and independent defenses to the claims in the Complaint:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1. The Complaint and each alleged claim therein fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

2. Plaintiff's claims are barred in whole or in part by all applicable statutes of limitations, including, but not limited to California Code of Civil Procedure §§ 335.1 and 338, and California Government Code §§ 12960, *et seq.* and 12965 and 42 U.S.C. 12101, *et seq.*

///

///

///

## THIRD AFFIRMATIVE DEFENSE

### (Substantial Compliance)

3. Plaintiff's claims are barred, in whole or in part, because Defendant complied in full with its obligations, if any, and to the extent it is determined that there was non-compliance, Defendant substantially complied with its obligations.

## FOURTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel / Res Judicata)

4. Plaintiff's claims may be barred, in whole or in part, by the doctrine of collateral estoppel and/or *res judicata*.

## FIFTH AFFIRMATIVE DEFENSE

### (One Satisfaction)

5. Plaintiff cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts/conduct/omissions.

## SIXTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

6. Defendant is not responsible for Plaintiff's alleged harm and damages, if any, because Defendant's conduct was permissible and privileged.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Statutory / Administrative Requirements)

7. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to satisfy the statutory prerequisites to suit, and/or failed to timely and/or properly exhaust administrative and/or contractual remedies including with the appropriate administrative agencies of the State of California and of the United States, as required by the California Fair Employment and Housing Act and/or Title VII of the Civil Rights Act and/or the Americans with Disabilities Act.

///

///

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT'S ANSWER TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT
CASE NO. 3:22-cv-07226-AMO

## EIGHTH AFFIRMATIVE DEFENSE

### (No Damages or Injury)

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

9. Defendant denies that it acted unlawfully or improperly toward Plaintiff. However, with regard to any potential award to Plaintiff for alleged unpaid wages, expenses, or penalties based thereon, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all payments to Plaintiff, and/or all obligations of Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12. Plaintiff's equitable claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Release and/or Waiver)

13. Plaintiff's claims are barred, in whole or in part, to the extent that such claims have been waived, released, discharged, and/or abandoned.

///

///

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages/Avoidable Consequences)**

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not appropriately or adequately mitigated his alleged damages, if any. The damages and the sought-after penalties of Plaintiff, if any, must be reduced because Plaintiff failed to take advantage of any preventative or corrective safeguards or otherwise to avoid harm.

**FIFTEENTH DEFENSE**

**(Legitimate, Non-Discriminatory Reasons)**

15. Any and all employment actions taken with respect to Plaintiff were not based on any protected characteristic/trait(s), including but not limited to disability, involvement in any protected activity, or any other improper or illegal consideration, but rather were based solely on one or more legitimate, non-discriminatory and non-retaliatory reasons.

**SIXTEENTH DEFENSE**

**(After-Acquired Evidence)**

16. To the extent that Defendant acquires any evidence of wrongdoing by Plaintiff during the course of this litigation, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar and/or limit the amount of damages Plaintiff can recover on these claims, assuming arguendo, Plaintiff is able to establish liability.

**SEVENTEENTH DEFENSE**

**(Mixed-Motives / Same Decision)**

17. To the extent that discrimination and/or retaliation were a motivating factor in the employment decisions affecting Plaintiff's employment, which Defendant denies, Defendant alleges that legitimate reasons, standing alone, would have induced Defendant to make the same employment decisions.

///

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT'S ANSWER TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT
CASE NO. 3:22-cv-07226-AMO

## EIGHTEENTH DEFENSE

### (At-Will Employee)

18. Defendant alleges that Plaintiff was an at-will employee of Defendant pursuant to Section 2922 of the California Labor Code.

## NINETEENTH DEFENSE

### (Interactive Process Not Initiated By Claimant)

19. Plaintiff failed to notify Defendant of any disabilities and/or failed to initiate a good faith interactive process to identify reasonable accommodations that would not cause an undue hardship on the operation of Defendant's business.

## TWENTIETH DEFENSE

### (Good Faith Engagement In Interactive Process)

20. Defendant engaged in *bona fide* good faith interactive processes to identify and make reasonable accommodations of Plaintiff's alleged disabilities that would not cause an undue hardship on the operation of Defendant's business.

## TWENTY-FIRST DEFENSE

### (Accommodations Provided / Undue Hardship)

21. To the extent Plaintiff sought and/or was otherwise eligible for accommodations, Defendant provided Plaintiff with accommodations, and/or any additional accommodations would pose an undue hardship on Defendant.

## TWENTY-SECOND DEFENSE

### (Unreasonable Accommodation)

22. To the extent Plaintiff sought and/or was otherwise eligible for accommodations additional to that provided, said accommodations were unreasonable.

## TWENTY-THIRD DEFENSE

### (Job-Related and Business Necessity – ADA Claim)

23. Defendant's application of standards, criteria, or policies (1) were uniformly applied; (2) were job-related; (3) were consistent with business necessity; and (4) could not be met

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

10

DEFENDANT'S ANSWER TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT
CASE NO. 3:22-cv-07226-AMO

by a person with Plaintiff's purported disability/disabilities, even with a reasonable accommodation.

### TWENTY-FOURTH DEFENSE

**(Job-Related and Business Necessity – Disparate Impact Discrimination Claim)**

24.  To the extent Plaintiff can state any *prima facie* case of discrimination based on a disparate impact theory, which Defendant expressly denies, any alleged facially neutral policies and/or practices of Defendant that allegedly caused any disparate impact were job-related and consistent with business necessity.

### TWENTY-FIFTH DEFENSE

**(No Malice / Good Faith)**

25.  At all times and places mentioned in the Complaint, Defendant acted without malice and with a good faith belief in the propriety of its conduct.

### TWENTY-SIXTH DEFENSE

**(Unforeseeable Business Circumstances)**

26.  Defendant's conduct did not violate the WARN Act or the California WARN Act because any layoff was caused by business circumstances that were not reasonably foreseeable as of the time that any notice would have been required.

### TWENTY-SEVENTH DEFENSE

**(Good Faith Defense to Violation of WARN Acts)**

27.  Defendant's conduct did not violate the WARN Act or the California WARN Act because Defendant had an honest intention to ascertain and follow the requirements of the WARN Act and California WARN Act, and Defendant has reasonable grounds for believing that its conduct fully complied with the statutes, and Defendant acted in good faith at all times.

### RESERVATION OF RIGHTS

Defendant expressly reserves the right to assert such additional defenses that may prove applicable during the course of this litigation.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint and that the Complaint be dismissed in its entirety with prejudice;

2. That judgment be entered in favor of Defendant and against Plaintiff on all claims alleged in the Complaint;

3. That Defendant be awarded its reasonable costs of suit incurred herein;

4. That Defendant be awarded its reasonable attorneys' fees incurred in defending this action to the extent permitted under applicable law; and

5. That the Court award Defendant such other and further relief as the Court deems just and proper.

Dated: May 12, 2025                          MORGAN, LEWIS & BOCKIUS LLP


                                             By  /s/ Eric Meckley
                                                 Eric Meckley
                                                 Brian D. Berry
                                                 Ashlee N. Cherry
                                                 Attorneys for Defendant
                                                 X CORP. f/k/a TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANT'S ANSWER TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT
CASE NO. 3:22-cv-07226-AMO