MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
X CORP. AS SUCCESSOR IN INTEREST TO
TWITTER, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DMITRY BORODAENKO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TWITTER, INC. and X CORP.,<br><br>　　　　　Defendants | Case No. 3:22-cv-7226-AMO<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　November 6, 2025<br>Time:　　2:00 p.m.<br>Judge:　　Hon. Araceli Martinez-Olguin |

## REQUEST FOR JUDICIAL NOTICE

In accordance with Federal Rule of Evidence 201, Defendant X Corp., on its own behalf and as successor in interest to Twitter, Inc. ("Defendant" or the "Company"), respectfully requests that this Court take judicial notice of **Exhibit 1** attached to this Request for Judicial Notice, which is submitted in connection with Defendant's Motion for Summary Judgment.

Rule 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

This Court can take judicial notice of **Exhibit 1**, because public and government records taken from official websites whose accuracy cannot reasonably be questioned are subject to judicial notice. *Brulee v. Geico Insurance Agency Inc*. No. 19 (E.D. Cal July 19, 2018) (citing *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Denius v. Dunlap,* 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on the website of a government agency); *United States ex rel. Dingle v. BioPort Corp.,* 270 F.Supp.2d 968, 972 (W.D. Mich. 2003) ("government documents are generally considered not to be subject to reasonable dispute…This includes public records and government documents available from reliable sources on the Internet.").

1. **Exhibit 1** is a true and correct copy of the Agreement & Plan of Merger ("Merger Agreement") between Twitter, Inc. and X Holdings I, Inc. and X Holdings II, Inc. This document was obtained on today's date from the online EDGAR database maintained by the United States Securities & Exchange Commission, which may be found, in its entirety, at the following website:

1 | https://www.sec.gov/Archives/edgar/data/1418091/000119312522120474/d310843ddefa14a.htm

2 | Dated: August 13, 2025          MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Eric Meckley*
Eric Meckley
Brian D. Berry
Ashlee Cherry
Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.